**No. 21-16092**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

JAMES DAVID WILLIAMS

*Plaintiff-Appellant*,

v.

CRAIG KOENIG, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California
No. 20-cv-04348-YGR
Hon. Yvonne Gonzalez Rogers

---

## APPELLANT'S EXCERPTS OF RECORD

---

Samuel Weiss
Rights Behind Bars
416 Florida Avenue, Unit 26152
Washington, DC 20001
202-455-4399
sam@rightsbehindbars.org

*Attorney for Plaintiff-Appellant James
David Williams*

## **TABLE OF CONTENTS**

| D. Ct. Dkt.  No. | Date Filed | Document | Page No. |
|---|---|---|---|
| 14 | 01/15/21 | Order of Dismissal without Prejudice | ER3 |
| 15 | 06/17/21 | Judgment | ER11 |
| 1 | 06/30/20 | Complaint | ER12 |
| 1 | 06/30/21 | Exhibits to Complaint | ER26 |
| 18 | 06/23/21 | Notice of Appeal | ER108 |
| | | Docket Sheet | ER112 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DAVID WILLIAMS,

               Plaintiff,

     v.

CRAIG KOENIG, et al.,

               Defendants.

Case No. 20-cv-04348-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility("CTF"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights by prison officials and medical staff at CTF. Dkt. 1. The Court has granted his motion for leave to proceed *in forma pauperis* in a separate written Order.

In his complaint, Plaintiff names the following Defendants at CTF: Warden Craig Koenig; Chief Medical Executive Steve Posson; Primary Care Provider Dr. Racheal Anderson and Dr. Nguyen; Associate Deputy Warden K. Hoffman; Associate Warden T. Lemon[1]; Dr. M. Sweet; "HCCA"[2] R. Catrina; "HCAU"[3] C. Freeman, Lt. J. Borroso; Chief of Health Care Appeals S. Gates; and Appeal Examiner K. J. Allen. Dkt. 1 at 2.[4] Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] This defendant's last name was incorrectly listed as "Lennon" in the Court's docket, instead of "Lemon." *See* Dkt. 1 at 2.

[2] Plaintiff does not indicate what "HCCA" stands for. *See* Dkt. 1 at 2.

[3] Plaintiff does not indicate what "HCAU" stands for. *See* Dkt. 1 at 2.

[4] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## II.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446.

### B. Legal Claims

Plaintiff claims that he "suffers significant and recurrent pain from his back condition," which "is causing the spasms/pinching [he] has been reporting for over two years . . . ." Dkt. 1 at 9-10. He alleges the following claims: (1) an "ADA[5]" violation stemming for Defendants' denial of his "CDCR [Form] 1824 Reasonable Accommodation Request under the Americans with Disability Act," which led to the denial of a "'back-brace' for supportive measure" and the denial of his request for a "ladder-handrail-grab-bar" in order to "come up or down from a[n] upper bunk"; (2) a claim of deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, stemming from Defendants' "repeated[]" denial of Plaintiff's request for an MRI,[6] and their "remov[al] [of] treatments" such as "Low Bunk Only (LBO) accommodation"; and (3) Defendant Koenig's "fail[ure] to provide a safe way to access . . . upper bunk [due to] no ladder [or] handrail" leading to a "violat[ion] [of] the Eighth Amendment when they act[ed] with deliberate indifference to a prison condition (bed access) that exposes [P]laintiff to an unreasonable risk of harm . . . ." Dkt. 1 at 3-11.

---

[5] ADA refers to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.*

[6] Plaintiff claims that "the physical therapist on 12/22/2019 made [an] assessment and diagnosed [P]laintiff as having signs and symptoms of herniated disc." Dkt. 1 at 10.

### 1. Section 1983 Claims

As mentioned above, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West*, 487 U.S. at 48.  However, in its present state, the complaint fails to state a claim against a viable defendant and therefore must be dismissed.  Leave to amend is granted so that Plaintiff may attempt to file an amended complaint that cures the deficiencies discussed in this Order.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant.  The subjective deliberate indifference standard that applies in an Eighth Amendment claim requires that the official know of and disregard an excessive risk to inmate health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*  A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  *See Toguchi*, 391 F.3d at 1060-61.

Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked all of the named CTF Defendants to his allegations.  Specifically, Plaintiff's claims are brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims.  Further, some of the named CTF defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper.  *See Taylor*, 880 F.2d at 1045 (Under no circumstances is there respondeat superior liability under section 1983.).

Specifically, Plaintiff claims in a conclusory manner that Defendants are "'intentionally interfering with the diagnosis and treatments once prescribed,'" and "have failed to respond appropriately to [his] serious medical needs."  Dkt. 1 at 9.  However, the Court finds that Plaintiff

fails to support his claim of deliberate indifference.  While Plaintiff claims that his repeated requests for an MRI or for an LBO accommodation were denied, he fails to link each named Defendant to any specific acts of deliberate indifference, including the aforementioned denial of his requests.  He must allege facts in his amended complaint showing both a serious medical need and deliberate indifference thereto by each named Defendant.

Plaintiff states that he has attached copies of his administrative "appeals/grievances" to his complaint form, but this is not sufficient.  Dkt. 1 at 5.  Plaintiff may not simply attach documents and rely upon the court to parse through them to discover sufficient allegations to support his claims for relief.  Rather, it is Plaintiff who must pull from his supporting documentation the allegations necessary to state a cognizable claim for relief under Section 1983, and he must include those allegations in his complaint.  Plaintiff will be given leave to do so in an amended complaint.

As to Plaintiff's Eighth Amendment claim based on Defendant Koenig's alleged "fail[ure] to provide a safe way to access . . . upper bunk," *see* dkt. 1 at 5, this claim is dismissed with leave to amend to provide more information.  The only defendant Plaintiff holds liable for this claim is the warden, but Plaintiff has not demonstrated the warden's personal involvement in the constitutional deprivation.  Plaintiff must show that the warden was deliberately indifferent to his safety.  In an amended complaint, Plaintiff may wish to add defendants who denied any requests for a "ladder-handrail-grab bar."  *See* Dkt. 1 at 11.  In addition, Plaintiff must demonstrate that the additional defendants' failure to provide a "ladder-handrail-grab bar" violated the Eighth Amendment.  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).  Specifically, Plaintiff should indicate if he requested a "ladder-handrail-grab bar" or provide more allegations how the denial such a request was sufficiently serious, and that these additional named defendants had a culpable state of mind.  *See id.*

Accordingly, Plaintiff's aforementioned Eighth Amendment claims are DISMISSED with

leave to amend.  Plaintiff may, however, file an amended complaint if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted above.

### 2.  The ADA Claim

The ADA and section 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity."  28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are:  (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  A cause of action under section 504 of the RA essentially parallels an ADA cause of action.  *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. Cty  of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff's allegation that the Defendants' alleged denial of his "Reasonable Accommodation Request" (which purportedly included a request for a "back-brace for supportive measure" and the denial of his request for a "ladder-handrail-grab-bar" in order to "come up or down from a[n] upper bunk") alone is not enough to state a claim under the ADA.  Most notably, he does not allege facts suggesting that he is an individual with a disability such that he would be a proper plaintiff to assert an ADA claim.  Additionally, he has not identified a proper defendant for a claim under the ADA or RA.  The proper defendant for a claim under Title II of the ADA and section 504 of the RA is the public entity responsible for the alleged discrimination.  *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch.*

*Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under section 1983 against Defendants in their individual capacities to vindicate rights created by the ADA and the RA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Leave to amend is granted so that Plaintiff may attempt to allege a claim under the ADA and RA. Here, the proper defendants for a claim under the ADA and RA would be the entity that runs the prison in which the alleged acts in violation of the ADA occurred. He also must allege specific facts showing a violation of his rights under the ADA and RA.

### 3. Exhaustion

Finally, Plaintiff is further cautioned that he must have exhausted his administrative remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of Plaintiff's complaint, it does not appear that he has exhausted his administrative remedies as to *all* his aforementioned claims.

### III.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's complaint is DISMISSED with leave to amend.

2.      Within **twenty-eight (28)** days from the date of this Order, Plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided

herewith, and include in the caption both the case number of this action, Case No. 20-cv-04348-YGR (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3.    Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference. Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 15, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DAVID WILLIAMS,

          Plaintiff,

     v.

CRAIG KOENIG, et al.,

          Defendants.

Case No. 20-cv-04348-YGR (PR)

**JUDGMENT**

     For the reasons set forth in this Court's Order of Dismissal Without Prejudice,

     IT IS ORDERED AND ADJUDGED

     That Plaintiff take nothing, that the action be dismissed in accordance with the Court's

Order, and that each party bear its own costs of action.

Dated:  June 7, 2021

                                                _____

                                      JUDGE YVONNE GONZALEZ ROGERS
                                      United States District Judge

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: _Williams_        _James_          _David_
      (Last)                    (First)

Prisoner Number: _P49807_

Institutional Address: _CTF. P.O. Box 689_
_Soledad, C.A. 93960_

**FILED**

Jun 30 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

_James David Williams_                        )
(Enter your full name.)                        )
                                               )
                            vs.                )
                                               )   Case No. ___4:20-cv-4348-YGR___
_Craig Koenig, Steve Posson, Rachael Anderson,_ )    (Leave blank; to be provided by Clerk of Court)
_K.Hoffman, T.Lemon, M.Sweet, R.Cotring, C.Freeman,_ )
                                               )   **COMPLAINT UNDER THE**
_J.Barroso, Nguyen, S.Gates (K.J.Allen_        )   **CIVIL RIGHTS ACT,**
(Enter the full name(s) of the defendant(s) in this action.) )   42 U.S.C. § 1983

# I. Exhaustion of Administrative Remedies.

_Note:_ You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A.    Place of present confinement _(CTF) Correctional Training Facility_

B.    Is there a grievance procedure in this institution?    YES ☒    NO ☐

C.    If so, did you present the facts in your complaint for review through the grievance
      procedure?    YES ☒    NO ☐

D.    If your answer is YES, list the appeal number and the date and result of the appeal at each
      level of review.  If you did not pursue any available level of appeal, explain why.

          1. Informal appeal: _____

                            _Bypassed per regulations_

COMPLAINT _Page 1 of 4_

2. First formal level: _Bypassed per regulations_

_____

_____

3. Second formal level: _1.) CTF-19-02586-Denied, 2.) CTF HC 19000718-Denied, 3.) CTF-HC19000796-Denied. 4.) CTFHC 19001094-Denied, 5.) CTFHC17000225 Denied_

4. Third formal level: _#1912678-Denied, CTFHC19000718 Denied, CTFHC19000796-Denied, CTFHC19001094-Denied, CTFHC17000225 Denied - All Attached as Exhibits._

E.   Is the last level to which you appealed the highest level of appeal available to you?

   YES ☒   NO ☐

F.   If you did not present your claim for review through the grievance procedure, explain why.

   _N/A -_

_All levels available sought_

_____

## II.   Parties.

A.   Write your name and present address.  Do the same for additional plaintiffs, if any.

_James Williams #P49807_

_CTF-Central P.O.Box 689_

_Soledad, C.A. 93960_

B.   For each defendant, provide full name, official position and place of employment.

_1.) Craig Koenig-Warden CTF; 2.) Steve Posson-Chief Medical Executive CTF; 3.) Racheal Anderson-Primary Care Provider CTF; 4.) K. Hoffman - Associate Deputy Warden CTF, 5.) T. Lemon-Associate Warden CTF; 6.) M. Sweet CP&S/MD CTF; 7.) R. Catrina-HCCA CTF; 8.) C. Freeman-HCAU CTF; 9.) J. Borroso-Lt. CTF; 10. Nguyen-Primary Care Provider CTF; 11.) S. Gates-Chief Health Care Appeals Headquarters; 12.) K.J. Allen-Appeal Examiner Headquarters_

COMPLAINT *Page 2 of 4*

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 14 of 115

**III. Statement of Claim.**

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Claim 1. (ADA) Americans with Disability Act violation

Claim 2. Deliberate Indifference - Medical Treatment - U.S. Eighth Amendment violation

Claim 3. Eighth Amendment violated when failing to provide safe Furnishing (Bed) when overcrowding design.

Each claim described further in the attached Statement of claims, with attached Points and Authorities with exhibits.

**IV. Relief.**

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

1.) Courts order-defendants provide plaintiff a M.R.I. to accurately diagnos medical condition; 2.) A Permanet (LBO) Low Bunk Only Accommodation; 3.) Provide a ladder/Handrail/GrabBar if plaintiff must be assigned upper bunk; 4.) Monetary Damages; 5.) Declatory Judgment of (ADA) right. 6.) Injunction from housing plaintiff on upper bunk area; 7.) Any further relief of the court.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 17th day of June , 20 20

James W. O'Brien

*(Plaintiff's signature)*

*Please continue to the next page.*

COMPLAINT *Page 3 of 4*

ER-14

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 15 of 115

## MAGISTRATE JUDGE JURISDICTION

Please indicate below by checking **one** of the two boxes whether you choose to consent or decline to consent to magistrate judge jurisdiction in this matter. Sign this form below your selection.

☐   **Consent** to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

**OR**

☒   **Decline** Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

Signed this 17th day of June , 2020

_James Williams_
_(Plaintiff's signature)_

COMPLAINT *Page 4 of 4*

ER-15

1  III. Statement of Claim   (continued)

2  Claim I.            ADA

3  On August 1, 2019 plaintiff submitted a CDCR 1824

4  Reasonable Accommodation Request under the Americans with

5  Disability Act. This request went to a (RAP) review

6  panel, which denied plaintiffs request. Defendants

7  C. Koenig – K. Hoffman – T. Lemon – M. Sweet – R. Catrina –

8  C. Freeman – J. Borroso – K. J. Allen are the named

9  defendants for the respective roles played within the

10  denial of plaintiffs (ADA) request. (See Exhibit A).

11  This denial was done on August 8, 2019 and plaintiff

12  alleges it is in violation of his rights under ADA standards.

13  See Attached Points and Authorities ✗

14             Deliberate Indifference Medical

15  Claim II. Defendants C. Koenig – Steve Posson – R. Anderson –

16  Nguyen – M. Sweet – S. Gates are the named defendants

17  within this claim for their respective roles within the

18  alleged violation. (See Exhibits B,C,D,E,F) Plaintiff restates the

19  narrative within the Appeal/grievances as the statement

20  of claim, as it pertains to each defendants role, time,

21  and dates. (See Exhibits B, C, D, E, F).

22  See Attached Points and Authorities ✗

23             Furnishings Bed

24  Claim III. CDCR-CTF warden  C. Koenig has failed to provide a

25  safe way to access added upper bunk. No ladder-handrail-

26  grab bar exist to assist climbing up to nor down from upper bunk

27  causing hazardous/dangerous condition to remain (See Exhibit G)

28  See Attached Points and Authorities ✗

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 17 of 115

1    Points and Authorities

2

3    The Americans with Disabilities Act of 1990 (ADA) provides in

4    part "no qualified individual with a disability shall by reason of

5    such disability, be excluded from services, programs, or activities of

6    a public entity, or be subjected to discrimination by any such

7    entity. 42 U.S.C. 12101 et seq.

8

9    Defendants have denied plaintiff a back brace for supportive

10   measure, Ruiz v. Estelle, 503 F. Supp at 1340; which would help

11   when plaintiff walks - sneezes.

12

13   Prisons are subjected to a limited obligation to make prison

14   facilities accessible to inmates with impaired mobility Ruiz v.

15   Estelle, 503 F. Supp at 1346; see also Kendrick v. Bland, 659 F. Supp. at 1200.

16   Plaintiff is entitled to some assistance with his disability, and

17   his request for a ladder-handrail-grab bar is reasonable to

18   have, as plaintiff awakes in pain; takes medication for back

19   pain; has mobility issue with twisting, turning, jumping with his

20   back in a weakend state to the point of involuntary spasms

21   and inability to sneeze and walk normal; and should not

22   have to hop/leap like a kangaroo in order to come up or

23   down from a upper bunk 5ft. high. Southeastern Community College v.

24   Davis, 99 S. Ct. 2361 (1979); Harris v. Thigpen, 941 F. 2d at 1527.

25   This denial of Accommodations is deliberately indifferent to

26   plaintiff— who is a "qualified individual with a disability."

27

28

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 18 of 115

## Points and Authorities

The Supreme Court has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The complaint alleges facts that state a constitutional claim under this standard.

A. The plaintiff has a serious medical need.

First, courts generally agree that a medical need is "serious" if it has been diagnosed by a physician as mandating treatment"... Johnson v. Busbee, 953 F.2d 349, 351 (8th Cir 1991); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir 1990); Monomouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir 1987), cert. denied, 486 U.S 1066 (1988); Ramos v. Lamm, 639 F.2d 599, 575 (10th Cir 1980) cert. denied 450 U.S. 1041 (1981), and cases cited. In this case, the prison doctors thought the plaintiffs problem was serious enough to require treatment, and prescribed multiple medications for it. The plaintiffs problem is therefore "serious" under the holdings of the above cited cases, and Supreme Court standards.

2

ER-18

<u>Points and Authorities</u>

Second, a medical condition may be serious if it "significantly affects an individuals daily activities." <u>McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir 1992)</u> Plaintiff's chronic back pain and spasms/pinch have had serious consequences and limitations for him. Plaintiff has informed prison medical that his back pain and spasms are so serious that at times he is unable to stand straight, walk normal without severe pain shoting, and that he must lay down and cannot leave his cell for meals or activities until the "flare ups" subside. Thus, they "significantly affect" the plaintiffs daily activities.

   Finally, courts have acknowledged that conditions that cause significant pain are serious medical needs. <u>McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir 1992)</u> ("Chronic and substantial pain" indicates that a medical need is serious); <u>Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir 1991)</u> (needless pain is actionable even if there is no permanent injury); <u>Dean v. Coughlin, 623 F.Supp 392, 404 (S.D.N.Y. 1985)</u> (Conditions that cause pain, discomfort, or threat to good health are serious). This is true because a chief purpose of the Cruel and Unusual Punishments Clause is to prevent the "Unnecessary and Wanton infliction of pain." <u>Estelle v. Gamble, 429 U.S. at 104.</u>

ER-19

## Points and Authorities

Plaintiff alleges that he suffers significant and recurrent pain from his back condition. Plaintiff wakes up to daily pain, and even must hold his knees to brace himself to sneeze due to the pain. This pain is sufficient to make plaintiffs medical need "serious". Plaintiff has informed defendants climbing up and down a upper bunk with no ladder/handrail/grab bar is a condition that aggravates his back and causes additional pain and discomfort needlessly.

   As plaintiff has suffered pain to the degree of interference with his daily activities, and the fact that the prison doctor prescribed medication and physical therapy for him shows the problem is serious, and **sufficiently** alleges a serious medical need on the part of the plaintiff.

B. Defendants conduct amounts to deliberate indifference.

Plaintiff alleges that the defendants are "intentionally interfering with the diagnosis and treatments once prescribed" which is one of the forms of deliberate indifference cited by the Supreme Court. Estelle v. Gamble, 429 U.S. at 105.

The defendants have failed to respond appropriately to plaintiffs serious medical needs. Scott v. Ambani, 577 F.3d 642 (6th Cir 2009) Spruill v. Gillis, 372 F.3d 218 (3rd Cir 2004)

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 21 of 115

# Points and Authorities

3  Defendants have repeatedly denied plaintiff a M.R.I.
4  even when the physical therapist on 12/22/2019 made
5  assessment and diagnosed plaintiff as having signs and symptoms
6  of herniated disc. (See Exhibit ). The M.R.I. is also the only
7  way to see nerve/muscle/tissue to diagnose what is causing
8  the spasms/pinching plaintiff has been reporting for over two
9  years now. The M.R.I. is only way to see what disc are
10  herniated in plaintiffs back. This delay in diagnosis and
11  proper treatment may result in further significant injury
12  due to defendants deliberate indifference to plaintiffs pain
13  and medical request. Jett V. Penner, 439 F.3d 1091,1096 (9th Cir 2006).

15  Defendants have also removed treatments from the
16  plaintiff, Low Bunk Only (LBO) accommodation even though it
17  is clear the serious medical condition has not cleared,
18  nor gotten better. In fact, the pain has increased yet the
19  defendants state there is nothing preventing plaintiff from
20  climbing up and down a upper bunk multiple times a day - this
21  seen as a deliberate indifference to the fact the (LBO) has
22  been issued for over two years consecutive but now denied
23  due to custodys concern over housing and overcrowding
24  ability. Plaintiff ask this court to take notice of the fact
25  this (LBO) has been removed from treatment plan, yet plaintiffs
26  medical condition has become worse. Why was this removed
27  from treatment plan when still necessary?

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 22 of 115

Points and Authorities

1 Defendants violate the Eighth Amendment when they act with deliberate indifference to a prison condition (Bed Access) that exposes plaintiff to an unreasonable risk of harm, and the plaintiff need not wait to be injured from the condition to bring claim. Helling v. Mckinney, 113 S. Ct. 2475, 2480-81 (1993). Plaintiff asserts being housed on the upper bunk puts him at serious risk of injury - while he is already dealing with daily pain. Brown v. Bargery, 207 F.3d 863 (6th Cir 2000); Bradley v. Puckett, 157 F.3d 1022 (5th Cir 1998).

The physical design and layout of upper bunk which lacks a ladder-handrail-grab bar, with limited head space has caused plaintiffs' medical condition to worsen (see Exhibit G) and to place plaintiff back onto this upper bunk or he will be issued disciplinary action is a violation of the U.S. 8th Amendment Peterkin v. Jeffes, 855 F.2d 1021, 1027 (3rd Cir 1998), subjecting plaintiff to physical harm/deterioration.

6

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 23 of 115

# Conclusion

Plaintiff has been reasonable in his request for (ADA) accommodation, as well as for medical treatment of his serious medical needs. If a back disc is herniated only an M.R.I. will properly dictate which disc, and what is causing spasms/pinch. The Low Bunk Only (LBO) accommodation which has been issued for two consecutive years prior should be deemed permenant as plaintiffs condition has gotten worse and this accommodation is expired, yet the serious medical condition has not.

Plaintiff should not be put into a position to have to climb up and down a bunk bed with no ladder/grab-bar, while he is in pain, and which may cause further damage. The delay of proper diagnosis is a delay of accurately treating plaintiff's condition. Defendants have been deliberately indifferent soley to allow custody to overcrowd beyond the original design of bed.

Date: June 17, 2020                    James Williams

                                       James Williams
                                       Plaintiff, Pro Se

7

ER-23

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 24 of 115

# Verification

I have read the foregoing *Complaint Under the Civil Rights Act 42 U.S.C. 1983* with attached exhibits, and hereby verify that the matters alleged therin are true except as to matters alleged on information and belief, and as to these, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Soledad, C.A. on June 17, 2020

*James Williams*

James Williams
Plaintiff, Pro Se

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 25 of 115

PROOF OF SERVICE BY MAIL
BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1023(A), 2015,5)

I, _James David Williams_ , declare:
I am over 18 years of age and I am party to this action.  I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County of
Monterey, State of California.  My prison address is:

_James Williams_ , CDCR#: _P49807_

CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _FW-331_
Soledad, CA   93960-0689

On _June 18, 2020_ , I served the attached:

_42 U.S.C. 1983 Complaint; Motion to Request Service of Action_
_to defendants_

on the parties herein by placing a true and correct copy thereof,
enclosed in a sealed envelope with first class postage fully prepaid
in the United States Mail at the hands of prison staff utilizing the
system designated for legal mail at the Correctional Training
Facility, Soledad, California, as per the Mailbox Rule (Rules 3(d) of
the Federal Rules Governing § 2254), addressed as follows:

_United States District Court_
_Northern District of California_
_450 Golden State Ave_
_San Francisco, C.A. 94102_

I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct.
Executed on _June 18, 2020_

_James Williams_

_James Williams_
Declarant/Petitioner

ER-25

Ex A

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 26 of 115

Exhibit A

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 27 of 115

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**



1912678

P49807

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CTF-S-19-02586 | | 18 |
| | FOR STAFF USE ONLY | | |

rections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Williams, James | CDC Number: P-49807 | Unit/Cell Number: FW-331 | Assignment: FW-Wgstr Control |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Armstrong Remedial - Reasonable Accommodation Request

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A):

On 8-6-19 I was told at interview there will be a hearing with custody and medical in which I could present my request/case. This never occurred and a PCP examination o 7-31-19   cont on 602A

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A):

i) Lower Bunk Only Accommodation, 2) handrail or Ladder to access Top Bunk, 3) Shown how to Get on Top Bunk without any Rail or Ladder to help, 4) Schematics/Design of Top Bunk Access

Supporting Documents: Refer to CCR 3084.3.

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

(RAP) Reasonable Accomm. Request Response
Health Care Appeal # CTF-HC-17000225 dated 4-11-18 Headquarter Response
3rd Level (2) Two Form 22's If fo SLR Disallowed even when timely. X-Ray 10/16/19
                                    Patient Discharge 0/03/2019 showing prior 7410's
☐ No, I have not attached any supporting documents. Reason:
                                    J.W. 10/8/19

Inmate/Parolee Signature: James McWilliams          Date Submitted: 8-20-19

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**RECEIVED**
AUG 2 2 2019
CTF Appeals

RECD BY OOA
OCT 2 2 2019

STAFF USE ONLY

**C. First Level - Staff Use Only**          Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____          Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
          See attached letter. If dissatisfied with First Level response, complete Section D.

**BYPASS**

Interviewer: _____ (Print Name)  Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name)  Title: _____ Signature: _____

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant _____ / _____ / _____ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 4 of 115

D. **If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____     Date Submitted : _____

---

E. **Second Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached?  ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: _EAC C / HCHU_   Title: _AW_   Date Assigned: _8/22/19_   Date Due: _10/4/18_

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _8/22/19_          Interview Location: _E-wing office_

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _LT J. Barron_   Title: _Lieutenant_  Signature: _____   Date completed : _9/13/19_
(Print Name)

Reviewer: _Hoffman_   Title: _CDW_  Signature: _____
(Print Name)

Date received by AC: _9.17.19_

AC Use Only
Date mailed/delivered to appellant _9/18/19_

---

F. **If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation,  P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

SLR is in error. I have Mobility Impairment - disability 42 U.S.C. 12102(a). The requested accommodations are reasonable & pose no burden to the State. Additionally, the fact of (LBO) Low Bunk Accommodations criteria changing does not change Appellant's disability. SLR Reviewer would not allow timely documents to support request (See Attached Form 7225 - X-Rays - Patient Discharge 7410). A review of S.O.M.S 7400 shows that a

Inmate/Parolee Signature: _James W. O'Diam_          Date Submitted: _10/8/2019_

---

G. **Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant _NOV 1 4 2019_

---

H. **Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____          Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

ER-28

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 29 of 115

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| / 912678 | CTF-S-19-02586 | | 18 |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Williams, James | P-49807 | FW-331 | FW waste control |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** Which is currently on appeal, and it recited this erroneous examination within the (RAP) Reasonable Accommodation response. This RAP response does not even state Denied, Granted, Withdrawn in clear error of the staff instructions (See I/M Appeal Route Slip dated 8-2-19. It was also staff members involved with the HC Appeal # CTF-HC-19000718 in which these panel members had a bias and knowledge they brought into panels decision making. Instead of addressing the accommodation itself the panel made Medical Determinations, that since a Lower Bunk criteria is not met, the need to assist getting on Top Bunk was not properly addressed. That a "back brace will not benifit me" does not properly address this accommodation request for spasms and muscle deteriation in back, nor spinal posture issues. CP; S M.Sweet is part of health care appeal pending. Also this request was Recommended by 3rd level Headquarters on last paragraph pg 2 of prior appeal # CTF-HC-17000225. This was not properly addressed. Was RAP response denied in whole?

Inmate/Parolee Signature: *James Williams*          Date Submitted: 8-20-19

**B. Continuation of CDCR 602, Section B only (Action requested):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____          Date Submitted: _____

ER-29

*RECD BY OOA*
*OCT 22 2019*
*STAFF USE ONLY*

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 30 of 115

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** accommodation chrono was not renewed after (2) two years of having. Not as SLR states "ERMS file confirm no medical has issued... a 7410." Appellants request to be able to Access the "Top Bunk" with the help of a "Hand Rail" or "Ladder" is more then reasonable, as its clear he is a "Chronic Back Pain" patient. Being told to figure out how to safely access this added bunk space - is in error - as two foot stumps 3-4 feet high with no other help going up - nor coming down is not appropriate for appellant who is in pain - and does not wish to incur further. The back brace will help me when back spasms and goes out. I'm asking for accommodations (ADA) CDCR 1824 - to get what I can (after a medical stripping of my treatment Accommodation) from custody due to my Medical Condition and Medical (Headquarters) #CTF-HC-17060225 Recommending "I address this issue with Custody" - Yet Custody refer back to take it up with Medical. Custody has Sole Liability of ADA (Armstrong remidial. It is not appellants fault "design to Access Top Bunk of CTF-Central" is dangerous as currently configured. SLR also states there was no Headquarters intervention, but Pg 2 of said Dispo I was Given Lower Bunk Accommodation at that time already.

Inmate/Parolee Signature: James Will    Date Submitted: Oct. 8, 2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 31 of 115

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# THIRD LEVEL APPEAL DECISION

Date:   NOV 1 3 2019

In re:   James Williams, P49807
Correctional Training Facility
P.O. Box 686
Soledad, CA  93960

TLR Case No.: 1912678          Local Log No.: CTF-19-02586

This matter was reviewed on behalf of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen.  All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**   It is the appellant's position that he is dissatisfied with the response provided to him by the Reasonable Accommodation Panel (RAP) at the Correctional Training Facility (CTF).

**II   SECOND LEVEL'S DECISION:**   The reviewer found that the appeal matter was reviewed by the RAP on August 8, 2019.  The RAP reviewed the submitted CDCR Form 1824, Reasonable Accommodation or Modification Request.

**III   THIRD LEVEL DECISION:**

**A.   FINDINGS:**   The Office of Appeals (OOA) has received your request for an appeal of your Americans with Disabilities Act grievance.  This office provides the final decision under the law, as an exhaustion of your administrative remedies available within the CDCR when grieving an issue.

Your appeal is for a reasonable accommodation request.  Your grievance was evaluated by the RAP at the institution where you were housed.  The RAP is made up of both medical and custody staff who are in the best position to evaluate your needs.  The RAP provided you with a substantive response to your request.  You have submitted this appeal because you disagree with the RAP decision and the Second Level of Review.  Your appeal takes issue with the substantive response of the RAP.  The OOA is not inclined to question the findings of the RAP.  Accordingly, this disposition is considered to be a final decision by the CDCR on your grievance.  As such, this disposition exhausts the administrative remedies available to you within the CDCR.

**B.   BASIS FOR THE DECISION:**
Armstrong Remedial Plan: ARPI, ARPI.A, ARPII.A, ARPII.G, ARPIV.B.2
California Code of Regulations, Title 15, Section: 3001, 3084.1, 3085, 3380

**C.   ORDER:**   No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

K. J. ALLEN, Appeals Examiner
Office of Appeals

cc:     Warden, CTF
Chief Executive Officer, CTF
Appeals Coordinator, CTF
Health Care Appeals Coordinator, CTF

ER-31

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 32 of 115

# DEPARTMENT OF CORRECTIONS AND REHABILITATION
## Correctional Training Facility
## Soledad, California

## Second Level Appeal Decision

*NAME: WILLIAMS*         *CDC#: P49807*         *HOUSING: FW-331L*

<u>RE:</u>     CTF APPEAL LOG No. *CTF-S-19-02586*

**APPEAL ISSUE: CDCR 1824**

The appellant disagrees with the Reasonable Accommodation Panel's (RAP)'s decision Log #CTF-S-19-02586 in which the RAP denied the appellant's request for a lower bunk chrono and a back brace. In addition, appellant contends the need for assistance getting on the top bunk and the back brace were not properly addressed. Furthermore, this request was recommended in the Headquarters Level Response Log # CTF-HC-17000225.

**ACTION REQUESTED**

The appellant is requesting the following:

1. Lower bunk only accommodation.
2. Handrail or ladder to access the top bunk.
3. To be shown how to get on the top bunk without any handrail or ladder.
4. To provide schematics of top bunk access.

**APPEAL RESPONSE: DENIED**

The First Formal Level of Review (FLR) was bypassed per California Code of Regulations (CCR), §3084.7.

On August 2, 2019, the Correctional Training Facility (CTF) Appeals Office received a second level appeal from the appellant regarding an Americans with Disabilities Act (ADA) issue. Subsequently, Correctional Lieutenant J. Barroso was assigned this appeal as the Second Level of Reviewer (SLR).

On August 26, 2019, the SLR conducted an interview with the appellant in the privacy of the F Wing Office to provide him the opportunity to explain his appeal and present supporting information. The appellant has a Test of Adult Basic Education (TABE) score of 12.9. The appellant is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care. Effective Communication (EC) was established by speaking loudly, clearly and confirmed by the appellant's relevant response to the questions asked without any problems.

During the interview, the appellant reiterated what was already on the appeal and claims that his X-rays results dated October 16, 2017, clearly notes back injuries.

Upon review of the appellant's Strategic Offender Management System (SOMS) file, it was established that the appellant is not a participant in the Disability Placement Program (DPP) at any level of care. Additionally, a review was also conducted via SOMS and the Electronic Records Management System (ERMS) of the appellant's alleged lower bunk accommodation or any additionally housing restrictions. Furthermore, a review of appellant's ERMS file confirmed that medical staff has not issued a California Department of Corrections and Rehabilitation (CDCR) Comprehensive Accommodation Chrono Form 7410 approving any type of housing restriction.

In reviewing RAP Log #CTF-S-19-0025 dated August 8, 2019, the RAP provided the appellant with an interim accommodation to utilize ADA workers for assistance as needed. Additionally,

ER-32

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 33 of 115

Second Level Appeal Decision
**CTF Appeal Log # *CTF-S-19-02586***
Page 2 of 2

the RAP scheduled an appointment to review the appellant's lower bunk and back brace request. Base on the appellant's Primary Care Provider (PCP) examination on July 31, 2019, the RAP concluded the appellant does not meet the criteria for a lower bunk chrono and that there is no justification to alter the appellant's bunk by adding a handrail or a ladder. Furthermore, based on the appellant's back X-rays; the appellant will not benefit from a back brace. Additionally, the Health Care Grievance Representative noted the appellant submitted a Health Care Grievance in connection with his PCP not renewing his lower bunk chrono.

A thorough review of the appeals package and all of the attachments was conducted.

**REGULATIONS: The rules governing the issues are:**

CCR, Title 15, Division 3, Article 8, §3085
CCR, Title 15, Division 3, Article 10, §3376
Department Operations Manual (DOM), Chapter 5, Article 53, §54100.1

**DECISION: DENIED at the Second Level of Review.**

The appellant's request for lower bunk only accommodation, handrail or ladder to access the top bunk, to be shown how to get on the top bunk without any handrail or ladder, to be provided with schematics of top bunk access is **DENIED**. After reviewing the RAP response, SOMS , and ERMS file, the SLR concurs with the RAP's decision in that the appellant does not meet the criteria for permanent lower bunk chrono and the appellant will not benefit from a back brace based on the appellant's back X-rays. Additionally, Headquarters Level Response, log # CTF-HC-17000225, disposition notes No Intervention. The determination of housing accommodations from Health Care Services is outside of the purview of this appeal. If appellant disagrees with medical staff's decision, it is recommended that the appellant address his concerns on a Health Care Grievance, CDCR 602-HC.

Based upon the information contained in the aforementioned, your appeal is **DENIED** at the Second Level of Review. If dissatisfied with this decision, appellant may submit this appeal for a Director's Level Review by following the directions in Section F of the appeal.

Prepared By: _____     9/13/19
J. BARROSO                                        Date
Correctional Lieutenant

Reviewed By: _____     9/17/19
K. HOFFMAN                                        Date
Chief Deputy Warden

cc:   Appeals Office File
      Inmate's Central File

ER-33

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 34 of 115

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

Initial RAP Meeting Date: 08/08/2019      Date IAC Received 1824: 8/2/2019      **1824 Log Number:** 19-02586

Inmate's Name: WILLIAMS      CDCR #: P49807      Housing: FW-331L

**RAP Staff Present:** ADA AW T. Lemon; HCAU C. Freeman; CP&S M. Sweet MD; Appeal Representative R. Monroy; HCCA R. Catrina; HCAU OT C. Shannon; Health Care Grievance Coordinator M. Votaw; Mental Health Representative D. Sirkin; CCI R. Flores; Education Representative K. Thompson

**Summary of Inmate's 1824 Request:** Due to alleged limitations in range of motion and intermittent back problems, Inmate Williams is requesting the following:

  1) Lower Bunk or Handrail or Ladder in order to Access Top Bunk

  2) Back Brace

## Interim Accommodation:

☒ Accommodation provided: Inmate Williams was interviewed on August 6th, 2019, during which time Inmate Williams was advised that he can utilize ADA workers for assistance as needed.

## RAP RESPONSE:

On August 8th, 2019, your CDCR 1824 Reasonable Accommodation Request was reviewed by the Reasonable Accommodation Panel (RAP) wherein the following was noted by the Health Care Representative regarding your requests, based on your PCP examination on July 31st, 2019:

1) Lower Bunk or Handrail or Ladder to Access Top Bunk: You do not meet criteria for a Lower Bunk. As a result of that determination, there is no justification to alter your bunk by adding a handrail or a ladder.

2) Back Brace: You would not benefit from a Back Brace (this is also corroborated by your Back X-Rays, which were normal). Additionally, the Health Care Grievance Representative noted that you submitted a Health Care Grievance in connection with your PCP not renewing your Lower Bunk chrono. This grievance is being processed and is due back to you by October 8th, 2019.

If you are dissatisfied or in disagreement with a health care decision or treatment plan the remedy would be for you to file a HC 602.

## Direction if dissatisfied:

If you disagree with this decision and want to file an appeal, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.  If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a blue CDCR 602 Health Care Grievance form.  If you disagree with any other RAP decision, complete a green CDCR 602.

&#95;&#95;&#95;&#95;__AW T. Lemon__&#95;&#95;&#95;&#95;      &#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;

**ADA Coordinator/Designee**      **Signature**

**Date sent to inmate:**

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 35 of 115

STATE OF CALIFORNIA                                                  DEPARTMENT OF CORRECTIONS AND REHABILITATION
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| | CTF-S-19-02586 | **RECEIVED** AUG 0 2 2019 CTF Appeals |

**\*\*\*\*\*\*\*\*\*\*\*\*TALK TO STAFF IF YOU HAVE AN EMERGENCY\*\*\*\*\*\*\*\*\*\*\***

DO NOT use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| Williams James | P-49807 | FW-Waste Control | FW-331 |

**INSTRUCTIONS:**
- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity.  You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request.  Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process.  All CDCR 602 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**
I can not jump up and down or turn certain angles with my upper body. Some days my back goes out and remains compromised for days-week at a time.

**WHY CAN'T YOU DO IT?** Pain and Potential for Injury or further damage to fracture in Lower Back

**WHAT DO YOU NEED?** Permanent Lower Bunk Only Accommodation. Back Brace to give me better support. Hand Rails or Ladder to Access Top Bunk.

*(Use the back of this form if more space is needed)*

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**   Yes ☒   No ☐   Not Sure ☐

List and attach documents, if available:
They are attached to Present Health Care Appeal, currently requesting copies from Medical File.

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| James Williams | Aug 1, 2019 |
|---|---|
| **INMATE'S SIGNATURE** | **DATE SIGNED** |

Assistance in completing this form was provided by:

| | | |
|---|---|---|
| Last Name | First Name | Signature |

ER-35

Name: WILLIAMS, JAMES D.                                    CDC #: P49807  PID #: 11872596

CHSS035C **DPP Disability/Accommodation Summary** Friday August 02, 2019 12:18:43 PM

As of: 08/02/2019 ➡

---

|  **OFFENDER/PLACEMENT** | **DISABILITY ASSISTANCE** |
|---|---|
| CDC#: P49807 | Current DDP Status: NCF |
| Name: WILLIAMS, JAMES D. | DDP Adaptive Support Needs: None |
| Facility: CTF-Facility C | Current DDP Status Date: 01/13/2003 |
| Housing Area/Bed: C FW 3/331001L | DPP Codes: |
| Placement Score: 19 | DPP Determination Date: |
| Custody Designation: Medium (A) | Current MH LOC: GP |
| Housing Program: General Population | Current MH LOC Date: 10/06/2006 |
| Housing Restrictions: | SLI Required: |
| Physical Limitations to Job/Other: | Interview Date: |
|  | Primary Method: |
|  | Alternate Method: |
|  | Learning Disability: |
|  | Initial TABE Score: 12.6 |
|  | Initial TABE Date: 01/21/2003 |
|  | Durable Medical Equipment: |
|  | Languages Spoken: |

---

|  **IMPORTANT DATES** | **WORK/VOCATION/PIA** |
|---|---|
| Date Received: 08/10/1999 | Privilege Group: A |
| Last Returned Date: 01/09/2003 | Work Group: A1 |
| Release Date: 07/06/2023 | AM Job Start Date: 03/13/2018 |
| Release Type: Minimum Eligible Parole Date | Status: Full Time |
|  | Position #: TRO.021.001 |
|  | Position Title: FWW2 WASTE CONTROL 2/W |
|  | Regular Days On: Sun,Mon,Thu,Fri,Sat (06:30:00 - 10:00:00) |
|  | Sun,Mon,Thu,Fri,Sat (10:30:00 - 13:30:00) |

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 36 of 115

ER-36

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 37 of 115

# THE CDCR FORM 1824, REASONABLE ACCOMMODATION REQUEST, PROCESS



**CDCR Form 1824**

It is the policy of the California Department of Corrections & Rehabilitation (CDCR) to comply with the Americans With Disabilities Act (ADA) which prohibits discrimination on the basis of disability.

## IF YOU HAVE A DISABILITY...

If you have a problem with hearing, seeing, speaking, walking, moving, breathing, learning, mental illness, or diabetes, you may have a DISABILITY. The ADA says you cannot be left out of programs, services, or activities because of your DISABILITY. The CDCR has programs to help inmates and parolees with disabilities. The ADA requires someone to help you.

If you think you have a DISABILITY and are having a problem with a program or getting to a place in the prison you can ask for help by using a yellow CDCR Form 1824, Reasonable Accommodation Request. You can also use the CDCR 1824 if you have an allegation of disability-based discrimination.

The Armstrong, Clark, and Coleman cases provided the basis for CDCR's program of providing accommodations to inmates who need them. Copies are available in the prison's law library.

## HELPFUL INFORMATION

- The CDCR 1824 is a yellow form available in your housing unit.

- You can use the CDCR 1824 form to request an accommodation if you have or believe you have a physical or mental impairment that affects your access to a program, service, or activity.

- You can also use the CDCR 1824 to allege of disability-based discrimination.

- Follow the instructions on the CDCR 1824 request form. Contact unit staff if you need help completing the form.

- Submit the CDCR 1824 request form to the Custody Appeals Office.

- Your CDCR 1824 request will receive a response. If you disagree with an 1824 decision, you may submit an appeal (CDCR 602 or 602-HC when disagreeing with a medical diagnosis/treatment decision) for processing at the Second Level. Be sure to attach your 1824 and the response(s).

**The CDCR 1824 is a request process, _not an appeal process._**

**Examples of what is an ADA issue:**

- Difficulty walking or getting around.
- Difficulty using arms/hands.
- Difficulty seeing, hearing, talking.
- Learning/mental health disabilities.
- Personal accommodations like wheelchairs and hearing aids.
- In-cell or housing access issues (bed, sink, toilet, locker, showers).
- Path of Travel (walkways, stairways, ramps, doorways).
- Program access (visiting, yard, dining hall, job/school accommodations).
- Staff assistance/effective communication

**Do not use this form to request health care. Instead, use a CDCR Form 7362**



**Examples of what is not an ADA issue:**

- Medication.
- Medical or dental treatment.
- Specialist referrals.
- Diagnostic exams like MRIs.
- Surgery.
- Implanted medical devices.
- Single cell requests.



*Plant Operations*

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 38 of 115

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Williams James | P-49807 | James Williams |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 6 TO 1 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FW-331 | FW Waste Control A.M. | | Facility Design / Use |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Can I be provided with the official Schematic -
Design of: How "the "Top Bunk" is to be Accessed
physically, per Current Configuration.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☑ SENT THROUGH MAIL: ADDRESSED TO: CTF-Central Plant Operations    DATE MAILED: 8/21/19

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| N/A | | | (CIRCLE ONE) YES NO |

| IF FORWARDED – TO WHOM: CTF-Central Plant Operations | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| | | (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| M. McVay | 8/26/19 | | 8/26/19 |

I DO NOT UNDERSTAND WHAT YOU ARE ASKING FOR. SORRY

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

ER-38

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy

 **HEALTH CARE SERVICES**                    Correctional Training Facility

| | | | |
|---|---|---|---|
| Name: | JAMES WILLIAMS | Patient ID: | 11872596 |
| DOB: | 4/14/1982 | Secondary ID: | P49807 |
| Exam Name: | XR LUMBAR SPINE-4 VWS \| 72110 | Exam Date: | 10/16/2017 10:59 AM |
| Age: | 37Y 3M | | |
| Primary Care Provider: | | | |
| Ordering Provider: | T. Friederichs, MD | | |

CLINICAL INDICATION: Back pain
COMPARISON: None
TECHNIQUE: 4 lumbar spine radiographs

FINDINGS: The bone mineralization is age appropriate. There is no acute fracture or dislocation. Old L1 transverse process injuries or nonunited apophyses are noted. The alignment is anatomic. There are no significant degenerative changes.

Pelvic phleboliths are noted.

IMPRESSION: No acute osseous abnormality.

Report Electronically Signed by:  MARTIN LAUFIK, MD
Report Electronically Signed on:  10/16/2017 11:02 AM



RECEIVED
AUG 0 7 2019
MEDICAL RECORDS
CTF

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 39 of 115

California Correctional Health Care Services

Patient Discharge Instructions

**Name:** WILLIAMS, JAMES      **Current Date:** 08/02/19 11:44:39

**DOB:** 04/14/82      **CDCR:** P49807

**Reason For Visit:** 1:Left paraspinal back pain; 2:Health education; Low back pain

**Recommendations and arrangements for future care**

*/*

**Devices/Equipment:**

**Trust Withdrawal/Copay Orders: Co-pay $5**
10/09/17 11:12:00 PDT, 170.71.227.75.20171005061609193627B053E#1.00,, Nursing, 10/09/17 11:12:00 PDT

Provider Comment:

## MEDICATIONS:
During the course of your visit your medication list was updated with the most current information.

## Continue taking these Medications:
**acetaminophen 325 mg Tab (Tylenol)**
- *For Back pain:* Take 2 tab (Total Dose = 650 mg), by mouth twice a day on your own as needed for pain
- Start Date: May 06, 2019
- Take for: 180 day(s)

*Comments: Do not drink alcoholic beverages when taking this medication. Contains Acetaminophen. Don't use with other drugs that contain Acetaminophen (prescription or nonprescription) unless doctor approves. Too much can cause liver damage. Do not take other ACETAMINOPHEN containing products at the same time without first checking with your doctor. Check all medicine labels carefully.*

**capsaicin 0.025% Cream 60 gm (capsaicin 0.025% topical cream)**
- *For Back pain:* Take 1 app, on the skin three times a day on your own as needed for pain
- Start Date: May 01, 2019
- Take for: 180 day(s)

*Comments: Wash hands after application. Request Refills*

**polycarbophil 625 mg Tab (Fiber Lax)**

Person Full Name WILLIAMS, JAMES DAVID      1 of 10      08/2/2019 11:44:41
CDCR (Encounter Alias) P49807

ER-40

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 40 of 115

- *For Hemorrhoids:* Take 2 tab (Total Dose = 1,250 mg), by mouth twice a day on your own as needed for constipation
- Start Date: July 23, 2019
- Take for: 90 day(s)

*Comments: Take 2 tablets by mouth 2 times a day as needed for constipation (take with a full glass of water) Request refill*

WILLIAMS, JAMES has been given the following list of follow-up instructions, prescriptions, and patient education materials:

**Follow-up Appointments**

**7362 Medical Routine Follow Up 20**
08/02/19 0:01:00 PDT, *14 days, 08/16/19 23:59:00 PDT, 137.252.9.8.20190804011610499419496618#1.00, Losing weight, not getting enough food.

**7362 RN Initial Visit (Symptomatic)**
08/02/19 9:30:00 PDT, 1 business day, 137.252.9.8.20190804011610499419496618#1.00, 08/02/19 23:59:00 PDT, Request to see dietician. Has severe hunger pains and weight/muscle mass loss

**7362 RN Initial Visit (Symptomatic)**
08/05/19 11:20:00 PDT, 3 business day, 137.252.9.68.20190805021702079882784641#1.00, 08/05/19 23:59:00 PDT, need to have ears cleaned, excessive wax build up

**PCP Chronic Care 40**
07/16/19 0:01:00 PDT, 30 days, 08/15/19 23:59:00 PDT, Pt. request MRI for back pain,order to be referred to a chiropractor,extend lower bunk

**Chronos**

**128-D Dental Priority Classification** 10/05/16 10:30:00 PDT, DPC 3

**128-D Dental Priority Classification** 07/28/17 8:52:00 PDT, DPC 4

- **7410** 11/14/17 10:16:00 PST

- **7410** 01/22/18 10:50:00 PST

- **7410** 06/15/18 11:15:00 PDT

- **7410** 12/21/18 12:35:00 PST

Person Full Name WILLIAMS, JAMES DAVID        2 of 10                                08/2/2019 11:44:41
                                             CDCR (Encounter Alias) P49807

ER-41

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 41 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 42 of 115

**7410** 01/24/19 12:40:00 PST

◔ **7410 (SOMS)**
  11/14/17 10:19:15 PST, T, 7410 Expire Date 12/29/2017, LBO, temporary LB while stretches to relieve muscle spasm

◔ **7410 (SOMS)** 01/22/18 10:51:16 PST, T, 7410 Expire Date 4/23/2018, LBO, Hx injury to back

◔ **7410 (SOMS)** 06/15/18 11:15:54 PDT, T, 7410 Expire Date 12/15/2018, LBO, Spinal arthritis

◔ **7410 (SOMS)** 12/21/18 12:36:20 PST, P, 7410 Expire Date 12/31/9999

◔ **7410 (SOMS)** 01/24/19 12:40:45 PST, T, 7410 Expire Date 4/30/2019, LBO, severe L paraspinal myospasm

◔ **7410 (SOMS)** 04/15/19 11:18:00 PDT, T, 7410 Expire Date 7/31/2019, LBO, Severe Left Paraspinal Back Pain

◔ **7410 (SOMS)** 07/31/19 13:04:02 PDT, P, 7410 Expire Date 12/31/9999

**DPC** 11/13/18 9:05:12 PST, DPC 3

**DPC** 01/29/19 13:53:22 PST, DPC 4

**DPW**= Full Time Wheelchair User Impacting Placement          **DPO**= Intermittent Wheelchair User Impacting
Placement                                                                                          Placement

**DPM**=Mobility Impairment Impacting Placement                        **DLT**=Requires Level Terrain NOT Impacting
Placement

**DPH**=Deaf/Hearing Impairment Impacting Placement               **DNH**=Hearing Impairment NOT Impacting Placement

**DPV**=Blind/Vision Impairment Impacting Placement                  **BFWCO**=Barrier Free Wheelchair

**GFLS**= Ground Floor-Limited Stairs                                         **GFNS**=Ground Floor-No Stairs

**LBO**= Lower/Bottom Bunk Only                                              **IAA**=Inmate Attendant/Assistant

**WCFT**=Full Time Wheelchair User                                          **WCLT**=Limited Wheelchair User

**TVWL**=Transport Vehicle with Lift                                          **SC**=Special Cuffing Needed,

  **ETM**=Extra Time for Meals                                                  **UVX**=UV Exposure Restrictions

  **WRN**=No Rooftop Work                                                      **DKD**=Kidney Disease

**UNST**=Unrestricted

Person Full Name WILLIAMS, JAMES DAVID          3 of 10                                    08/2/2019 11:44:41
                                                          CDCR (Encounter Alias) P49807

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 43 of 115

## INMATE APPEAL ROUTE SLIP

To: RAP                                            Date: August 2, 2019

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  CTF-S-19-02586  By Inmate  WILLIAMS, P49807

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue:  ADA
Due Date:  08/30/2019
Special Needs:

STAFF INSTRUCTIONS: Per California Code of Regulations (CCR), Title 15, Section 3084.7(e)(2), first level appeal review requires a personal interview with the inmate unless the appeal is granted.  This policy is not within the institution's jurisdiction and cannot be waived.  CCR, Title 15, Section 3084.7(e)(4) provides that a telephonic interview may be conducted if the inmate is not available in person.



Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

☐  A. Lerma, OT (T)
☐  R. Monroy Jr, Appeals Coordinator
☐  E. Medina, AGPA
CTF

ER-43

Ex B

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 44 of 115

Exhibit B

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 45 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☑ No | Tracking #: | **1 9 0 0 0 7 1 8** |
|---|---|---|---|

CTF HC

M. Chua, RN

AUG 05 2019

Staff Name and Title (Print) | Signature | Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): Williams James D | CDCR #: P-49807 | Unit/Cell #: FW-331

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy: This is an Emergency Appeal CCR15 sec. **3084.9** (a)(1)(A)+ (B), in theres is substantial risk of personal injury or harm, and placement concerns. On 7-31-19 Dr. Nguyen was deliberately indifferent to my medical condition, needs, continuing care, back brace, (Medical Malpractice) violating my U.S. Const. 8th Amendment rights. Dr. Nguyen is not my Primary Care Provider and unfamiliar with my case factors. She would not allow me to explain or describe my circumstances; stating in parts "I'm exaggerating my pain", "There's no medical reason for your pain", "I'm not Renewing your lower bunk only (LBO) accomodation". My request (Form 7362) for Specialty Services (MRI- Chiropractor) was never mentioned as required CCR 15 chapter 2 sec. 3999.301(c). I'm a Chronic Care inmate- CCR15 ch.2 sec 3999.98 who has severe back pain & spasms, who is now being denied (LBO) and the Continuous & Preventive Care CCR15 ch.2 sec. 3999.300(b), 3999.301 (b)(4)(5). I've had serious and painful restrictions in my movements & daily activities that is being disregarded by

Supporting Documents Attached. Refer to CCR 3999.227 ☑ Yes ☐ No Cpgs. Memorandum 7-4-19, Back Prevention 5-11-18, 1313 Medical Discharge 12-31-18, Back Pain 1-8-18

Grievant Signature: James Williams | Date Submitted: July 31, 2019

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section E)

☑ Accepted | Assigned To Central | Title: PCP | Date Assigned 8/6/19 | Date Due: 10/8/19

Interview Conducted? ☐ Yes ☑ No Date of Interview: _____ | Interview Location: _____

Interviewer Name and Title (print): _____ | Signature: _____ | Date: _____

Reviewing Authority Name and Title (print): S. Posson DO CME | Signature: _____ | Date 9/27/19

**Disposition:** See attached letter ☐ Intervention ☑ No Intervention

SEP 27 2019

HCGO Use Only: Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☑ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments:

RECEIVED CTF AUG 05 2019 HCGO

COMPLETED CTF STAFF USE ONLY HCGO

RECEIVED CTF OCT 28 2019 HCGO

COMPLETED HCCAR MAR 2 1 2020

TABE = 12.6

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 46 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #:

| SECTION C: | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response,** explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

Institutional level response is in error & incomplete as it fails to address key issues of grievance. Inst. level response was also completed by CME S. Posson who's actions to delegate medical accommodations to Custody's desire is part of issue but was allowed to be reviewing authority. All issues, facts treatment denials, and daily pain is asserted again to headquarters for remedy. Many issues were not addressed, such as the request for Health Care Ethics Committee, second opinion from outside specialist, and more importantly that my treatment plan was altered, and LBO accommodation removed! solely to accommodate Custody and overcrowding issues, not for any actual medical determinations. Referral for consideration of physical therapy does not suffice. I'm in pain with no True Diagnosis, but denied treatment _continued_→

Grievant Signature: _Janee W. Olea_      Date Submitted: **10/24/2019**

| SECTION D: | HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes   ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)   ☑ Accepted

☐ Amendment   Date: _____

Interview Conducted?   ☐ Yes   ☑ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

**Disposition:** See attached letter   ☐ Intervention   ☐ No Intervention

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant: **JAN 2 1 2020**

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

_____
_____
_____

Grievant Signature: _____   Date Submitted: _____

Staff Name and Title (Print): _____   Signature: _____   Date: _____

# S T A F F   U S E   O N L Y

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

ER-46

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 47 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | |
| --- | --- |
| Tracking #: CTF HC | **19000718** |

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
| --- | --- | --- |
| Williams, James D | P-49807 | FW-331 |

SECTION A: Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

See CCHCS Memorandum 6-4-19 LBO: attached

CTF Central Medical / Dr. Nguyen (at custody's request to) limit Lower Bunk Only chronos even though I need nines. I've been placed at an Unreasonable Risk of Serious damage to my future health Helling v. Mckinney, U.S. 113 S.Ct. 2475, 2481 (1993) As well as no diagnosis of condition, which is permanant CCR 15 ch. 2 sec. 3999.320 (a)(c) and has progressed. Plata v. Newsome (No. C01-1351-JST) U.S. Dist. Court Northern Dist. of California an Health Care Ethics Committee Review is Requested per CCR 15 ch. 2 sec. 3999.127(6). Appellant cannot climb up & down a top bunk with no handles or rails without pain & potential injury. On 6-15-18 I was diagnosed with Spinal Arthritis. Appellant has requested a Specialist to do a Range of Motion determination/diagnosis. ▓▓▓▓▓▓ This will show along with MRI images, the true damage of appellant condition. Not a 5 min fill in PCP that basically looked at me with a indifference to start, and no true understanding of my condition. This 5 min. was after waiting 3 hrs first, which itself made my back flare in pain this night from concrete (cement box area for so long. Failure to treat my issue/conditions which could result in further significant injury, or the Unnecessary & Wanton infliction of pain is a clear violation the 8th Amend. Estelle vs. Gamble, 429 U.S. 97, 104 (1976); Jett v Penner, 439 F.3d 1091, 1096 (9th Cir 2006). Needless pain is actionable McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir 1992) The LBO, M.R.I, Arthritis, Motion/Range, go together don't take a previous diagnosis and make new one nothing at all.

| Grievant Signature: James Williams | Date Submitted: July 31, 2019 |
| --- | --- |

SECTION B: Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

| Name and title: | Signature: | Date : |
| --- | --- | --- |

RECEIVED AUG 05 2019 ER-47 HCGO

COMPLETED CTF SEP 27 2019 HCGO

RECEIVED OCT 23 2019

COMPLETED HCCAB JAN 2 1 2020

**STAFF USE ONLY**

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 48 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #:

**SECTION C:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response):

and permanent diagnosis. The treatment plan/Discharge of Patient/Educational material of Grievant shown in the attached documents clearly states "No Sudden Movements (Climbing Bunk)", "Do Not Twist", "Use handles or lift straps", etc. Removal of LBO and assignment to climb up and down a Top Bunk conflict with these medical documents/instructions. The fact of custody controling who's condition gets accommodation and not medical was not addressed, and that is why PCP Nguyen was indifferent to my impairment & concerns — it's actually under custody's control regardless of my condition. PCP stating my pain is not real and exaggerated was not addressed. No matter how the picture is painted, it's not just that Grievant disagrees with the medical care, its my care is being restricted for none medical reasons, while disregarding my pain, spasms and concerns. I do not have to endure any needless pain. Jumping up and down from Top Bunk inflames and pains grievant and a case by case is requested. Outside diagnosis requested. Diagnosis my ailment, then justify treatment plan change, as of now treatment plan was reduced but PCP still does not know definitive impairment issues

Grievant Signature: _____ Date Submitted: 10/24/2019

**SECTION D:** Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level).

Name and Title: _____   Signature: _____   Date : _____

**S T A F F   U S E   O N L Y**

Distribution: Original - Returned to grievant after completed, Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Headquarters' Level Response

**Closing Date:** JAN 2 1 2020

**To:**     WILLIAMS, JAMES (P49807)
            Correctional Training Facility
            P.O. Box 686
            Soledad, CA 93960-0686

**From:**   California Correctional Health Care Services
            Health Care Correspondence and Appeals Branch
            P.O. Box 588500
            Elk Grove, CA 95758

**Tracking #:**   CTF HC 19000718

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Chrono Issues (Bottom Bunk) | Renewal of bottom bunk accommodation. |
| Issue: | Scheduling (Specialty Referral) | To see a specialist for range of motion diagnosis regarding your back. |
| Issue: | Diagnostic (MRI) | To receive a magnetic resonance imaging (MRI) scan. |

## HEADQUARTERS' LEVEL DISPOSITION

☒ No intervention.    ☐ Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Health care staff, utilizing clinical expertise within the scope of their licensure, is responsible for determining if a health care grievance warrants expedited processing, not the grievant. Your health care grievance was identified by licensed clinical staff to not meet the criteria for expedited processing per California Code of Regulations, Title 15, Section 3999.228(b)(2) and/or 3999.230(b)(1)(B).

It is not in the purview of grievants to dictate administrative actions in regard to the health care grievance process. Your health care grievance was processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5.

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES
ER-49

P.O. Box 588500
Elk Grove, CA  95758

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 50 of 115

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. You are enrolled in the Chronic Care Program where your medical conditions and medication needs are closely monitored. Your medical records support you having received evaluation and treatment for your chronic lower back pain as determined medically necessary, including, but not limited to, primary care provider evaluations, nursing assessment, diagnostic imaging, an accommodation, physical therapy, and medication.

On December 18, 2019, you were seen by the primary care provider for continued chronic lower back pain. The provider reviewed your past x-rays, completed an assessment, and discussed a plan of care with you. The provider informed you that a MRI scan was not indicated and advised that a temporary bottom bunk accommodation would be reinstated while you are ongoing physical therapy. There was no documentation that a referral to a specialist was clinically indicated.

You were seen by the physical therapist on December 22, 2019. The physical therapist completed an assessment and discussed a recommended treatment plan with you. A routine priority physical therapy encounter has been ordered and is currently pending scheduling. You will be notified when the appointment nears.

California Correctional Health Care Services health care providers are trained to treat multiple types of pain in a systematic, step-wise approach based on comprehensive assessment and planning, as outlined in the CCHCS Care Guide: Pain Management. Complete pain relief is not a realistic goal. The goal is to reduce pain and improve function while avoiding significant side effects and risks associated with stronger pain medications or surgery. The assessment and monitoring of your pain is an ongoing process.

Per the Health Care Department Operations Manual, Section 3.6.2, Comprehensive Accommodation, accommodations designated as permanent do not require further review or renewal. The accommodation may be revised or removed by the provider as indicated by the patient's status. The accommodation may be updated or rescinded at any time, even if previously written as permanent.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

p.p. _____
S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

1/17/20
Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES                                          P.O. Box 588500
ER 50                                                        Elk Grove, CA  95758



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:**  SEP 2 7 2019

**To:**   WILLIAMS, JAMES (P49807)
C  FW  3331001L
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

**Tracking #:**  CTF HC 19000718

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Chrono Issues ( Bottom Bunk ) | Patient claims that Dr. Nguyen showed deliberate indifference by not familiarizing herself with his case before deciding not to renew his Lower Bunk Accommodation. |
| Issue: | Referral ( Orthopedics ) | Orthopedic referral |
| Issue: | Diagnostic ( MRI ) | MRI |

## INTERVIEW

Pursuant to California Code of Regulations, Title 15, Section 3999.228(f)(1), an interview was not conducted as you did not request one by initialing the appropriate box on the CDCR 602 HC, Health Care Grievance.

## INSTITUTIONAL LEVEL DISPOSITION

[X]  No intervention.      [ ]  Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.  These records indicate:

You are receiving continuing care for low back pain as determined medically necessary by your Primary Care Provider.  On 7.31.19, you received primary care provider evaluation and monitoring for his history of low back pain.  The PCP completed assessments, noted review of your medical history, current symptoms and reviewed imaging results of x-ray of lumbar spine completed on 10.16.17.  The PCP developed plan of care which

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

RECEIVED
HCCAB
OCT 2 8 2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 52 of 115

includes laboratory orders to determine inflammation and x-rays of the lumbar spine and sacroiliac joint, and to follow up with PCP when needed.  Based on the PCP's physical examination and current CDCR policy, the PCP determined that you do not meet criteria for a low bunk Chrono.   You were followed up by your PCP on 8.13.19 to address your request for an MRI for back pain.  During that encounter, the PCP completed assessments, noted your medical history and current symptoms, reviewed results of the x-ray of the sacroiliac joint and lumbar spine that were completed on 8.7.19 and developed a plan of care.  The PCP confirmed again that you do not meet the current criteria for a low bunk Chrono.  The PCP is responsible to determine the necessity for all specialist recommendations.  The PCP did not indicate any medical necessity for an MRI of the spine nor an indication for a referral to a chiropractor on both encounters.  Your plan of care includes a referral to physical therapy for further evaluation and treatment of chronic back pain and to continue over the counter pain medications as needed.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider.  If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services.  Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures.  Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care.

Health care staff, utilizing clinical expertise within the scope of their licensure, is responsible for determining if a health care grievance warrants expedited processing, not the grievant.  Your health care grievance was identified by licensed clinical staff to not meet the criteria for expedited processing per California Code of Regulations, Title 15, Section 3999.228(b)(2) and/or 3999.230(b)(1)(B).

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers.  You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care.  However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures.  Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

RECEIVED
HCCAP
OCT 28 2019

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 53 of 115

J.WILLIAMS, P49807
CTF HC 19000718
Page 3 of 3

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_____
S. Posson, D.O.
Chief Medical Executive
Correctional Training Facility

_____
Reviewed and Signed Date

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

HCCAB

OCT 2 8 2019

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

ER 53

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 54 of 115



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



# MEMORANDUM

| Date: | June 4, 2019 |
|---|---|
| To: | All Facility C Staff<br>General Population |
| From: | Dr. S. Posson, Chief Medical Executive<br>J. Mislang, Chief Nursing Executive |
| Subject: | *Medical Lower Bunk Accommodation Chrono- Temporary Request Process* |

This memo has been generated to give notice on a new additional process for an inmate patient to renew their *Lower Bunk Medical Accommodation Chrono*, effective Tuesday, June 4, 2019.

In the Facility C Medical Department, inmate patients with requests to renew their *Lower Bunk Medical Accommodation Chrono* can do so through a new process. Central Medical has implemented a "Pill Room List" to help streamline the process for both Medical Staff and the inmate patient.

A sign-up list will be available in each housing Medication Distribution Room Window aka Pill Room Window for inmate patients to request for renewal of their *Lower Bunk Medical Accommodation Chrono*. This process will cut down on the inmate patients' wait time in medical and will now be placed directly on the list to see a Primary Care Physician who will see the patient, review, and validate all accommodations. This process is temporary and will continue only until it is no longer needed.

<u>NOTE:</u> An inmate patient with current medical needs may still utilize the CDCR Form 7362.

Dr. S. Posson, Chief Medical Executive
Correctional Training Facility

J. Mislang, Chief Nursing Executive
Correctional Training Facility

RECEIVED
CTF
AUG 0 5 2019
HCGO

RECEIVED
HCGO

P.O. Box 522500

OCT 2 0 2019

**HEALTH CARE SERVICES**

ER-54

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 55 of 115

- *For GERD (gastroesophageal reflux disease):* Take 1 cap (Total Dose = 20 mg), by mouth once a day on your own as needed for GERD
- Start Date: October 17, 2018
- Take for: 90 day(s)

*Comments: It is very important that you take or use this exactly as directed. Do not skip doses or discontinue unless directed by your doctor. Obtain medical advice before taking any non-prescription drugs as some may affect the action of this medication. Swallow whole. Do not crush.*

WILLIAMS, JAMES DAVID has been given the following list of follow-up instructions, prescriptions, and patient education materials:

## Follow-up Appointments

**7362 RN Initial Visit (Symptomatic)** 12/31/18 9:30:00 PST, 3 business day, 137.252.9.62.20181205281704153585105A5#1.00, 12/31/18 23:59:00 PST, Severe back spasms, cold weather causes pain. Hurts to stand straight at times.

**Medical Chronic Care (CCP) Follow Up 20** 09/13/18 0:01:00 PDT, *180 days (all other chronic conditions), 02/27/19 23:59:00 PST, Back

## Chronos

**128-D Dental Priority Classification** 10/05/16 10:30:00 PDT, DPC 3

**128-D Dental Priority Classification** 07/28/17 8:52:00 PDT, DPC 4

**7410** 11/14/17 10:16:00 PST

**7410** 01/22/18 10:50:00 PST

**7410** 06/15/18 11:15:00 PDT

**7410** 12/21/18 12:35:00 PST

**7410 (SOMS)** 11/14/17 10:19:15 PST, T, 7410 Expire Date 12/29/2017, LBO, temporary LB while stretches to relieve muscle spasm

**7410 (SOMS)** 01/22/18 10:51:16 PST, T, 7410 Expire Date 4/23/2018, LBO, Hx injury to back

**7410 (SOMS)** 06/15/18 11:15:54 PDT, T, 7410 Expire Date 12/15/2018, LBO, Spinal arthritis — *Osteoarthritis stems from wear & tear. Causes Pain & limitation of Motion*

**7410 (SOMS)** 12/21/18 12:36:20 PST, P, 7410 Expire Date 12/31/9999

**DPC** 11/13/18 9:05:12 PST, DPC 3

RECEIVED
OTE
AUG 0 5 2019
OCGO

RECEIVED
HCCAP
OCT 2 8 2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 56 of 115

Patient education materials

# Back Pain, Adult

Back pain is very common in adults. The cause of back pain is rarely dangerous and the pain often gets better over time. The cause of your back pain may not be known. Some common causes of back pain include:

- Strain of the muscles or ligaments supporting the spine.
- Wear and tear (*degeneration*) of the spinal disks.
- Arthritis.
- Direct injury to the back.



For many people, back pain may return. Since back pain is rarely dangerous, most people can learn to manage this condition on their own.

## HOME CARE INSTRUCTIONS

Watch your back pain for any changes. The following actions may help to lessen any discomfort you are feeling:

- Remain active. It is stressful on your back to sit or stand in one place for long periods of time. **Do not** sit, drive, or stand in one place for more than 30 minutes at a time. Take short walks on even surfaces as soon as you are able. Try to increase the length of time you walk each day.
- Exercise regularly as directed by your health care provider. Exercise helps your back heal faster. It also helps avoid future injury by keeping your muscles strong and flexible.
- **Do not** stay in bed. Resting more than 1–2 days can delay your recovery.
- Pay attention to your body when you bend and lift. The most comfortable positions are those that put less stress on your recovering back. Always use proper lifting techniques, including:
  - Bending your knees.
  - Keeping the load close to your body.
  - Avoiding twisting. *Climbing on top bunk.*
- Find a comfortable position to sleep. Use a firm mattress and lie on your side with your knees slightly bent. If you lie on your back, put a pillow under your knees.

*RECEIVED CTF 'AUG 0 5 2019 CGO*

Person Full Name WILLIAMS, JAMES
DAVID                          4 of 7                        01/8/2018 08:59:2

CDCR (Encounter Alias) P49807

ER-56

*RECEIVED HCCAF OCT 2 0 2019*

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 57 of 115

Patient education materials

# Back Injury Prevention

Back injuries can be very painful. They can also be difficult to heal. After having one back injury, you are more likely to injure your back again. It is important to learn how to avoid injuring or re-injuring your back. The following tips can help you to prevent a back injury.

## WHAT SHOULD I KNOW ABOUT PHYSICAL FITNESS?

- Exercise for 30 minutes per day on most days of the week or as told by your doctor. Make sure to:
  - Do aerobic exercises, such as walking, jogging, biking, or swimming.
  - Do exercises that increase balance and strength, such as tai chi and yoga.
  - Do stretching exercises. This helps with flexibility.
  - Try to develop strong belly (*abdominal*) muscles. Your belly muscles help to support your back.
- Stay at a healthy weight. This helps to decrease your risk of a back injury.

## WHAT SHOULD I KNOW ABOUT MY DIET?

- Talk with your doctor about your overall diet. Take supplements and vitamins only as told by your doctor.
- Talk with your doctor about how much calcium and vitamin D you need each day. These nutrients help to prevent weakening of the bones (*osteoporosis*).
- Include good sources of calcium in your diet, such as:
  - Dairy products.
  - Green leafy vegetables.
  - Products that have had calcium added to them (*fortified*).
- Include good sources of vitamin D in your diet, such as:
  - Milk.
  - Foods that have had vitamin D added to them.

## WHAT SHOULD I KNOW ABOUT MY POSTURE?

- Sit up straight and stand up straight. Avoid leaning forward when you sit or hunching over when you stand.
- Choose chairs that have good low-back (*lumbar*) support.
- If you work at a desk, sit close to it so you do not need to lean over. Keep your chin tucked in. Keep your neck drawn back. Keep your elbows bent so your arms look like the letter "L" (*right angle*).
- Sit high and close to the steering wheel when you drive. Add a low-back support to your car seat, if needed.

RECEIVED
CTF
AUG 05 2019
HCGC

RECEIVED
HCCAF
OCT 28 2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 58 of 115

- Avoid sitting or standing in one position for very long. Take breaks to get up, stretch, and walk around at least one time every hour. Take breaks every hour if you are driving for long periods of time. *Climb Down every hour*
- Sleep on your side with your knees slightly bent, or sleep on your back with a pillow under your knees. **Do not** lie on the front of your body to sleep.

## WHAT SHOULD I KNOW ABOUT LIFTING, TWISTING, AND REACHING
### Lifting and Heavy Lifting

- Avoid heavy lifting, especially lifting over and over again. If you must do heavy lifting:



  - Stretch before lifting.
  - Work slowly.
  - Rest between lifts.
  - Use a tool such as a cart or a dolly to move objects if one is available.
  - Make several small trips instead of carrying one heavy load.
  - Ask for help when you need it, especially when moving big objects.
- Follow these steps when lifting:
  - Stand with your feet shoulder-width apart.
  - Get as close to the object as you can. **Do not** pick up a heavy object that is far from your body.
  - Use handles or lifting straps if they are available.
  - Bend at your knees. Squat down, but keep your heels off the floor.
  - Keep your shoulders back. Keep your chin tucked in. Keep your back straight.
  - Lift the object slowly while you tighten the muscles in your legs, belly, and butt. Keep the object as close to the center of your body as possible.
- Follow these steps when putting down a heavy load:
  - Stand with your feet shoulder-width apart.
  - Lower the object slowly while you tighten the muscles in your legs, belly, and butt. Keep the object as close to the center of your body as possible.
  - Keep your shoulders back. Keep your chin tucked in. Keep your back straight.
  - Bend at your knees. Squat down, but keep your heels off the floor.
  - Use handles or lifting straps if they are available. *None Exist*

### Twisting and Reaching

- Avoid lifting heavy objects above your waist. *Bodyweight*
- **Do not** twist at your waist while you are lifting or carrying a load. If you need to turn, move your feet. *Climbing to top bunk*
- **Do not** bend over without bending at your knees.
- Avoid reaching over your head, across a table, or for an object on a high surface.

## WHAT ARE SOME OTHER TIPS?

RECEIVED
CTF
'AUG 0 5 2019
HCGO

RECEIVED
HCCAP
OCT 2 0 2019

Person Full Name WILLIAMS, JAMES DAVID

6 of 10

CDCR (Encounter Alias) P49807

05/11/2018 11:43:26

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 59 of 115

- Avoid wet floors and icy ground. Keep sidewalks clear of ice to prevent falls.
- **Do not** sleep on a mattress that is too soft or too hard.
- Keep items that you use often within easy reach.
- Put heavier objects on shelves at waist level, and put lighter objects on lower or higher shelves.
- Find ways to lower your stress, such as:
  ◦ Exercise.
  ◦ Massage.
  ◦ Relaxation techniques.
- Talk with your doctor if you feel anxious or depressed. These conditions can make back pain worse.
- Wear flat heel shoes with cushioned soles.
- Avoid making quick (*sudden*) movements. Climbing
- Use both shoulder straps when carrying a backpack.
- **Do not** use any tobacco products, including cigarettes, chewing tobacco, or electronic cigarettes. If you need help quitting, ask your doctor.

This information is not intended to replace advice given to you by your health care provider. Make sure you discuss any questions you have with your health care provider.

Document Released: 06/05/2009 Document Revised: 05/03/2016 Document Reviewed: 12/22/2015
Elsevier Interactive Patient Education ©2016 Elsevier Inc.

RECEIVED
CTF
AUG 0 5 2019
HCGO

RECEIVED
HCCAP
OCT 2 8 2019

Person Full Name WILLIAMS, JAMES DAVID

7 of 10

CDCR (Encounter Alias) P49807

05/11/2018 11:43:26

ER-59

Ex.C

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 60 of 115

Exhibit C

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 61 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☑ No | Tracking #: CTF HC 19000796 |
|---|---|---|

Staff Name and Title (Print): M. Chua, RN

Signature: [signature]

Date: AUG 26 2019

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI): Williams James D

CDCR #: P-49807

Unit/Cell #: FW-331

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

C.C.R. 15 chapter 2 sec. 3999.127 (b) patient has questions and is in conflict with Primary Care Provider Assessments, care, treatment plan. On 8-13-19 I was denied an MRI-Nerve specialist and LBO accommodation by yet another PCP (Anderson) who I was meeting for first time, and was unfamiliar with my case factors beyond this initial exam. This PCP Generalized my condition, changed my diagnosis to "Chronic Back Pain" clicked a check box on computer and stated computer says "I'm not elgible for LBO accommodation (After being elgible for past 2 years) it's out of her hands, appeal it." PCP Anderson also stated I have Apophyses (Bone Spur/Growth) which is directly contradicting the January 25, 2019 Addendum by Kalisher, Gloria where it was specifically stated Old L1 transverse Process Injuries Vs. Apophyses,- cont on 602 HCA

Supporting Documents Attached. Refer to CCR 3999.227  ☑ Yes  ☐ No

Grievant Signature: James Williams

Date Submitted: 8-20-19 j.w.

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.  J.W.

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only    Is a CDCR 602 HC A attached? ☑ Yes  ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):  Date: _____  Date: _____

☐ Withdrawn (see section E)

☑ Accepted    Assigned To: Central    Title: PCP    Date Assigned: 8/26/19    Date Due: 10/29/19

Interview Conducted? ☑ Yes ☐ No    Date of Interview: OCT 11 2019    Interview Location: _____

Interviewer Name and Title (print): M. Chua, RN OSSO    Signature: [signature]    Date: OCT 11 2019

Reviewing Authority Name and Title (print): CCHMEO CTF    Signature: [signature]    Date: 10/16/19

Disposition: See attached letter    ☑ Intervention    ☐ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: OCT 16 2019

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** |
| ☑ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: Tabe = 12.6

ER-61

[stamps: RECEIVED CTF AUG 26 2019 HCGO / STAFF COMPLETED CTF OCT 16 2019 STAFF USE ONLY / RECEIVED HCCAP NOV 18 2019 / COMPLETED HCCAB FEB 10 2020 / HCGO]

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

**1 9 0 0 0 7 9 6**

Tracking #:

| SECTION C: | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response,** explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

Institutional Level Response is in error and is misleading in its narrative of PCP determinations. Attached form 22 dated 10/16/19 shows there is "No Criteria" to fit for accommodations period. Instead, Custody controls a list of Conditions custody will accommodate - there is no specific ▓▓▓ criteria as the PCP and Inst level response would lead one to think. Aside from the removal of the low bunk only which has been a part of my treatment and prevention plan for pain for 2 years prior. To help custody with bunk space, the PCP generalized my Condition as "Chronic Back Pain", which custody does not accommodate with LBO, when my Medical condition is more then this PCP is diagnosing. Inst level response does not address the lack of

Grievant Signature: _James Wootton_     Date Submitted: 11-13-19

| SECTION D: | HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)   ☑ Accepted

☐ Amendment   Date: _____

Interview Conducted? ☐ Yes ☑ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

**Disposition: See attached letter** ☐ Intervention    ☑ No Intervention

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant: FEB 1 0 2020

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

Grievant Signature: _____   Date Submitted: _____

Staff Name and Title (Print): _____   Signature: _____   Date: _____

# S T A F F   U S E   O N L Y

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

ER-62

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 62 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 63 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY |
| --- |
| Tracking #: CTF HC 19000796 |

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Williams, James D | CDCR Number: P-49801 | Unit/Cell Number: Fw-331 |
| --- | --- | --- |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

P.C.P. Silva diagnosed as Post Traumatic Arthritic Syndrome (PTAS). This is the third diagnosis in under (2) two years, each has been to limit my care, treatment plan, accommodations. I'm requesting Outside Agency to properly identify, diagnose, treat what has been causing me pain and restricted body movements. C.C.R. 15 chapter 2 sec. 3999.301(b)(4)(5). This deliberate and malicious mis-diagnosis has led to delay of care & treatment. Health Care Ethics Committee Requested, CCR 15 chapter 2 sec. 3999.127(b), Second medical opinion requested, Treatment plan for Spasms and Test of Range of Motion (Back Movement) properly addressed. X-Rays are for bones and does not show what damage was done to tissue/nerves which is connected to spasms but deliberately ignored beyond documenting. I've been in Severe Pain - C.C.R. 15 sec 3350 (b)(4), that has been ongoing. I'm Chronic Care but removed from that status CCR 15 chapter 2 sec 3999.98 "Chronic Care," who is being denied "Continous Care," "Preventative Care," and "Continuous Improvement" as is my right, CCR 15 chapter 2 sec 3999.300(b) with accommodation request to match my needs to the capabilities of the facility denied, CCR 15 ch. 2 sec. 3999.320(a) and MRI request repeatively denied, CCR 15 ch.2 sec. 3999.301(c), violating my 8th Amendment U.S. Const. right. There is a lack of care, diagnosis, treatment I want corrected.

Grievant Signature: _James Williams_     Date Submitted: 8-20-19

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____     Signature: _____     Date: _____

RECEIVED CTF AUG 26 2019 HCGO     COMPLETED CTF OCT 16 2019 HCGO     RECEIVED HCCAB NOV 18 2019     COMPLETED HCCAB FEB 1 2019     STAFF USE ONLY     ER-63

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 64 of 115

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
HEALTH CARE GRIEVANCE ATTACHMENT
Page 2 of 2
CDCR 602 HC A (10/18)

**1 9 0 0 0 7 9 6**    Tracking #:

**SECTION C:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response):

permanant and current diagnosis of illness/injury. The request to have outside specialist, MRI, and a request for Health Care Ethics Committee review was never fully addressed in Inst.level response. I'm in current pain yet the only thing Medical - PCP Anderson, CME S.Posson are concerned about is removing inmates accommodations per Custody. There is yet to be any Range of Motion test, nor Nerve test done to explain the spasms and show why the LBO accommodation is needed. The only on-going treatment is to remove part of already established treatment. All contentions are asserted again. The pain I'm told to endure, multiple diagnosis, blatent denial of any type of specialist, no second opinion, is deliberate disregard for my care and treatment. Inst.level response Disposition states Intervention, yet the only change was to remove my LBO chrono and to say wait for future Therapy. If Physical Therapy is required how are existing LBO for treatment and prevention is no longer valid? I want to be properly diagnosed in order to recieve accurate treatment plan.

Grievant Signature: _James McODean_    Date Submitted: _11/13/19_

**SECTION D:** Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level).

Name and Title: _____    Signature: _____    Date : _____

**S T A F F   U S E   O N L Y**

Distribution: Original - Returned to grievant after completed, Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

 

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 65 of 115

**Headquarters' Level Response**

**Closing Date:** FEB 1 0 2020

**To:**  WILLIAMS, JAMES (P49807)
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

**From:**  California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**  CTF HC 19000796

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Diagnostic (MRI) | Lower back magnetic resonance imaging (MRI) scan. |
| Issue: | Referral (Neurology) | You have been denied a referral to a nerve specialist. |
| Issue: | Chrono Issues (Bottom Bunk) | Bottom bunk accommodation. |
| Issue: | Scheduling (Specialty Referral) | To be seen by an outside agency regarding your lower back. |
| Issue: | Disagreement with Treatment (Primary Care Provider) | Regarding your lower back pain. |

## HEADQUARTERS' LEVEL DISPOSITION

☒ No intervention.     ☐ Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. You are enrolled in the Chronic Care Program where your medical conditions and medication needs are closely monitored. Your medical records support you having received evaluation and treatment for your chronic lower back pain as determined medically necessary, including, but not limited to, primary care

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

J. WILLIAMS, P49807
CTF HC 19000796
Page 2 of 2

provider evaluations, nursing assessments, diagnostic imaging, an accommodation, physical therapy, and medication.

On December 18, 2019, you were seen by the primary care provider for your continued chronic lower back pain. The provider reviewed your past x-rays, completed an assessment, and discussed a plan of care with you. The provider informed you that a MRI scan was not indicated and advised that a temporary bottom bunk accommodation would be reinstated while you were undergoing physical therapy. There was no documentation that a referral to a specialist was clinically indicated.

You were seen by the physical therapist on December 22, 2019. The physical therapist completed an assessment and discussed a recommended treatment plan with you.

On January 13, 2020, you were seen by the primary care provider to discuss your thoracic spine x-ray. The provider noted there was no evidence of scoliosis or a herniated disk. The provider instructed you to complete stretching exercises and ordered lidocaine topical patches for additional pain management.

California Correctional Health Care Services health care providers are trained to treat multiple types of pain in a systematic, step-wise approach based on comprehensive assessment and planning, as outlined in the CCHCS Care Guide: Pain Management. Complete pain relief is not a realistic goal. The goal is to reduce pain and improve function while avoiding significant side effects and risks associated with stronger pain medications or surgery. The assessment and monitoring of your pain is an ongoing process.

Per the Health Care Department Operations Manual, Section 3.6.2, Comprehensive Accommodation, accommodations designated as permanent do not require further review or renewal. The accommodation may be revised or removed by the provider as indicated by the patient's status. The accommodation may be updated or rescinded at any time, even if previously written as permanent.

You may request the services of an outside consultant by following the directions in California Code of Regulations, Title 15, Section 3999.207.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

2/7/20
Reviewed and Signed Date

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA  95758

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 67 of 115



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:**   OCT 1 6 2019

**To:**   WILLIAMS, JAMES (P49807)
C  FW  3331001L
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

**Tracking #:**   CTF HC 19000796

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Diagnostic ( MRI ) | Denial of MRI |
| Issue: | Referral ( Neurology ) | Referral to nerve specialist denied |
| Issue: | Chrono Issues ( Bottom Bunk ) | Low bunk chrono denied |
| Issue: | Disagreement with Treatment ( Primary Care Provider ) | Diagnosis and treatment by outside agency |
| Issue: | Bodily Injury ( Back/Spine ) | Patient indicates ongoing pain |

## INTERVIEW

On 10/11/19, you were interviewed by M. Chua, Health Care Appeals Registered Nurse (A) regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

☐ No intervention.   ☒ Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.  These records indicate:

You are receiving continuing care for your back pain as determined medically necessary by your Primary Care Provider (PCP).  You submitted a 7362- Health Care Services Request Form  that was received on 7.13.19,

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

RECEIVED
HCCAP
NOV 1 8 2019

J.WILLIAMS, P49807
CTF HC 19000796
Page 2 of 2

requesting for an MRI of his lumbar spine, a referral to a specialist: chiropractor and extension of your low bunk Chrono.  On 7.31.19, you received primary care provider by the covering PCP for low bunk Chrono and monitoring for your history of back pain.  The PCP completed assessments, noted review of your medical history, and current symptoms.  Based on physical examination and current CDCR policy, the PCP determined that you do not meet criteria for a low bunk Chrono.  Your PCP developed a plan of care which includes lab work up to see if there is any inflammation and x-ray orders for lumbar spine and sacroiliac joints.  X-rays were completed on 8.7.19 which show no acute bone abnormality.  You had a PCP (regular PCP) follow up on 8.13.19 to address your request for MRI for back pain and discuss denial of low bunk Chrono.  Your PCP reviewed recent x-rays, noted current symptoms and your medical history and completed a physical exam.  Based on the PCP examination and review of recent x-rays, regular PCP agreed with covering PCP's determination that you do not meet criteria for a low bunk Chrono.  You were recently seen by your regular PCP on 10.14.19 to follow up your complaint of back pain.  Based on your PCP's examination, recent x-ray results and current CDCR policy, there is no indication for the following:  referral to a specialist, MRI of the back, and low bunk Chrono.   Your plan of care includes conservative management for likely myofascial pain with acetaminophen 650 mg twice a day as needed for pain and capsaicin topical cream three times a day as needed for pain.  You have current orders for physical therapy services, pending scheduling.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers.  You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care.  However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures.  Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

S. Posson, D.O.
Chief Medical Executive
Correctional Training Facility

10/16/19

Reviewed and Signed Date

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 68 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 69 of 115

# FACTS

These are facts adopted from (PCP) Progress Notes over (2) two year time span, 3-4 PCP's - 1 Physical Therapy)

1. (3) Three Separate/Contradicting Diagnosis - Treatment/Care plans.
2. Transverse Process Injury.
3. Paraspinal Myospasms noted to occur.
4. Left Leg Quivers at times when spasms occur noted.
5. Decreased Left Ankle Jerk noted to occur.
6. Gait has been visually noted to become abnormal.
7. Mild Scoliosis Notable to left side - Stiff Lumbosacral.
8. Mild decreased Anterior Flexion.
9. Paraspinal Musculature is soft.
10. Movement Stiff.
11. Decreased strength and stability of spinal and Postural Musculature - resulting in pain.
12. Continued decreased strength and Stability of Core and Spinal Musculature.
13. Pelvic Phleboliths are noted.

#P-49807

Dated: 8-20-19                    James Williams
                                  James Williams

RECEIVED
OTC
AUG 2 6 2019
HCGO

RECEIVED
HCCAP
NOV 1 8 2019

ER-69

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 70 of 115

# Declaration

I James Williams declare the following to be true and correct under penalty of perjury.

1. I am currently in pain and having nerve pinched spasms.

2. These nerve pinches force me to bend in hold my knees when I sneeze out of pain/instability.

3. My diagnosis and treatment plan is changed every time a different (PCP) Primary Care Provider sees me, which it has been (5) Five Separate PCP's in (2) two years span.

4. I have requested Mobility Test, to properly document my limitation of Movements, but denied.

5. That medical staff has denied proper treatment, and access, no PCP follow ups to medical request.

6. I have some type of Nerve/Tissue/Muscle damage-illness. which is causing me pain and interfering with daily functions.

Executed at Soledad, C.A.
    Dated: October 10, 2019        James W. O'Con
                                    James Williams

RECEIVED
HCCAP
NOV 18 2019

RECEIVED
OCT 11 2019

ER-70



CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

Correctional Training Facility

| | | | |
|---|---|---|---|
| Name: | JAMES WILLIAMS | Patient ID: | 11872596 |
| DOB: | 4/14/1982 | Secondary ID: | P49807 |
| Exam Name: | XR LUMBAR SPINE-4 VWS \| 72110 | | |
| | | Exam Date: | 10/16/2017 10:59 AM |
| Age: | 37Y 3M | | |
| Primary Care Provider: | | | |
| Ordering Provider: | T. Friederichs, MD | | |

CLINICAL INDICATION: Back pain
COMPARISON: None
TECHNIQUE: 4 lumbar spine radiographs

FINDINGS: The bone mineralization is age appropriate. There is no acute fracture or dislocation. Old L1 transverse process injuries or nonunited apophyses are noted. The alignment is anatomic. There are no significant degenerative changes.

Pelvic phleboliths are noted.

IMPRESSION: No acute osseous abnormality.

Report Electronically Signed by:  MARTIN LAUFIK, MD
Report Electronically Signed on:  10/16/2017 11:02 AM

RECEIVED
AUG 0 7 2019
MEDICAL RECORDS
CTF

RECEIVED
HCCAP
NOV 1 8 2019

RECEIVED
CTF
AUG 2 6 2019
HCGO

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 71 of 115

CTF - Correctional Training Facility

Patient:        **WILLIAMS, JAMES**
DOB/Age/Sex:  4/14/1982  / 37 years      / Male        CDCR: P49807

---

### *Progress Notes*

---

**Addendum by Kalisher, Gloria P&S on** January 25, 2019 **09:45:29 PST**
Hyperpigmented lesion about 2 mm L lumbar region may need bx next visit

**Chief Complaint**
requesting lower bunk chrono

**History of Present Illness**
F/U LBP see 7362 12/28/18

Most recently seen by PCP 9/13/18: "Patient is a 36 y/o male here for f/u back pain
Original injury 2001 MVA, man v. auto
Worse with weather changes
Combination of therapies help"

Underwent PT x 14 2018 stopped 7/31/2018

Xray LS spine 10/16/17 was negative/normal
Meds: Tylenol prn and capsaicin cream

When pt was seen by me on 11/14/17 "F/U Xray LS spine 10/16/17 showed old L1
transverse process injuries vs nonunited apophyses
See 7362 10/6/17 for back pain; had old injury 2001 when "got ran over" after police chase;
WC injury 2006 from lifting.
Pt is not on any prescribed meds; takes ibuprofen OTC but upset stomach so stopped
No prior films to compare
Also using muscle rub
Pain varies w/weather and worse if cold.  Sometimes w/change of position from supine to
standing so has to turn over to side to get up.
"The way bunks are designed" makes it worse since has to lean forward when sits up in
bed.
Not assigned
Does stretching; walks OK
Occ pushups
Hurts coming down and sometimes up to bunk
pain goes up back and not down to legs"

**Review of Systems**
GI:  stools sometimes hard and strains; blood noted in past w/hx hemorrhoids
GU: OK

**Physical Exam**
  Vitals & Measurements
T: 37.1  °C (Oral)  **HR:** 59 (Peripheral)  **RR:** 16  **BP:** 127/77  **SpO2:** 99%
**WT:** 79.7 kg
WDWNBM in NAD

Back w/tender L paraspinal myospasm from midscapular down to posterior iliac crest

**Problem List/Past Medical History**
  Ongoing
    H/O viral warts/on back and face
    Hemorrhoids
  Historical
    No qualifying data

  **Medications**
  **Active Medications:**
  acetaminophen  650 mg Oral BID-KOP KOP
  PRN: pain
  capsaicin topical  1 app Topical TID-KOP KOP
  PRN: pain
  phenylephrine topical  1 supp Per rectum
  Daily-KOP KOP PRN: hemorrhoids
  polycarbophil  1,250 mg Oral BID-KOP KOP
  PRN: constipation

  **Allergies**
  Almond Oil
  penicillin
  almond

  **Family History**
    Hypertension: Mother.

RECEIVED
CTF
AUG 2 6 2019
HCGO

---

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

---

Report Request ID:  20737056                    Print Date/Time:   8/8/2019 07:03 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

ER-72

RECEIVED
HCCAR
NOV 1 8 2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 72 of 115

**CTF - Correctional Training Facility**

Patient:        **WILLIAMS, JAMES**
DOB/Age/Sex:   4/14/1982   / 37 years      / Male          CDCR: P49807

## *Progress Notes*

SLR - w/quivering of L leg when straight out > R.
Decreased R lateral flexion due to pain
Anterior flexion OK
Can heel/toe

**Assessment/Plan**
* 1. Back pain
    due to myospasm
    shown pelvic rolls, extended child and child stretches
    roll up blanket and stretch
    discussed
    BB x 3 mos until re-eval •

Hemorrhoids
, maintain fluid intake
Ordered:
phenylephrine topical, 1 supp, PR, Supp, Daily-KOP, PRN hemorrhoids, Administration Type
KOP, Order Duration: 7 day, First Dose: 01/24/19 12:39:00 PST, Stop Date: 01/31/19
12:38:00 PST
polycarbophil, 1,250 mg, Oral, Tab, BID-KOP, PRN constipation, Administration Type KOP,
Order Duration: 90 day, First Dose: 01/24/19 12:39:00 PST, Stop Date: 04/24/19 12:38:00
PDT

Orders:
Medical Episodic Care Follow Up 20

Document Type:
Document Subject:                    Outpatient Progress Note
Service Date/Time:                   Office Visit Note
Result Status:                       9/13/2018 10:03 PDT
Perform Information:                 Auth (Verified)
Sign Information:                    Silva,John P&S (9/13/2018 10:03 PDT)
Authentication Information:          Silva,John P&S (9/13/2018 10:04 PDT)
                                     Silva,John P&S (9/13/2018 10:04 PDT); Silva,John P&S
                                     (9/13/2018 10:04 PDT)

**Chief Complaint**                              **Problem List/Past Medical History**
f/u back                                            Ongoing
                                                       H/O viral warts/on back and face
**History of Present Illness**                         Hemorrhoids
Patient is a 36 yo male here for f/u back pain      Historical
• Original injury 2001 MVA, man v. auto                No qualifying data
• Worse with weather changes
• Combination of therapies help                  **Medications**
**Medications (3) Active**                          Inpatient
                                                       capsaicin 0.025% topical cream, 1 app,
+1-acetaminophen 325 mg Tab  650 mg 2 tab, Oral, BID-KOP   Topical, TID-KOP, PRN

RECEIVED
CTF
AUG 2 6 2019

HCGO

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:   20737056                          Print Date/Time:   8/8/2019 07:03 PDT

RECEIVE

HCCAP

NOV 1 8 2019

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

ER-73

CTF - Correctional Training Facility

Patient:     **WILLIAMS, JAMES**
DOB/Age/Sex: 4/14/1982  / 37 years    / Male        CDCR: P49807

## Progress Notes

| Document Type: | Physical Therapy Progress Note |
| Document Subject: | PT visit |
| Service Date/Time: | 7/8/2018 13:29 PDT |
| Result Status: | Auth (Verified) |
| Perform Information: | Huxley,Christine Physical Therapist (7/8/2018 13:42 PDT) |
| Sign Information: | Huxley,Christine Physical Therapist (7/8/2018 13:42 PDT) |
| Authentication Information: | Huxley,Christine Physical Therapist (7/8/2018 13:42 PDT) |

S: Patient states that he has not felt his shoulder pain as much, but still has pain in his low back.
O: dead bugs, SLR with ER, SKOS
A: patient making good progress with PT for postural and scapular stabilizers, however, continues to have decreased strength and stability of core and spinal musculature resulting in increased pain. patient tolerates exercises well today and will continue to benefit from PT services to improve tolerance to ADLs and decrease pain. •
P: continue PT 1x/every other week.

Electronically Signed on 07/08/2018 01:42 PM PDT

Huxley, Christine Physical Therapist, Physical T

| Document Type: | Physical Therapy Progress Note |
| Document Subject: | PT visit |
| Service Date/Time: | 6/28/2018 09:26 PDT |
| Result Status: | Auth (Verified) |
| Perform Information: | Huxley,Christine Physical Therapist (6/28/2018 09:49 PDT) |
| Sign Information: | Huxley,Christine Physical Therapist (6/28/2018 09:49 PDT) |
| Authentication Information: | Huxley,Christine Physical Therapist (6/28/2018 09:49 PDT) |

S: Patient reports that the low back has not been hurting as bad, but his shoulder blade area is.
O: SLR abduction ABCs, sidelying ER, prone T, pass throughs, pelvic tilt work
A: patient making good progress with PT, however, continues to have decreased strength and stability of spinal and postural musculature resulting in pain with ADLs. patient tolerates exercises without compensation today and finds a good grip to complete pass throughs without compensation. patient will continue to benefit from PT services to improve pain and function. ↲
P: continue PT 1x/every other week.

Electronically Signed on 06/28/2018 09:49 AM PDT

Huxley, Christine Physical Therapist, Physical T

RECEIVED
CTF
AUG 2 6 2019
HCGO

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  20737056                Print Date/Time:  8/8/2019 07:03 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

RECEIVED
HCCAP
NOV 1 8 2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 74 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 75 of 115

CTF - Correctional Training Facility

Patient:        **WILLIAMS, JAMES**
DOB/Age/Sex:   4/14/1982   / 37 years      / Male        CDCR: P49807

## *Progress Notes*

hydrocortisone topical, 1 app, PR, Cream, BID-KOP, Administration Type KOP, Order
Duration: 14 day, First Dose: 06/16/18 14:00:00 PDT, Stop Date: 06/30/18 13:59:00 PDT

2. Back pain
   Improving even after 2 PT sessions despite increased pain

Orders:
omeprazole, 20 mg, Oral, Cap-DR, Daily-KOP, PRN GERD, Administration Type KOP, Order
Duration: 90 day, First Dose: 07/19/18 15:04:00 PDT, Stop Date: 10/17/18 15:03:00 PDT
7410

[1] XR LUMBAR SPINE-4 VWS; 10/16/2017 00:00 PDT

Document Type:                    Outpatient Progress Note
Document Subject:                 Office Visit Note
Service Date/Time:                4/18/2018 11:10 PDT
Result Status:                    Auth (Verified)
Perform Information:              Silva,John P&S (4/18/2018 11:11 PDT)
Sign Information:                 Silva,John P&S (4/18/2018 11:12 PDT)
Authentication Information:       Silva,John P&S (4/18/2018 11:12 PDT); Silva,John P&S
                                  (4/18/2018 11:12 PDT)

**Chief Complaint**
f/u back

**History of Present Illness**
Patient is a 36 yo male here for f/u back
back acts up in the cold
The patient complains of back pain for the past many years. There is yes history of injury or
trauma, 2001, amd WC 2006-7
The pain is located in the left lumbar area and is described as radiating from one hurt.
There is no radiation of the painexcept up to the left shoulder. Gait is abnormal
Pain level averages 7/10. NSAIDS provide significant relief from pain. Lessens the
tightness.
Pain is improved with creams. Pain is worsened when he bending, sneezing. Pain interferes
with sleep
The patient denies fevers, chills, sweats, or hematuria. There is also no leg weakness, foot
drop, bowel or bladder retention/incontinence or inner thigh numbness.

**Medications (2) Active**
APAP 325 up to six daily
+1-omeprazole 20 mg Cap-DR  20 mg 1 cap, Oral, Daily-KOP
+capsaicin 0.025% Cream 60 gm  1 app, Topical, TID-KOP

**Problem List/Past Medical History**
Ongoing
   H/O viral warts/on back and face
Historical
   No qualifying data

**Medications**
Inpatient
   amitriptyline, 10 mg, Oral, Once a day at
      bedtime
   capsaicin 0.025% topical cream, 1 app,
      Topical, TID-KOP, PRN
   omeprazole, 20 mg, 1 cap, Oral,
      Daily-KOP, PRN
   polycarbophil, 1250 mg, 2 tab, Oral,
      BID-KOP
Home
   No active home medications

**Allergies**
Almond Oil
penicillin
almond

RECEIVED
CTF
AUG 2 6 2019
HCGO

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  20737056                              Print Date/Time:  8/8/2019 07:03 PDT

**WARNING:** **This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.**

RECEIVED
HCCAP
NOV 1 8 2019

ER-75

**CTF - Correctional Training Facility**

Patient: **WILLIAMS, JAMES**
DOB/Age/Sex:   4/14/1982  / 37 years   / Male          CDCR: P49807

| *Progress Notes* |
| --- |

**Review of Systems**
Constitutional: No fever or weight changes_
HEENT/Neck: No cold or allergy symptoms_
Respiratory: No cough or dyspnea_
Cardiovascular: No chest pain or palpitations_
Gastrointestinal: No NVD, hemorrhoids, bleeding lesser now
Genitourinary: No hematuria dysuria_
Hematologic/Lymphatic/Immunologic: No new lumps or bumps_
Musculoskeletal: as per hpi
Skin: No rashes_
Neurological: No headaches or dizziness_

**Physical Exam**

**Vitals & Measurements**
**T:** 36.7 °C (Oral) **HR:** 48 (Peripheral) **RR:** 20 **BP:** 121/77 **SpO2:** 100%
**WT:** 81.64 kg
GENERAL: Well-developed well-nourished male no acute distress
HEENT: Head and neck reveals no oral pharyngeal inflammation, or pallor

BACK: Back straight without deformity, except for mild scoliosis more notable on the left.
Stiff lumbosacral with flexion and rotation to the left
EXTREMITIES: No peripheral edema
NEUROLOGICAL: Alert and oriented ×3, from ankle jerks and knee jerks
Labs of note:_

**Assessment/Plan**
1. Hemorrhoids
   Can cut back on the docusate as it causes stools that are too loose
Ordered:
polycarbophil, 1,250 mg, Oral, Tab, BID-KOP, Administration Type KOP, Order Duration: 60
day, First Dose: 04/20/18 14:00:00 PDT, Stop Date: 06/19/18 13:59:00 PDT
CBC with Diff

2. Back pain
   We will initiate physical therapy at this time.  Information sheet about back exercises
   given to begin.
Ordered:
amitriptyline, 10 mg, Oral, Tab, Once a day at bedtime, Administration Type NA, Automatic
Refill, Medication Indication pain, Order Duration: 60 day, First Dose: 04/19/18 21:00:00
PDT, Stop Date: 06/18/18 20:59:00 PDT
Medical Episodic Care Follow Up 20
Request Referral to Physical Therapy (PT) Outpatient Eval and Treat

**Family History**
   Hypertension: Mother.

RECEIVED
HCCAR
NOV 1 8 2019

RECEIVED
CTF
AUG 2 6 2019

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:   20737056                                    Print Date/Time:  8/8/2019 07:03 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

ER-76

**CTF - Correctional Training Facility**

Patient:    **WILLIAMS, JAMES**
DOB/Age/Sex:  4/14/1982 / 37 years   / Male     CDCR: P49807

## *Progress Notes*

Document Type:              Outpatient Progress Note
Document Subject:          Office Visit Note
Service Date/Time:         1/22/2018 10:58 PST
Result Status:              Auth (Verified)
Perform Information:       Silva,John P&S (1/22/2018 10:59 PST)
Sign Information:            Silva,John P&S (1/22/2018 10:59 PST)
Authentication Information:   Silva,John P&S (1/22/2018 10:59 PST); Silva,John P&S
(1/22/2018 10:59 PST)

**Chief Complaint**
request colonoscopy

**History of Present Illness**
35 yo male with hematochezia.
it hurts also and bleeds with defecation

**Review of Systems**
MSK Ros: back pain continues, no radition no incontinence symptoms

**Physical Exam**

Vitals & Measurements
T: 37.1 °C (Oral)  HR: 54 (Peripheral)  RR: 18  BP: 107/70  SpO2: 100%
WT: 80.73 kg

**Vital Signs (last 24 hrs)**       **Last Charted**

| | | |
|---|---|---|
| Temp Oral | 37.1 DegC | (JAN 22 10:19) |
| Heart Rate Peripheral | L 54bpm | (JAN 22 10:19) |
| Resp Rate | 18 br/min | (JAN 22 10:19) |
| SBP | 107 mmHg | (JAN 22 10:19) |
| DBP | 70 mmHg | (JAN 22 10:19) |
| SpO2 | 100 % | (JAN 22 10:19) |
| Weight | 80.73 kg | (JAN 22 10:19) |
| Height | 180.34 cm | (JAN 22 10:19) |
| BMI | 24.82 | (JAN 22 10:19) |

Anoscopic exam reveals a 12:00 firm hemorrhoid nonthrombosed
Determination of lower extremities reveals normal deep tendon reflexes
He shouldn't walks with normal posture
Paraspinous musculature is soft

**Assessment/Plan**
1. Hemorrhoids
Ordered:
docusate, 100 mg, Oral, Cap, BID-KOP, PRN constipation, Administration Type KOP, Order
Duration: 14 day, First Dose: 01/23/18 14:00:00 PST, Stop Date: 02/06/18 13:59:00 PST
hydrocortisone topical, 25 mg = 1 supp, PR, Supp, BID-KOP, PRN hemorrhoids,
Administration Type KOP, Order Duration: 14 day, First Dose: 01/23/18 14:00:00 PST, Stop
Date: 02/06/18 13:59:00 PST

**Problem List/Past Medical History**
Ongoing
   H/O viral warts/on back and face
Historical
   No qualifying data

**Medications**
Inpatient
   acetaminophen NURSE OTC
      PROTOCOL, 650 mg, 2 tab, Oral,
      TID-KOP, PRN
   Anucort-HC 25 mg rectal suppository, 25
      mg, 1 supp, PR, BID-KOP, PRN
   capsaicin 0.025% topical cream, 1 app,
      Topical, TID-KOP, PRN
   capsaicin 0.025% topical cream, 1 app,
      Topical, TID-KOP, PRN
   Colace, 100 mg, 1 cap, Oral, BID-KOP,
      PRN
Home
   No active home medications

**Allergies**
Almond Oil
penicillin
almond

**Family History**
Hypertension: Mother.

CLINICAL INDICATION: Back pain
COMPARISON: None TECHNIQUE: 4 lumbar
spine radiographs FINDINGS: The bone
mineralization is age appropriate. There is no
acute fracture or dislocation. Old L1 transverse
process injuries or nonunited apophyses are
noted. The alignment is anatomic. There are
no significant degenerative changes. Pelvic
phleboliths are noted. IMPRESSION: No acute

Case: 21-16094, 09/29/2021, ID: 12243347, DktEntry: 9, Page 77 of 115

---

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

---

Report Request ID:  20737056                  Print Date/Time:  8/8/2019 07:03 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only

ER-77

**CTF - Correctional Training Facility**

Patient: **WILLIAMS, JAMES**
DOB/Age/Sex: 4/14/1982 / 37 years   / Male        CDCR: P49807

## *Progress Notes*

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 78 of 115

2. Back pain                                                      osseous abnormality.
   Review rest revealed minor trauma to  L1 transverse process.
   Ordered:                                                       [1]
acetaminophen, 650 mg, Oral, Tab, TID-KOP, PRN pain, Administration Type KOP, Order
Duration: 60 day, First Dose: 01/22/18 10:47:00 PST, Stop Date: 03/23/18 10:46:00 PDT
capsaicin topical, 1 app, Topical, Cream, TID-KOP, PRN pain, Administration Type KOP,
Order Duration: 90 day, First Dose: 02/12/18 11:00:00 PST, Stop Date: 05/13/18 10:59:00
PDT
7410
Medical Chronic Care (CCP) Follow Up 20

[1] XR LUMBAR SPINE-4 VWS; 10/16/2017 00:00 PDT

---

Document Type:                    Outpatient Progress Note
Document Subject:                 Office Visit Note
Service Date/Time:                11/14/2017 10:21 PST
Result Status:                    Auth (Verified)
Perform Information:              Kalisher,Gloria P&S (11/14/2017 10:22 PST)
Sign Information:                 Kalisher,Gloria P&S (11/14/2017 10:22 PST)
Authentication Information:       Kalisher,Gloria P&S (11/14/2017 10:22 PST)

**Chief Complaint**                    **Problem List/Past Medical History**
lumbar xray results                    Ongoing
                                          H/O viral warts/on back and face
**History of Present Illness**             Historical
F/U Xray LS spine 10/16/17 showed old L1 transverse process injuries vs nonunited        No qualifying data
apophyses
See 7362 10/6/17 for back pain; had old injury 2001 when "got ran over" after police chase;   **Medications**
WC injury 2006 from lifting.                Inpatient
Pt is not on any prescribed meds; takes ibuprofen OTC but upset stomach so stopped          capsaicin 0.025% topical cream, 1 app,
No prior films to compare                      Topical, TID-KOP, PRN
Also using muscle rub                       Home
Pain varies w/weather and worse if cold.  Sometimes w/change of position from supine to     No active home medications
standing so has to turn over to side to get up.
"The way bunks are designed" makes it worse since has to lean forward when sits up in   **Allergies**
bed.                                       Almond Oil
Not assigned                               penicillin
Does stretching; walks OK                  almond
Occ pushups
Hurts coming down and sometimes up to bunk   **Family History**
pain goes up back and not down to legs      Hypertension: Mother.

**Review of Systems**
GI/GU:  no no incontinence

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  20737056                    Print Date/Time:  8/8/2019 07:03 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

CTF - Correctional Training Facility

Patient:      **WILLIAMS, JAMES**
DOB/Age/Sex:  4/14/1982  / 37 years    / Male         CDCR: P49807

## *Progress Notes*

No leg radiation

Physical Exam

**Vitals & Measurements**
**T:** 36.8 °C (Oral)  **HR:** 76 (Peripheral)  **RR:** 18  **BP:** 124/80  **SpO2:** 100%
**WT:** 79.37 kg
WDWNBM in NAD

Back w/spasm R paraspinal from under scapular region to bottom of rib cage
Mild decreased anterior flexion
SLR normal
Can heel/toe walk
Tight hamstrings and IT bands

**Assessment/Plan**
  Back pain
    due to spasm
    needs to stretch
    temporary LB x 30 days while stretching
    stretches discussed
    F/U prn
Ordered:
capsaicin topical, 1 app, Topical, Cream, TID-KOP, PRN pain, Administration Type KOP,
Order Duration: 90 day, First Dose: 11/14/17 10:16:00 PST, Stop Date: 02/12/18 10:15:00
PST
7410

Document Type:                      Progress Note-LVN
Document Subject:                   temp ,7410
Service Date/Time:                  6/20/2019 09:22 PDT
Result Status:                      Auth (Verified)
Perform Information:                Stout,Jesse LVN (6/20/2019 09:26 PDT)
Sign Information:                   Stout,Jesse LVN (6/20/2019 09:26 PDT)
Authentication Information:         Stout,Jesse LVN (6/20/2019 09:26 PDT)

chart reviewed. temp expires 7/31/19. does have appt with pcp prior to expiration.

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  20737056                          Print Date/Time:  8/8/2019 07:03 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

ER-79



Case 21:16092 09/20/2021, ID: 12243347, DktEntry: 9, Page 80 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 81 of 115

## ADA/Effective Communication Patient Summary

**As of:** 08/26/2019 09:00

### Patient Information

**NAME:** WILLIAMS, JAMES
**CDCR:** P49807

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 07/31/19 13:04:02 PDT

**Current Housing Restrictions/Accomodations:**

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

### Testing of Adult Basic Education (TABE)

**TABE Score:** 12.6

**TABE Date:** 01/21/2003 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** Unknown

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:**

### MHSDS

**MHLOC:**   GP

RECEIVED
HCCAP
NOV 18 2019

ER-81

file:///D:/Temp/75/docs76da51c-5ed2-4047-9d62-ceedd4d03836.htm                8/26/2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 82 of 115

Ex. D

Exhibit D

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 83 of 115

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**                  DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 22 (10/09)

### SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) (FIRST NAME) | | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Williams James | | P-49807 | James Williams |
| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 6 to 1 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
| FW-331 | FW-Waste Control A.M. | | Official Criteria |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

What is the Criteria for a Low Bunk Chrono (LBO) per Department Policy?

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED:___/___/___

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| A. Patino | 10/2/19 | ANe | (CIRCLE ONE) YES NO |
| IF FORWARDED – TO WHOM: CME-Steve Posson Chief Medical Exec | | DATE DELIVERED/MAILED: Oct. 1, 2019 | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |

### SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: 10/16 | SIGNATURE: | DATE RETURNED: 10/16 |
|---|---|---|---|

POSS
CME
CTF-0

There are a number of conditions when associated
with an impairment of a major life activity,
would confer a low bunk accomodation.
- Medical staff classes the condition not the accomodation.
- Custody staff maintain the list of conditions which
qualify for a low bunk accomodation.

### SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

### SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

RECEIVED
HCCAP
NOV 18 2019

ER-83

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

Ex.E

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 84 of 115

Exhibit E

**Chronos**

**128-D Dental Priority Classification** 10/05/16 10:30:00 PDT, DPC 3

**128-D Dental Priority Classification** 07/28/17 8:52:00 PDT, DPC 4

**7410** 11/14/17 10:16:00 PST

**7410** 01/22/18 10:50:00 PST

**7410** 06/15/18 11:15:00 PDT

**7410** 12/21/18 12:35:00 PST

**7410** 01/24/19 12:40:00 PST

**7410 (SOMS)**
11/14/17 10:19:15 PST, T, 7410 Expire Date 12/29/2017, LBO, temporary LB while stretches to relieve muscle spasm

**7410 (SOMS)** 01/22/18 10:51:16 PST, T, 7410 Expire Date 4/23/2018, LBO, Hx injury to back

**7410 (SOMS)** 06/15/18 11:15:54 PDT, T, 7410 Expire Date 12/15/2018, LBO, Spinal arthritis

**7410 (SOMS)** 12/21/18 12:36:20 PST, P, 7410 Expire Date 12/31/9999

**7410 (SOMS)** 01/24/19 12:40:45 PST, T, 7410 Expire Date 4/30/2019, LBO, severe L paraspinal myospasm

**7410 (SOMS)** 04/15/19 11:18:00 PDT, T, 7410 Expire Date 7/31/2019, LBO, Severe Left Paraspinal Back Pain

**7410 (SOMS)** 07/31/19 13:04:02 PDT, P, 7410 Expire Date 12/31/9999

**7410 (SOMS)**
12/18/19 14:25:06 PST, T, 7410 Expire Date 1/31/2020, LBO, fibromyalgia temporay while undergoing PT

**7410 (SOMS)**
01/13/20 9:55:39 PST, T, 7410 Expire Date 3/6/2020, LBO, possibly fibromyalgia; with evere myospasm undergoing P T

**DPC** 11/13/18 9:05:12 PST, DPC 3

**DPC** 01/29/19 13:53:22 PST, DPC 4

**DPW**= Full Time Wheelchair User Impacting Placement     **DPO**= Intermittent Wheelchair User Impacting

Person Full Name WILLIAMS, JAMES DAVID     3 of 9     02/4/2020 13:02:05
CDCR (Encounter Alias) P49807

ER-85

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 85 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 86 of 115

Ex. F

Exhibit F

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 87 of 115



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:**   FEB 0 6 2020

**To:**   WILLIAMS, JAMES (P49807)
C FW 3331001L
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

**Tracking #:**   CTF HC 19001094

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:   Disagreement with Treatment ( Primary Care Provider ) | Specialty referral |
| Issue:   Medication ( Pain Management ) | Ongoing pain |

## INTERVIEW
On 1/22/2020, you were interviewed by M. Chua, Health Care Appeals Registered Nurse regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X]  No intervention.          [ ]  Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:

- You are receiving continuing care for the management of chronic back pain as determined medically necessary by your Primary Care Provider (PCP). You were evaluated by the physical medicine and rehabilitation specialist on 12/5/19. The specialist reviewed your medical history, previous imaging results dated 8/7/19 and 10/16/17, noted current symptoms, and completed assessments. The specialist documented that you had "pseudoneurologic symptoms" and recommended that you be referred to mental health due to the disconnection between your affective

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 88 of 115

thinking and pain center of your brain. You did not want to see mental health at that time and preferred to end the encounter with the specialist. You were subsequently seen by a primary care provider on 12/18/19 to review specialist recommendations. Your PCP noted that your condition is more likely to be a myofascial issue as opposed to a bony issue which signifies no medical indication for an MRI. You were also evaluated for a lower bunk chrono and were provided with a temporary low bunk accommodation which expired on 1/30/2020 while undergoing physical therapy. You did not request to be seen by another specialist during your primary care encounter. You were seen by physical therapy on 12/22/19. The physical therapist reviewed imaging results, completed assessments, and diagnosed you with signs and symptoms of herniated disc with a recommendation to be seen once a week for three weeks for lumbar stabilization. You were educated regarding home exercise program for self-management of your condition. You were followed up by your PCP on 1/6/2020 for other medical conditions to include back pain. Your PCP reviewed your medical history, noted current symptoms of progressive worsening back pain, completed assessments noting lumbar lordosis and scoliosis possibly due to low back pain. A plan of care was developed which includes orders for x-ray of the thoracic spine, patient education regarding exercises for lumbar lordosis correction, application of moist heat followed by range of motion exercises, and the use of NSAIDS as needed for pain. X-ray of the thoracic spine was completed on 1/8/2020. You were followed up by your PCP on 1/13/2020 to review the results of the x-ray. Your PCP also reviewed previous progress notes from physical therapy and your PCP noted your current symptoms. The plan of care was to manage pain with lidocaine topical patch as needed and extend your temporary bunk accommodation with a new expiration date of 3/6/2020. You also have current orders for Tylenol 650 mg twice a day and capsaicin topical cream three times a day as needed for pain. Your PCP did not document any medical indication for a specialty referral related to your back. You were seen on 2/4/2020 to follow up regarding back pain and anemia. You indicated during this encounter that physical therapy has been helpful as well as using lidocaine patches.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

ER-88
CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 89 of 115

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_____          _____

S. Posson, D.O.                                        Reviewed and Signed Date
Chief Medical Executive
Correctional Training Facility

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

ER-89
CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 90 of 115

# ADA/Effective Communication Patient Summary

**As of:** 12/11/2019 08:55

## Patient Information

**NAME:** WILLIAMS, JAMES
**CDCR:** P49807

## Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 07/31/19 13:04:02 PDT

**Current Housing Restrictions/Accomodations:**

## Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

## Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

## Testing of Adult Basic Education (TABE)

**TABE Score:** 12.6

**TABE Date:** 01/21/2003 00:00

## Learning Disabilities

**Learning Disabilities:**

## English Proficiency

**LEP:** Unknown

**Primary Language:** English

## Durable Medical Equipment

**Current ISSUED DME:**

## MHSDS

**MHLOC:**   GP

ER-90

file:///D:/Temp/32/dav05a99a02-6f11-4ffa-90d1-8b210767aa83.htm

12/11/2019

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 91 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR-0602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Institution: CTF HC | Tracking #: 19001094 |
|---|---|---|---|

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing.  Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Williams, James D | CDCR #: P-49807 | Unit/Cell #: FW-331 |
|---|---|---|

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy.

On 12-5-2019 I was seen "Via" Tele Med by Dr. Williams. I was told I would be seeing a Musko Skeletal Specialist of which this was not. C.C.R.15 chapter 2 sec 3999.375 (a)-(b) no care was provided and this so called TeleMed Dr. Williams who was unfamiliar ~~with~~ with my case and situation kept refering to my upper chest and shoulders. When I corrected the fact of my L1 Transverse Process injury Dr. Williams

*If you need more space, use Section A of the CDCR 602 HC A*

☐ **Supporting Documents:** Refer to CCR 3087.2. List supporting documents attached:

☑ **No, I have not attached any supporting documents.** Reason: None Currently Exist

| Grievant Signature: James W. Williams | Date Submitted: 12/5/2019 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. J.W.

**HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only**       Is a CDCR 602 HC A attached? ☐ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section C)

☐ Accepted       Assigned To: _____       Title: _____       Date Assigned: _____       Date Due: _____

Interview Conducted? ☐ Yes ☐ No   Date of Interview: _____       Interview Location: _____

Interviewer Name and Title (print): _____       Signature: _____   Date: _____

Reviewing Authority Name and Title (print): _____       Signature: _____   Date: _____

| **Disposition:** See attached letter | ☐ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|---|

*If dissatisfied with Institutional Level Response, complete Section B.*

**HCGO Use Only:** Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed instruction |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: _____

RECEIVED CTF DEC 1 1 2019 HCGO

COMPLETED CTF FEB 0 6 2020 HCGO

STAFF USE ONLY

ER-91

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 92 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR-0602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: **19001094**

| SECTION B: | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response,** explain the reason below (if more space is needed, use Section B of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |

Grievant Signature: 

Date Submitted:

**HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**          Is a CDCR 602 HC A attached?  ☐ Yes  ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):        Date: _____        Date: _____

☐ Withdrawn (see section C)

☐ Accepted

Interview Conducted?  ☐ Yes  ☐ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

**Disposition:** See attached letter    ☐ Intervention    ☐ No Further Intervention    ☐ No Intervention

*This decision exhausts your administrative remedies.*

**HQ Use Only:** Date closed and mailed/delivered to grievant:

| SECTION C: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |

Grievant Signature: 

Date Submitted:

Staff Name and Title (Print):        Signature:        Date:

## STAFF USE ONLY

**Distribution: Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

ER-92

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #: CTFHC  19001094

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): Williams, James D

CDCR Number: P-49807  Unit/Cell Number: FW-33/

**SECTION A** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

responded "I'm just generalizing the area". This contradicts the fact I want a diagnosis not "generalizing the area". This so called Doctor who is not certified nor qualified, then proceeded to tell me "There is no reason I should be in pain." "It's all in my head and he's diagnosing it is a 'Mental Health' problem." As I felt this indifference to my medical concerns and pain was now being mocked and I was being disrespected I asked the lady who was facilitating this TeleMed to end the session. This lady also heard the Dr. Williams address my medical as "Phantom Pain and he will refer it to Mental Health. I want any and all notes/recommendations by TeleMed Dr. Williams disregarded as bias and indifferent. I want to see a Specialist to diagnosis treat my pain. This cannot be done by looking at me, as "No Human has XRay Vision. Can I get my care and these run around games end. I'm in pain and tired of this mistreatment. Plata v. Newsom (No CO1-1351-JST) U.S. Dist. Court, Northern District of California. Please stop playing with my care, and prolonging my pain.

Grievant Signature: James W Williams   Date Submitted: 12/5/19

**SECTION B** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: ___   Signature: ___   Date: ___

RECEIVED CTF DEC 11 2019 HCGO

COMPLETED CTF FEB 0 6 2020 HCGO

**STAFF USE ONLY**

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 94 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2.

Tracking #:   1 9 0 0 1 0 9 4

| SECTION C: | Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response): |
|---|---|

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Grievant Signature: _____   Date Submitted: _____

| SECTION D: | Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level). |
|---|---|

_____

_____

_____

_____

_____

_____

Name and Title: _____   Signature: _____   Date : _____

# S T A F F   U S E   O N L Y

**Distribution: Original** - Returned to grievant after completed, **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

ER-94

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 95 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☑ No | Tracking #: CTF HC 19 0 0 1 0 9 4 | |
|---|---|---|---|
| M. Chua, RN | | | DEC 11 2019 |
| Staff Name and Title (Print) | | Signature | Date |

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Williams, James | CDCR #: P40807 | Unit/Cell #: FW 331 |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

**SEE ATTACHED**
~~CDC-1824/602~~

Supporting Documents Attached. Refer to CCR 3999.227 ☐ Yes ☐ No

Grievant Signature: _____    Date Submitted: _____

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [____]

| SECTION B: | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes ☐ No |
|---|---|---|

This grievance has been:
☐ Rejected (See attached letter for instruction): Date: _____ Date: _____
☐ Withdrawn (see section E)
☑ Accepted    Assigned To: Central    Title: PCP    Date Assigned: 12/17/19    Date Due: 2/18/20

Interview Conducted? ☑ Yes ☐ No    Date of Interview: JAN 2 2 2020    Interview Location: CTF Central
Interviewer Name and Title (print): M. Chua, RN    Signature: _____    Date: JAN 2 2 2020
Reviewing Authority    Signature: _____    Date: 2/6/20
Name and Title (print): POSSO SCMEO CTF

**Disposition:** See attached letter    ☐ Intervention    ☑ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: FEB 0 6 2020

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions | RECEIVED COMPLETED |
| ☐ DPH☐ DPV☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information | CTF     CTF |
| ☐ DPS☐ DNH | ☐ Louder ☐ Slower | Please check one: | DEC 11 2019   STAFF USE ONLY |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached☐ Reached | |
| ☑ Not Applicable | ☐ Other* | *See chrono/notes | HCGO     HCGO |
| 4. Comments: Tabe = 12.6 | | | |

ER-95

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: **1 9 0 0 1 0 9 4**

| SECTION C: | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response,** explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

Grievant Signature: _____     Date Submitted: _____

| SECTION D: | HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only     Is a CDCR 602 HC A attached? ☐ Yes   ☐ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)   ☐ Accepted

☐ Amendment   Date: _____

Interview Conducted?   ☐ Yes  ☐ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

Disposition: See attached letter   ☐ Intervention   ☐ No Intervention

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant: _____

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

Grievant Signature: _____     Date Submitted: _____

Staff Name and Title (Print): _____   Signature: _____   Date: _____

# S T A F F   U S E   O N L Y

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

ER-96

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 96 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 97 of 115

Ex.G

Exhibit G

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 98 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Institution: CTF HC | Tracking #: 17000225 |
|---|---|---|---|

H. Block, RN

Staff Name and Title *(Print)*

Signature

OCT 31 2017

Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Williams, James | CDCR #: P-49807 | Unit/Cell #: FW-331ᵘ |
|---|---|---|

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy.

I reported "Severe Pain" in my lower back on 10-4-17, C.C.R.15 sec.3350 (b) (4). This pain is **exasperating** prior documented injurys. I requested a lower bunk chrono to Alleviate the pain from continuous hopping up and down the top bunk, and not to be in a continued "stooped" position of upper bunk space limits. On 10-16-17 I was given X-Rays. To date I have not been seen by a doctor; nor have I recieved any Pain Relief Medication; nor ~~————~~ a "temporary"

*If you need more space, use Section A of the CDCR 602 HC A*            Cont. on 602 HC A

☐ **Supporting Documents:** Refer to CCR 3087.2. List supporting documents attached:

☒ No, I have not attached any supporting documents. Reason: None To Currently Attach

| Grievant Signature: James Williams | Date Submitted: 10-29-17 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.   J.W.

**HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only**    Is a CDCR 602 HC A attached? ☒ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section C)

☒ Accepted    Assigned To: Central    Title: PCP    Date Assigned: 11-1-17    Date Due: 1/9/18

Interview Conducted? ☒ Yes ☐ No   Date of Interview: 11/8/17   Interview Location: Central Medical

Interviewer Name and Title (print): H. Block RN   Signature: _____   Date: 11/8/17

Reviewing Authority
Name and Title (print): M Smut MD   Signature: _____   Date: 12/13/17

**Disposition:** See attached letter   ☐ Intervention   ☐ No Further Intervention   ☒ No Intervention

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH☐ DPV☐ LD | ☐ Equipment☐ SLI | ☐ Patient summed information |
| ☐ DPS☐ DNH | ☐ Louder☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic☐ Transcribe | ☐ Not reached☐ Reached |
| ☒ Not Applicable | ☐ Other | *See chrono/notes |

4. Comments: not 12.6

ER-98

RECEIVED
OCT 30 2017
STAFF USE ONLY
CTF Appeals

RECEIVED
OCT 31 2017
CTF
HCGO

COMPLETED
DEC 14 2017
CTF
HCGO

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 99 of 115

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | | |
|---|---|---|
| Institution: CTF HC | Tracking #: | 17 0 0 0 2 2 5 |

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): Williams James | CDCR Number: P-49807 | Unit/Cell Number: FW-331 |
|---|---|---|

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy):

"lower bunk" space chrono, to relieve my chronic back pain. Tylonel, Ibruprofen, and back exercises do not help and it seems to be, medical staff are deliberately indifferent to my pain and simple request of a lower bunk accomodations along with a MRI to get to; what is the appropriate treatment of, or cause of, this pain. I've expressed it is because of the upper bunk space keeping me in a "Stooped" position, and the impacts of jumping up and down from this space. Is this denial of lower bunk space making my back injury's worse? What are the results of 10-16-17 X-Rays? I'm still in pain and still remain on a upper bunk Area. Delay of treatment.

Grievant Signature: _James McD_   Date Submitted: 10/29-17

**SECTION B:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Response):

Grievant Signature: _____   Date Submitted: _____

RECEIVED
CTF
OCT 3 1 2017
HCGO

COMPLETED
CTF
DEC 1 4 2017
HCGO

**STAFF USE ONLY**

 

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 100 of 115

### Institutional Level Response

**Closing Date:**     DEC 14 2017

**To:**          WILLIAMS, JAMES (P49807)
              C FW 3331001L
              Correctional Training Facility
              P.O. Box 686
              Soledad, CA 93960-0686

**Tracking #:**   CTF HC 17000225

## HEALTH CARE GRIEVANCE SUMMARY:
In your CDCR 602 HC, Health Care Grievance, received on 10/31/2017, you explained the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your welfare for which you seek remedy:

| | Issue | Description |
|---|---|---|
| **Issue:** | Chrono Issues ( Bottom Bunk ) | Requests a low bunk chrono |
| **Issue:** | Scheduling ( PCP Encounter ) | Requests to be seen by a doctor |
| **Issue:** | Diagnostic ( MRI ) | Requests an MRI |
| **Issue:** | Medication ( Pain Management ) | Requests pain manager |

## RULES AND REGULATIONS:
The rules governing these issues are:  California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; and the Department Operations Manual.

## INTERVIEW:

You were interviewed by H. Block, Health Care Appeals Registered Nurse on 11/8/2017 regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION:

[x]   No intervention.

[ ]   No further intervention.

[ ]   Intervention.

Your health care grievance is resolved.

COMPLETED
CTF
DEC 14 2017

HCGO

---

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES                                          P.O. Box 588500
HC-100                                                        Elk Grove, CA  95758

J.WILLIAMS, P49807
CTF HC 17000225
Page 2 of 2

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 101 of 115

Your health care grievance with attachment(s), health record, and all pertinent departmental policies and procedures were reviewed. These records indicate that you reported chronic low back pain related to a motor vehicle accident in 2001 and a job injury in 2006 to your Primary Care Registered Nurse at an encounter on 10/9/17. You received lumbar spine x-rays on 10/16/17 that indicated no acute osseous abnormality.

Per the Inmate Medical Services Policies and Procedures, Volume 4, Chapter 23.1, Comprehensive Accommodation Procedure, accommodations designated as permanent do not require further review or renewal. The accommodation may be revised or removed by the provider as indicated by the patient's status. The accommodation may be updated or rescinded at any time, even if previously written as permanent. At your appointment with your Primary Care Provider on 11/14/17 you were issued a temporary lower bunk accommodation for thirty days.

You have received primary care provider evaluation and monitoring for your history of chronic low back pain. You were seen by your Primary Care Provider as requested on 11/14/17 The primary care provider completed assessments, noted review of your history, current symptoms, and laboratory/imaging results, and developed a plan of care to treat your chronic low back pain. An MRI is not clinically indicated at this time.

California Correctional Health Care Services health care providers are trained and capable of providing care for patients with pain. California Correctional Health Care Services Pain Management Guidelines were adopted to standardize the effective assessment, treatment, and management of patients with acute and chronic pain. It is generally not possible to relieve all pain in patients with chronic pain. The goal is to maximize function while avoiding the serious side effects of the stronger pain medications and/or procedures. The treatment of your pain is an ongoing process. You are currently receiving capsaicin cream for your chronic pain. There are also medications available to you through the Over-the-Counter canteen program which you are encouraged to use.

If you are dissatisfied with the Institutional Level response, explain the reason on Section B on CDCR 602 HC; attach supporting documents and submit by mail for Headquarters' (HQ) Level Review. It must be received within 30 calendar days from date stamped closed on Institutional Level Response. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section B of the CDCR 602 HC A.

M Sweet MD
_____
M. Sweet, M.D.
Chief Physician & Surgeon
Health Care Grievance Office
Correctional Training Facility

12/13/17
_____
Reviewed and Signed Date

COMPLETED
CTF
DEC 1 4 2017
HCGO

---

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

Offender Details

Page 1 of 1

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 102 of 115



Version 4.6.1.1

**Release Note**

| Summary | Bed Inventory | ADA/EC History |

Generate Reports / Get Help / Report a Problem Log Ou

CDC # : P49807    [Search]    CDC Number: P49807, WILLIAMS, JAMES DAVID

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **P49807** |
| Name: | **WILLIAMS, JAMES DAVID** |
| Institution: | **Correctional Training Facility** |
| Bed Code: | **C FW 3331001U** |
| Placement Score: | **19** |
| Custody Level: | **Medium A** |
| Housing Pgm: | **GP - Gen Pop** |
| Housing Restrictions: | |
| Physical Limitations to Job/Other: | |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NCF** |
| Effective Date: | **01/13/2003** |
| DPP Codes: | [History] |
| 1845 Date: | |
| MHSDS Code: | |
| SLI: | |
| Primary Method: | |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | **12.6** |
| TABE Date: | **01/21/2003** |
| Durable Medical Equipment: | [Info] |
| Last Accomm: | |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **08/10/1999** |
| Last Return Date: | **01/09/2003** |
| Extended Stay Date: | **04/09/2003** |
| Extended Stay Privileges? | |
| Release Date: | **08/13/2023** |
| 120 Day Date: | **04/15/2023** |
| Next IDST Date: | |

### Work/Vocation/PIA

1

| | |
|---|---|
| Group Priv: | |
| Group Work: | |
| Start Date: | |
| Status: | |
| Job Position: | |
| Job Title: | |
| IWTIP Code: | |
| IWTIP Description: | |
| Regular Day Off: | |
| Work Hours: | |

### Accommodation History

No Accommodation Records Found.

COMPLETED
CTF
DEC 1 4 2017

HCGO

ER-102

http://dcinternal/dppv.aspx

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 103 of 115



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Headquarters' Level Response**

**Closing Date:**   APR 1 1 2018

**To:**       WILLIAMS, JAMES (P49807)
              Correctional Training Facility
              P.O. Box 686
              Soledad, CA 93960-0686

**From:**     California Correctional Health Care Services
              Health Care Correspondence and Appeals Branch
              P.O. Box 588500
              Elk Grove, CA 95758

**Tracking #:**   CTF HC 17000225

This health care grievance appeal was reviewed by Health Care Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY:
In your CDCR 602 HC, Health Care Grievance, received on January 5, 2018, you explained the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek remedy:

| Issue | Description |
|---|---|
| **Issue:** Chrono Issues (Bottom Bunk) | A lower bunk accommodation due to lower back pain and issue with upper bunk spacing. |
| **Issue:** Scheduling (PCP Encounter) | To been seen by a health care provider. |
| **Issue:** Diagnostic (MRI) | Lower back magnetic resonance imaging (MRI) scan. |
| **Issue:** Medication (Pain Management) | Medication to help with pain, as you state Tylenol (acetaminophen) and ibuprofen do not provide relief. |

## RULES AND REGULATIONS:
The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; and the Department Operations Manual.

## HEADQUARTERS' LEVEL DISPOSITION:

[X]   No intervention.

[ ]   Intervention.

This decision exhausts your administrative remedies.

---

Note 1: The Headquarters' Level Review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 104 of 115

Your health care grievance with attachment(s), health record, and all pertinent departmental policies and procedures were reviewed. Records indicate your medical conditions and medication needs are closely monitored. Your medical records support you have received evaluation and treatment for your history of lower back pain, as determined medically necessary including, but not limited to: Primary Care Provider (PCP) evaluations, nursing assessments, lumbar spine (lower back) x-rays, and pain medications. Your most recent PCP encounter was on January 22, 2018. The PCP noted your complaint of back pain, a review of your previous lumbar spine x-rays showed an old minor trauma without acute abnormality or no significant degenerative changes, and a physical examination was conducted. There was no documentation to indicate the PCP determined a referral for a further advanced diagnostic imaging study, such as MRI, was medically necessary at that time. Progress notes support that your condition was evaluated, and a plan of care was discussed with you. Your current pharmacy profile indicates an active order for the medication topical capsaicin cream for pain management. You are recorded as having a temporary accommodation for bottom bunk housing.

Subsequent to this PCP encounter, there is no documentation of CDC 7362, Health Care Services Request Form, submittals with concern for lower back pain. Your medical condition will continue to be monitored with care provided as determined medically indicated by the PCP. If you have additional health care needs, you are advised to utilize the CDC 7362 process to access health care services in accordance with California Correctional Health Care Services policy.

While you may not agree with the clinical decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your clinical needs. There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures.

California Correctional Health Care Services health care providers are trained and capable of providing care for patients with pain. California Correctional Health Care Services Pain Management Guidelines were adopted to standardize the effective assessment, treatment, and management of patients with acute and chronic pain. It is generally not possible to relieve all pain in patients with chronic pain. The goal is to maximize function while avoiding the serious side effects of the stronger pain medications and/or procedures. The treatment of your pain is an ongoing process.

Per the Inmate Medical Services Policies and Procedures, Volume 4, Chapter 23.1, Comprehensive Accommodation Procedure, an accommodation may be revised or removed by the provider as indicated by the patient's status. An accommodation may be updated or rescinded at any time, even if previously written as permanent.

While California Correctional Health Care Services health care providers are responsible for documenting health factors to be considered in making placement decisions, custody is responsible for determination of appropriate institutional placement, housing assignment, and facility design and layout. As such, it is recommended you address your concerns regarding bunk spacing and handrails through the appropriate custody channels at your institution.

Note 1: The Headquarters' Level Review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your medical care providers. You are encouraged to continue your care with your assigned medical care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your medical care providers to offer and provide only the care they determine to be currently medically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other medical facilities or staff, input from medical consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current medical care providers.

**DIRECTIVE:**
No intervention is required by the institution.

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

4/11/18
_____
Reviewed and Signed Date

Note 1: The Headquarters' Level Review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA  95758

 

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

## Institutional Level Response

**Closing Date:**    DEC 1 4 2017

**To:**    WILLIAMS, JAMES (P49807)
C FW 3331001L
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

**Tracking #:**    CTF HC 17000225

### HEALTH CARE GRIEVANCE SUMMARY:

In your CDCR 602 HC, Health Care Grievance, received on 10/31/2017, you explained the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your welfare for which you seek remedy:

|  | Issue | Description |
|---|---|---|
| **Issue:** | Chrono Issues ( Bottom Bunk ) | Requests a low bunk chrono |
| **Issue:** | Scheduling ( PCP Encounter ) | Requests to be seen by a doctor |
| **Issue:** | Diagnostic ( MRI ) | Requests an MRI |
| **Issue:** | Medication ( Pain Management ) | Requests pain manager |

### RULES AND REGULATIONS:

The rules governing these issues are:  California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; and the Department Operations Manual.

### INTERVIEW:

You were interviewed by H. Block, Health Care Appeals Registered Nurse on 11/8/2017 regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

### INSTITUTIONAL LEVEL DISPOSITION:

[x]    No intervention.

[ ]    No further intervention.

[ ]    Intervention.

Your health care grievance is resolved.

COMPLETED
CTF
DEC 1 4 2017

RECEIVED
HCCAB
JAN 0 5 2018

HCGO

---

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 106 of 115

Case: 21-16092, 09/29/2021, ID: 12243347, DktEntry: 9, Page 107 of 115

Your health care grievance with attachment(s), health record, and all pertinent departmental policies and procedures were reviewed. These records indicate that you reported chronic low back pain related to a motor vehicle accident in 2001 and a job injury in 2006 to your Primary Care Registered Nurse at an encounter on 10/9/17.  You received lumbar spine x-rays on 10/16/17 that indicated no acute osseous abnormality.

Per the Inmate Medical Services Policies and Procedures, Volume 4, Chapter 23.1, Comprehensive Accommodation Procedure, accommodations designated as permanent do not require further review or renewal. The accommodation may be revised or removed by the provider as indicated by the patient's status.  The accommodation may be updated or rescinded at any time, even if previously written as permanent.  At your appointment with your Primary Care Provider on 11/14/17 you were issued a temporary lower bunk accommodation for thirty days.

You have received primary care provider evaluation and monitoring for your history of chronic low back pain. You were seen by your Primary Care Provider as requested on 11/14/17  The primary care provider completed assessments, noted review of your history, current symptoms, and laboratory/imaging results, and developed a plan of care to treat your chronic low back pain.  An MRI is not clinically indicated at this time.

California Correctional Health Care Services health care providers are trained and capable of providing care for patients with pain.  California Correctional Health Care Services Pain Management Guidelines were adopted to standardize the effective assessment, treatment, and management of patients with acute and chronic pain.  It is generally not possible to relieve all pain in patients with chronic pain.  The goal is to maximize function while avoiding the serious side effects of the stronger pain medications and/or procedures.  The treatment of your pain is an ongoing process.  You are currently receiving capsaicin cream for your chronic pain.  There are also medications available to you through the Over-the-Counter canteen program which you are encouraged to use.

If you are dissatisfied with the Institutional Level response, explain the reason on Section B on CDCR 602 HC; attach supporting documents and submit by mail for Headquarters' (HQ) Level Review. It must be received within 30 calendar days from date stamped closed on Institutional Level Response. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section B of the CDCR 602 HC A.

_M Sweet MD_

M. Sweet, M.D.
Chief Physician & Surgeon
Health Care Grievance Office
Correctional Training Facility

_12/13/17_
Reviewed and Signed Date

COMPLETED
CTF
DEC 1 4 2017
HCGO

RECEIVED
HCCAB
JAN 0 5 2018

---

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA  95758

United States District Court

Northern District of California

No. 20-CV-04348-YGR

James David Williams,
    Plaintiff,

    v.

Craig Koenig, et al.,
    defendants.

Notice of Appeal

**FILED**

JUN 23 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Notice is hereby given that James David Williams, plaintiff in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the final judgment of the court entered on June 7, 2021 on this action.

Respectfully Submitted;

Dated 6/17/2021

James William

James Williams
Plaintiff, Pro Se

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, *James David Williams* , declare:

I am over 18 years of age and a party to this action. I am a resident of *(C T F)*

*Correctional Training Facility* Prison,

in the county of *Monterey* ,

State of California. My prison address is: *P.O. Box 689 Soledad, C.A. 93960*.

On *June 17, 2021* ,
(DATE)

I served the attached: *Notice of Appeal*

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

*Office of the Clerk*
*U.S. District Court for*
*Northern District of California*
*1301 Clay St., Suite # 400S*
*Oakland, C.A. 94612*

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on *June 17, 2021*                    *James William*
(DATE)                                    (DECLARANT'S SIGNATURE)

CIV-69 (Rev 9 97)

-9-

: ODMA PCDOCS WORDPERFECT 22832 1

ER-109



_James Williams #P49807_
_CTF. Central Fac-245L_
_P.O. Box 689_
_Soledad, C.A. 93960_

Confidential
Legal Mail

94612-521299

SAN JOSE CA 950
21 JUN 2021 PM 3 L

US POSTAGE PITNEY BOWES
ZIP 93960
02 1P
0000339712 JUN. 21 2021
$ 000.51°

Office of the Clerk
U.S. District Court for Northern
District of California
1301 Clay St. Suite# 400S
Oakland, C.A. 94612



CLOSED,ProSe

# U.S. District Court
## California Northern District (Oakland)
### CIVIL DOCKET FOR CASE #: 4:20-cv-04348-YGR

Williams v. Koenig et al
Assigned to: Judge Yvonne Gonzalez Rogers
Referred to: PSLC GRC
Case in other court: Ninth Circuit Court of Appeals, 21-15278
                             Ninth Circuit Court of Appeals, 21-15983
                             for the Ninth Circuit, 21-16092
Cause: 02:437 Federal Election Commission

Date Filed: 06/30/2020
Date Terminated: 06/07/2021
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison Condition
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2020 | 1 R | COMPLAINT against K.J. Allen, Racheal Anderson, J. Borroso, R. Catrina, C. Freeman, S. Gates, K. Hoffman, Craig Koenig, T. Lennon, Nguyen, Steve Posson, M. Sweet. Filed byError: party not known. (Attachments: # 1 R Exhibit, # 2 Envelope)(jjbS, COURT STAFF) (Filed on 6/30/2020) (Entered: 06/30/2020) |
| 06/30/2020 | 2 | MOTION for Leave to Proceed in forma pauperis filed by James David Williams. (Attachments: # 1 Envelope)(jjbS, COURT STAFF) (Filed on 6/30/2020) (Entered: 06/30/2020) |
| 06/30/2020 | 3 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by James David Williams. (jjbS, COURT STAFF) (Filed on 6/30/2020) (Entered: 06/30/2020) |
| 06/30/2020 | 4 | MOTION to Request Service of this Action to Defendants filed by James David Williams. Responses due by 7/28/2020. Replies due by 8/11/2020. (jjbS, COURT STAFF) (Filed on 6/30/2020) (Entered: 06/30/2020) |
| 07/31/2020 | 5 | Letter from James Williams. (jjbS, COURT STAFF) (Filed on 7/31/2020) (Entered: 08/12/2020) |
| 01/15/2021 | 6 R | **ORDER by Judge Yvonne Gonzalez Rogers granting 2 Motion for Leave to Proceed in forma pauperis; granting 4 Motion for court TO SCREEN COMPLAINT. (fs, COURT STAFF) (Filed on 1/15/2021)** |
| | | Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF) **(Entered: 01/15/2021)** |
| 01/15/2021 | 7 R | **ORDER OF DISMISSAL WITH LEAVE TO AMEND. Signed by Judge Yvonne Gonzalez Rogers on 1/15/2021. (fs, COURT STAFF) (Filed on 1/15/2021)** |
| | | Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF) |

ER-112

| | | |
|---|---|---|
| | | **(Entered: 01/15/2021)** |
| 01/15/2021 | | Remark : Copy of blank civil rights complaint form mailed to plaintiff (fs, COURT STAFF) (Filed on 1/15/2021) (Entered: 01/15/2021) |
| 01/25/2021 | 8 | Letter Requesting Case Status from James David Williams. (cjlS, COURT STAFF) (Filed on 1/25/2021) (Entered: 02/03/2021) |
| 02/08/2021 | 9 | Mail sent to James David Williams returned as undeliverable re 7 R Order, 6 R Order on Motion for Leave to Proceed in forma pauperis,, Order on Motion for Miscellaneous Relief,. Mail Returned; response required by 4/9/2021. (cjlS, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/09/2021) |
| 02/12/2021 | 10 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by James David Williams. Appeal of Order, 7 R , Order on Motion for Leave to Proceed in forma pauperis,, Order on Motion for Miscellaneous Relief, 6 R (IFP Request was previously Granted by the Court on January 15, 2021, Docket Entry 6 R ). (cjlS, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/17/2021) |
| 02/17/2021 | | Copy of Notice of Appeal and Docket Sheet Sent to Appellant. (cjlS, COURT STAFF) (Filed on 2/17/2021) Modified on 2/18/2021 (cjlS, COURT STAFF). (Entered: 02/17/2021) |
| 02/18/2021 | 11 | USCA Case Number 21-15278 Ninth Circuit Court of Appeals for 10 Notice of Appeal to the Ninth Circuit, filed by James David Williams. (cjlS, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 03/10/2021 | 12 | ORDER of USCA as to 10 Notice of Appeal to the Ninth Circuit, filed by James David Williams. This appeal is dismissed for lack of jurisdiction. (cjlS, COURT STAFF) (Filed on 3/10/2021) (Entered: 03/11/2021) |
| 03/29/2021 | | Remark - Re-mailed Documents 6 R and 7 R . Re: Returned mail at docket entry 9 . (cjlS, COURT STAFF) (Filed on 3/29/2021) Modified on 3/30/2021 (cjlS, COURT STAFF). (Entered: 03/29/2021) |
| 04/01/2021 | 13 | MANDATE of USCA as to 10 Notice of Appeal to the Ninth Circuit, filed by James David Williams. (cjlS, COURT STAFF) (Filed on 4/1/2021) (Entered: 04/01/2021) |
| 04/01/2021 | | Copy of Mandate sent to Appellant. (cjlS, COURT STAFF) (Filed on 4/1/2021) (Entered: 04/01/2021) |
| 06/04/2021 | 16 R | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by James David Williams. Appeal of Order Dismissing Case,, Terminated Case, 14 R , Judgment, 15 R (IFP was previously granted at docket entry 6 R on 1/15/2021). (cjlS, COURT STAFF) (Filed on 6/4/2021) (Entered: 06/08/2021) |
| 06/07/2021 | 14 R | **ORDER OF DISMISSAL WITHOUT PREJUDICE. Signed by Judge Yvonne Gonzalez Rogers on 6/7/2021. ***Civil Case Terminated. (kcS, COURT STAFF) (Filed on 6/7/2021)**<br><br>Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)<br><br>**(Entered: 06/07/2021)** |
| 06/07/2021 | 15 R | **JUDGMENT. Signed by Judge Yvonne Gonzalez Rogers on 6/7/2021. (kcS, COURT STAFF) (Filed on 6/7/2021)**<br><br>Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF) |

| | | (Entered: 06/07/2021) |
|---|---|---|
| 06/08/2021 | | Remark - Copy of Notice of Appeal and Docket Sheet Sent to Appellant. (cjlS, COURT STAFF) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/08/2021 | 17 | USCA Case Number 21-15983 Ninth Circuit Court of Appeals for 16 R Notice of Appeal to the Ninth Circuit, filed by James David Williams. (cjlS, COURT STAFF) (Filed on 6/8/2021) (Entered: 06/09/2021) |
| 06/23/2021 | 18 R | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by James David Williams. Appeal of Order Dismissing Case,, Terminated Case,, 14 R , Judgment, 15 R (IFP was previously granted at docket entry 6 on 1/15/2021). (cjlS, COURT STAFF) (Filed on 6/23/2021) (Entered: 06/24/2021) |
| 06/24/2021 | | Copy of Notice of Appeal and docket sheet sent to Appellant. (cjlS, COURT STAFF) (Filed on 6/24/2021) (Entered: 06/24/2021) |
| 06/29/2021 | 19 | USCA Case Number 21-16092 for the Ninth Circuit for 18 R Notice of Appeal to the Ninth Circuit, filed by James David Williams. (jmlS, COURT STAFF) (Filed on 6/29/2021) (Entered: 06/30/2021) |
| 07/06/2021 | 20 | REFERRAL NOTICE of USCA as to 18 R Notice of Appeal to the Ninth Circuit, filed by James David Williams. (cjlS, COURT STAFF) (Filed on 7/6/2021) (Entered: 07/06/2021) |
| 07/13/2021 | 21 R | ORDER/Mandate of USCA as to 16 R Notice of Appeal filed by James David Williams. (cjlS, COURT STAFF) (Filed on 7/13/2021) (Entered: 07/14/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/29/2021 14:25:52 | | |
| PACER Login: | rightsbehindbars:6162119:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:20-cv-04348-YGR |
| Billable Pages: | 2 | Cost: | 0.20 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: September 29, 2021

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
416 Florida Avenue, #26152
Washington, DC 20001
Attorney for Appellant James Williams