21-16092

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**JAMES WILLIAMS,**

Plaintiff-Appellant,

**v.**

**C. KOENIG, et al.,**

Defendant-Appellee.

---

On Appeal from the United States District Court
for the Northern District of California

No. 4:20-cv-04348-YGR
The Honorable Yvonne Gonzalez Rogers, District Judge

**DEFENDANT-APPELLEE'S
ANSWERING BRIEF**

ROB BONTA
Attorney General of California
MARISA KIRSCHENBAUER
Acting Senior Assistant Attorney General
NEAH HUYNH
Supervising Deputy Attorney General
SARAH M. BRATTIN
Acting Supervising Deputy Attorney
General
State Bar No. 302043
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7321
  Fax: (916) 324-5205
  Email: Sarah.Brattin@doj.ca.gov
*Attorneys for Defendant-Appellee C. Koenig*

# TABLE OF CONTENTS

**Page**

Introduction ............................................................................................. 1

Statement of Jurisdiction .......................................................................... 2

Issues Presented ....................................................................................... 3

Statement of the Case ............................................................................... 3

    I.    Plaintiff Filed This Civil-Rights Suit Alleging ADA
           Violations. ........................................................................... 3

    II.   The District Court Dismissed Plaintiff's Complaint With
           Leave to Amend and Initially Gave Him Until February
           12, 2021, to Amend, and Later Extended That Deadline
           to April 26, 2021. ............................................................... 5

    III.  Having Received No Amended Complaint By June 7,
           2021, the District Court Dismissed Plaintiff's Lawsuit
           Without Prejudice Under Rule 41(**b**). ...................................... 7

    IV.  On June 8, 2021, the Court Entered Plaintiff's Belated
           Statement of His Intent Not to Amend, Which Was
           Attached Behind a Notice of Appeal. ...................................... 8

Standard of Review ................................................................................... 9

Summary of Argument ............................................................................ 10

Argument ................................................................................................ 11

    I.    Plaintiff Waived Any Challenge to the District Court's
           Dismissal of His Lawsuit Under Federal Rule of Civil
           Procedure 41(**b**). ............................................................... 11

    II.   The District Court Did Not Abuse Its Discretion by
           Dismissing Plaintiff's Lawsuit Under Rule 41(**b**). ................. 13

         A.   Both the Public's Interest in Expeditious
             Resolution of Litigation and the Court's Need to
             Manage Its Docket Favor Dismissal. ............................ 16

         B.   Both Prejudice to Defendants and Public Policy
             Favor Dismissal. .......................................................... 18

i

# TABLE OF CONTENTS
## (continued)

Page

C. The District Court Employed Less Drastic Sanctions by Dismissing the Action Without Prejudice. ....................................................... 19

III. Plaintiff's Complaint Failed to Comply with Rule 8. ............. 20

IV. The District Court Properly Dismissed Plaintiff's ADA Claim With Leave to Amend. ................................................ 22

A. Plaintiff Did Not Name a Proper Defendant. ............... 24

B. Plaintiff Did Not Plead Facts Suggesting the Alleged Discrimination Was "by Reason of" His Alleged Disability. ....................................................... 25

Conclusion ................................................................................... 28

Statement of Related Cases............................................................ 30

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arpin v. Santa Clara Valley Transp. Agency*
261 F.3d 912 (9th Cir. 2001) .................................................................. 11

*Ash v. Cvetkov*
739 F.2d 493 (9th Cir. 1984) ........................................................... 13, 14

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ................................................................................ 20

*Brown v. Rawson-Neal Psychiatric Hosp.*
840 F.3d 1146 (9th Cir. 2016) ......................................................... 12, 13

*Brown v. Washington*
No. 14-5524 RJB-JRC, 2015 WL 7738393 (W.D. Wash.
Nov. 30, 2015) ........................................................................................ 28

*Brown v. Washington*
752 F. App'x 402 (9th Cir. 2018) .................................................... 26, 28

*Castro v. County of Los Angeles*
833 F.3d 1060 (9th Cir. 2016) ............................................................... 26

*Daniels v. Sherman*
No. 13-cv-00202-AWI-SAB, 2017 WL 3315203 (E.D. Cal.
Aug. 3, 2017) .......................................................................................... 28

*Eaglesmith v. Ward*
73 F.3d 857 (9th Cir. 1996) ................................................................... 24

*Edwards v. Marin Park, Inc.*
356 F.3d 1058 (9th Cir. 2004) .................................................................9

# TABLE OF AUTHORITIES
## (continued)

Page

*Fausia v. Cates*
No. CV 09-2320-R, 2012 WL 781817 (C.D. Cal. Jan. 13,
2012) ................................................................................................ 28

*Ferdik v. Bonzelet*
963 F.2d 1258 (9th Cir. 1992) ......................................... *passim*

*Gordon v. Virtumundo, Inc.*
575 F.3d 1040 (9th Cir. 2009) ................................................... 22

*Griffin v. Burvant*
35 F. App'x 655 (9th Cir. 2002) ................................................ 25

*Hall v. North Am. Van Lines, Inc.*
476 F.3d 683 (9th Cir. 2007) ........................................................9

*Howze v. CDCR*
No. CV-1404067-SVW-RAO, 2018 WL 3702486 (C.D.
Cal., May 14, 2018) ..................................................................... 28

*Humphreys v. Haynes*
No. 321CV05637RJBTLF, 2022 WL 598145 (W.D. Wash.
Jan. 24, 2022) ............................................................................... 22

*In re Eisen*
31 F.3d 1447 (9th Cir. 1994) ..................................................... 18

*In re PPA*
460 F.3d 1217 (9th Cir. 2006) ...................................... 18, 19, 20

*Kensu v. Corizon, Inc.*
5 F.4th 646 (6th Cir. 2021) ........................................................ 21

*Knapp v. Hogan*
738 F.3d 1106 (9th Cir. 2013) ................................................... 21

# TABLE OF AUTHORITIES
## (continued)

Page

*Link v. Wabash R.R. Co.*
370 U.S. 626 (1962).................................................................. 13, 14

*Lolli v. Cnty. of Orange*
351 F.3d 410 (9th Cir. 2003) .................................................. 11

*Lovell v. Chandler*
303 F.3d 1039 (9th Cir. 2002) ................................................ 23

*Miesegaes v. Allenby*
No. CV 15-1574 CJC (JC), 2015 WL 13763858 (C.D. Cal.
May 6, 2015)........................................................................... 22

*Mowrey v. Rumsfeld*
No. 1:07CV0155 AWIDLB, 2007 WL 567276 (E.D. Cal.
Feb. 21, 2007) ........................................................................ 22

*Muhammad v. Ponce*
No. CV 17-3037 DOC(JC), 2017 WL 11707426 (C.D. Cal.
July 26, 2017) ........................................................................ 22

*Newton v. Diamond*
388 F.3d 1189 (9th Cir. 2004) ................................................ 23

*Nordstrom v. Ryan*
762 F.3d 903 (9th Cir. 2014) ...................................................9

*North v. Mirra*
No. C13-6090 BHS, 2014 WL 345303 (W.D. Wash. Jan. 30,
2014) ....................................................................................... 22

*O'Guinn v. Nevada Dep't of Corr.*
468 F. App'x 651 (9th Cir. 2012)............................................ 26

*Pagtalunan v. Galaza*
291 F.3d 639 (9th Cir. 2002) ...................................... 16, 17, 18

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Pennsylvania Dept. of Corrections v. Yesky*
    524 U.S. 206 (1998).................................................................. 23

*Rodriguez v. Wu*
    564 F. App'x 315 (9th Cir. 2014)...................................... 27, 28

*Sherman v. U.S.*
    801 F.2d 1133 (9th Cir. 1986) ............................................... 14

*Simmons v. Navajo Cty.*
    609 F.3d 1011 (9th Cir. 2010) ............................................... 25

*United States v. Georgia*
    546 U.S. 151 (2006).................................................................. 23

*United States ex rel. Garst v. Lockheed-Martin*
    328 F.3d 374 (7th Cir. 2003) ................................................. 21

*Watson v. Sisto*
    No. 2:07-cv-01871-LKK, 2011 WL 533716, at *16-17 (E.D.
    Cal. Feb. 14, 2011) ................................................................. 27

*Watson v. Swarthout*
    536 F. App'x 747 (9th Cir. 2013)........................................... 27

*Wilhelm v. Rotman*
    680 F.3d 1113 (9th Cir. 2012) ..................................................9

*Young v. Cal. Corr. Health Care Servs.*
    No. EDCV 14-2598-RGK, 2015 WL 13916123 (C.D. Cal.
    Apr. 9, 2015)............................................................................ 22

*Yourish v. Cal. Amplifier*
    191 F.3d 983 (9th Cir. 1999) ............................................ 9, 14

## TABLE OF AUTHORITIES
### (continued)

**Page**

**STATUTES**

United States Code, Title 28
  § 1291 .................................................................................2
  § 1331 .................................................................................2
  § 1343 .................................................................................2
  § 1915A................................................................................9
  § 1915A, subd (a) ................................................................5

United States Code, Title 42
  § 12132 ............................................................................ 23

**CONSTITUTIONAL PROVISIONS**

Eighth Amendment .............................................................. 3, 21

**COURT RULES**

Federal Rules of Civil Procedure
  8 .............................................................................. *passim*
  12(b)(6) ........................................................................ 9, 13
  41(b).......................................................................... *passim*

# INTRODUCTION

Plaintiff-Appellant James Williams, a California inmate, challenges the district court's screening dismissal of his Americans with Disabilities Act (ADA) claim with leave to amend. But that is not why the court ultimately dismissed his lawsuit. Rather, the court dismissed Plaintiff's lawsuit, without prejudice, under Federal Rule of Civil Procedure 41(b) because he failed to prosecute his case.

On appeal, Plaintiff does not mention the Rule 41(b) dismissal order, much less contend that the district court abused its discretion by dismissing the action for failure to prosecute. Therefore, Plaintiff has waived any challenge to that order, and this Court can summarily affirm on waiver grounds. Even if this Court reviews the order, it will find no abuse of discretion by the court. After the court identified the pleading deficiencies and dismissed the complaint with leave to amend, Plaintiff did not amend or otherwise move the case along for almost five months. After waiting that long, the court did what it promised it would do under those circumstances: dismiss the action without prejudice. That decision fell within the court's wide discretion and should not be disturbed.

Should this Court review the interlocutory ruling dismissing Plaintiff's ADA claim with leave to amend, the ruling would withstand de novo

1

review. Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8. And, Plaintiff failed to state an ADA claim because he did not name a proper defendant or plead facts alleging discrimination because of his disability. Instead of amending, as the district court instructed, or filing a new lawsuit, as the court later advised him, Plaintiff brought this appeal, suggesting he had nothing more to allege. As the complaint makes clear, the district court correctly found that the allegations failed to state an ADA claim.

Whether on waiver, Rule 41(b), or failure-to-state-a-claim grounds, this Court should affirm the judgment.

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction over this prisoner civil-rights action under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). (ER-12.)

The district court dismissed the action under Rule 41(b) for failure to prosecute after Plaintiff failed to comply with orders to amend his complaint. (SER-6.) The district court entered judgment on June 7, 2021. (ER-11.) Plaintiff timely appealed eleven days later. (ER-111.) This Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED

1.    Matters not specifically and distinctly argued in a party's opening brief are waived.  Did Plaintiff waive any challenge to the Rule 41(b) dismissal order by not briefing the issue in his opening brief?

2.    Did the district court abuse its discretion in terminating Plaintiff's action without prejudice under Rule 41(b) when he did not heed the court's warning that failure to timely amend would result in dismissal?

3.    Even if the district court should not have terminated this action under Rule 41(b), did it correctly find that Plaintiff did not allege facts to support his ADA claim, including naming a proper defendant?

## STATEMENT OF THE CASE

### I.    PLAINTIFF FILED THIS CIVIL-RIGHTS SUIT ALLEGING ADA VIOLATIONS.

On June 30, 2020, Plaintiff filed an ADA lawsuit against twelve individuals, including Defendant-Appellee Craig Koenig[1] (former Warden at California Training Facility).[2]  (ER-12-24.)

---

[1] The underlying action was dismissed before the service of any named defendant.  The Attorney General's Office appeared for Defendant-Appellee Koenig in this appeal at this Court's request.  (Dkt. Nos. 16, 17.)

[2] The complaint also raised Eighth Amendment claims that the district court dismissed, but Plaintiff does not challenge that ruling on appeal.  (*See* Plaintiff-Appellant's Opening Brief (AOB) at 10 n.6.)

3

Plaintiff claimed he requested ADA accommodations from prison officials via a Reasonable Accommodation Request form. (ER-16.) In this request, Plaintiff claimed he needed a permanent lower bunk (ER-35), and a back brace for "supportive measure…which would help when [he] walks-sneezes" (ER-17). He also claimed he needed "a ladder-handrail-grab bar" to "come up or down from a[n] upper bunk" because he "awakes in pain; takes medication for back pain; has mobility issue[s] with twisting, turning, jumping with his back in a weakened state to the point of involuntary spasms and [an] inability to sneeze and walk normal." (ER-17.)

Prison officials allegedly denied the accommodation request on August 8, 2019, when the prison's Reasonable Accommodation Panel (Panel) issued its decision. (ER-26-106.) The Panel denied his request for a lower bunk or handrail, or ladder access to the top bunk, because Plaintiff did not meet the criteria for a lower bunk, and thus nothing justified altering his bunk by adding a handrail or ladder. (ER-34.) The Panel also denied his request for a back brace because he "would not benefit from" one, given Plaintiff's x-ray results for his back were "normal" and his primary care physician had not renewed his lower bunk chrono. (ER-34.) Defendant Koenig was not on the Panel. (*See* ER-34.)

4

That decision prompted this suit against multiple individuals "for the respective roles played within the denial of plaintiff's (ADA) request." (ER-16.) Plaintiff attached to the operative complaint various exhibits, including the August 8, 2019 Panel decision. (ER-34.)

## II. THE DISTRICT COURT DISMISSED PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AND INITIALLY GAVE HIM UNTIL FEBRUARY 12, 2021 TO AMEND, AND LATER EXTENDED THAT DEADLINE TO APRIL 26, 2021.

On January 15, 2021, the district court screened Plaintiff's complaint under 28 U.S.C. § 1915A(a) and dismissed it with leave to amend. (ER-9.) The court held that Plaintiff's allegation that defendants denied his accommodation request did not, by itself, state an ADA claim. (ER-8-9.) The court advised Plaintiff to allege facts suggesting he was an individual with a qualified disability, and to name a proper defendant for a Title II ADA claim, which "would be the entity that runs the prison in which the alleged acts in violation of the ADA occurred." (ER-8-9.) The court also noted that "Plaintiff may not simply attach documents and rely upon the court to parse through them to discover sufficient allegations to support [Plaintiff's] claims for relief. Rather, it is Plaintiff who must pull from his supporting documentation the allegations necessary to state a cognizable

5

claim[.]"[3]  (ER-7.)  The court granted Plaintiff leave to amend to cure those defects and allege "specific facts showing a violation of his rights under the ADA and [Rehabilitation Act] RA."  (ER-8-9.)

The court gave Plaintiff 28 days (or until February 12, 2021) to amend, advising him that he "may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so."  (ER-9.) The court warned Plaintiff, in bold, that "**[f]ailure to file the amended complaint by the deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**"  (ER-10.)  The court also told Plaintiff that he "must comply with [its] orders in a timely fashion."  (ER-10.)

Although the court mailed the dismissal order and a blank civil-rights complaint to Plaintiff on January 15, 2021, the mailing was returned to the court on February 8 as "undeliverable."  (ER-112-113.)  Yet, Plaintiff must have received or known about the dismissal order because he timely appealed from it on February 9 (SER-12-13), delivering his notice of appeal to prison officials for mailing to challenge the "final judgment/dismissal

---

[3] Though the court made this statement when rejecting Plaintiff's § 1983 claim, Plaintiff's ADA claim similarly relies on the attached exhibits and the ADA allegations are even more threadbare than the § 1983 allegations.  (ER-16-17.)

6

entered in this action by this court" (SER-15). This Court dismissed the appeal for lack of jurisdiction because the order was not final or appealable. (ER-113.)

On March 29, 2021, the district court re-sent its dismissal order to Plaintiff to the same address as before, because that was the only address on file with the court. (*See* ER-113.) Besides again warning Plaintiff that failure to timely amend would result in the dismissal of the action for failure to prosecute, the court granted Plaintiff another 28 days (or until April 26, 2021) to correct the deficiencies noted in its order. (ER-113; SER-6.)

## III. HAVING RECEIVED NO AMENDED COMPLAINT BY JUNE 7, 2021, THE DISTRICT COURT DISMISSED PLAINTIFF'S LAWSUIT WITHOUT PREJUDICE UNDER RULE 41(b).

The district court did not receive an amended complaint from Plaintiff by April 26, nor was the re-sent order returned to the court as undeliverable. (*See* ER-113.) Indeed, the court also did not receive any timely communications from Plaintiff about whether he intended to amend. (*See* ER-113.) The court nevertheless waited another six weeks, until June 7, 2021, before dismissing the action without prejudice under Rule 41(b) after applying the factors from *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). (SER-6.) The court noted that other than the premature notice of appeal in February, Plaintiff did not amend or otherwise communicate with

7

the court about the amendment issue.  (SER-6.)  The court did not specify in its Rule 41(b) order whether the dismissal was for non-compliance with a court order or for failure to prosecute.  (SER-3-6.)  In any case, the court dismissed the action without prejudice on June 7 and advised Plaintiff that he could file a new civil-rights action "[i]f and when Plaintiff [wa]s prepared to pursue his claims."  (SER-6.)

## IV. ON JUNE 8, 2021, THE COURT ENTERED PLAINTIFF'S BELATED STATEMENT OF HIS INTENT NOT TO AMEND, WHICH WAS ATTACHED BEHIND A NOTICE OF APPEAL.

On June 1, 2021, Plaintiff delivered a notice of appeal with an attached "motion to court to finalize judgment for appeal" to prison officials for mailing.  (SER-11.)  In the latter, Plaintiff stated for the first time that he did "not intend to amend" and asked the court to finalize the judgment so he could appeal.  (SER-8.)  The district court clerk entered the notice of appeal onto the docket on June 8, *i.e.*, a day after the action's dismissal.  (ER-113.)  But there was no separate docket entry for the motion containing his statement of intent.  (*See* ER-113.)

Later that month, on June 18, Plaintiff delivered another notice of appeal to prison officials for mailing.  (ER-111.)

8

**STANDARD OF REVIEW**

This Court reviews a district court's Rule 41(b) dismissal for an abuse of discretion. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999). Appellate review is limited to the propriety of the terminating sanction, not to the merits of the underlying question (such as whether a complaint states a claim). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). This is because the "substance of the complaint is not relevant to" whether the plaintiff disobeyed court orders or failed to prosecute the action. *See Ferdik*, 963 F.2d at 1259-60.

A district court's screening dismissal is reviewed de novo. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). The screening statute incorporates the standard applied in reviewing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Thus, dismissal is appropriate when a complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

This Court may affirm on any basis supported by the record. *Hall v. North Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007).

## SUMMARY OF ARGUMENT

The district court advised Plaintiff of the pleading deficiencies and gave him nearly five months to amend his complaint. Instead of amending by the initial February 12 deadline or by the extended April 26 deadline, or otherwise informing the court about the matter, Plaintiff filed a premature notice of appeal and allowed those deadlines to expire with no action. In these circumstances, the district court did not abuse its discretion in dismissing Plaintiff's action without prejudice under Rule 41(b) for failure to prosecute. Plaintiff has waived any challenge to that order by failing to address it in his opening brief, and judgment may be affirmed on that basis. Notwithstanding waiver, because the court dismissed the action under Rule 41(b), this Court should only review that dismissal for an abuse of discretion and not the interlocutory ruling dismissing the ADA claim with leave to amend.

Even if the Court examines the interlocutory ruling, the district court properly dismissed Plaintiff's ADA claim with leave to amend. Plaintiff failed to comply with Rule 8, did not allege facts supporting the elements of an ADA claim, and did not sue the proper defendants.

## ARGUMENT

## I.  PLAINTIFF WAIVED ANY CHALLENGE TO THE DISTRICT COURT'S DISMISSAL OF HIS LAWSUIT UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b).

This Court should find that Plaintiff waived any challenge to the district court's Rule 41(b) dismissal order by not "specifically and distinctly" addressing the order in his opening brief.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).  For example, in *Lolli v. Cnty. of Orange*, 351 F.3d 410, 415 (9th Cir. 2003), this Court found that the opening brief's mere mention of the order denying reconsideration without articulating the standard of review or the reasons for reversible error was insufficient to preserve the challenge on appeal.

Plaintiff's opening brief does not come close to meeting that standard. Not only did Plaintiff fail to address the Rule 41(b) order, he did not include the order in his excerpts of record.[4]  (*See generally* AOB.)  Instead, he included only the court's order dismissing his ADA claim with leave to amend (*see generally* ER-3-10), but that interlocutory order did not lead to the judgment against him.  Rather, the court waited nearly five months

---

[4] Plaintiff lists ECF No. 14 (ER-2), which is the correct ECF number for the final June 7, 2021 dismissal order, but then he lists the date of the order as "01/15/21" and attaches the interim January 15, 2021 order (ECF No. 7)—not the June 7, 2021 dismissal order.

11

before dismissing the action under Rule 41(b) for failure to comply with the court's orders or otherwise prosecute the case. (SER-6.) Though that order disposed of the case, Plaintiff makes no mention of it. (AOB 10.) Moreover, Plaintiff's opening brief does not mention the applicable Rule 41(b) five-part balancing test for terminating sanctions or this Court's standard of review. (*See generally* AOB.)

*Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146 (9th Cir. 2016) is instructive. There, the district court dismissed Brown's § 1983 claims with leave to amend for failure to state a claim. *Id*. at 1148. Instead of amending, Brown moved for reconsideration. *Id.* The court denied that motion and again granted Brown leave to amend. *Id.* After Brown did not timely amend, the court extended the deadline and warned Brown that failure to timely file an amended complaint "may result in dismissal of his constitutional and federal statutory claims with prejudice." *Id.* When Brown failed to act, the court dismissed the claims with prejudice under Rule 41(b). *Id.*

On appeal, Brown did not address whether the court abused its discretion by dismissing the case pursuant to Rule 41(b), or even mention that dismissal order. *Id.* Though the *Brown* panel recognized it had discretion to consider arguments not raised in the opening brief, it declined

12

to do so. *Id.* Instead, the panel held that Brown had waived the issue

because his failure to mention the Rule 41(b) dismissal order "was either

grossly negligent or disingenuous." *Id.* As Brown had waived any

challenge to the Rule 41(b) dismissal, the interlocutory Rule 12(b)(6) order

was not reviewable, and the panel affirmed judgment based on waiver alone.

*Id.* at 1148-49.

As in *Brown*, this Court should find Plaintiff waived any challenge to

the Rule 41(b) dismissal order, affirm the dismissal, and refuse to review the

interlocutory Rule 12(b)(6) dismissal. *Id.*

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY DISMISSING PLAINTIFF'S LAWSUIT UNDER RULE 41(b).

Plaintiff's waiver of the issue aside, the district court did not abuse its

discretion by dismissing his lawsuit without prejudice under Rule 41(b).

Rule 41(b) allows a court to involuntarily dismiss an action for failure

to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). The power

to invoke this sanction is necessary to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of

district courts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

District judges are best situated to decide when a particular case interferes

with docket management and the public interest. *Ash v. Cvetkov*, 739 F.2d

493, 496 (9th Cir. 1984). A district court's authority to dismiss a litigant's claims under this rule is broad and well-established. *See* Fed. R. Civ. P. 41(b); *Link*, 370 U.S. at 629-30; *Sherman v. U.S.*, 801 F.2d 1133, 1135 (9th Cir. 1986) (discussing district court's "broad" authority under Rule 41(b)).

To begin, the district court properly dismissed the action under Rule 41(b) because Plaintiff failed to follow a court order or prosecute the action. Where, as here, "a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish*, 191 F.3d at 986; (ER-10 (providing leave to amend)). Further, even if Plaintiff's failure to amend is not construed as violating an "order," the district court properly invoked Rule 41(b) because plaintiff failed to prosecute this action by disregarding the court-ordered deadlines to amend or not communicating with the court for almost five months about his intent after being given leave to amend the complaint. *See Ash*, 739 F.2d at 496-97 (affirming dismissal for failure to prosecute where failure to respond to court order resulted in month-long delay and reflected plaintiff's loss of interest in the litigation).

Whether dismissing for failure to prosecute or follow a court order, the trial court must weigh five factors before terminating a case under Rule

14

41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260-61. A court, however, need not make explicit findings in order to show that it has considered these factors. *Id.* at 1261.

The district court explicitly considered those factors (SER-6) and, as discussed next, did not abuse its discretion by concluding they supported terminating the action without prejudice. But more generally, during the entire underlying action, the court not only was sensitive to Plaintiff's inexperience as a pro se litigant but also went out of its way to assist him. The court granted Plaintiff two opportunities to amend his complaint, each time warning him that a failure to timely amend would result in dismissal without prejudice. (ER-10; ER-113; SER-6 (explaining that re-mailing the screening order granted Plaintiff another 28 days to amend).) Additionally, the court provided guidance about how to cure the pleading deficiencies, including naming the proper entity defendant. (ER-8-9.) Plaintiff heeded none of the court's directions.

Under these circumstances, the district court did not abuse its discretion by responding to Plaintiff's inaction with a Rule 41(b) dismissal without prejudice.

## A. Both the Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Favor Dismissal.

The "public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal citation omitted). Plaintiff presumably knew about the January 15, 2021 order dismissing his ADA claim with leave to amend because he appealed that order only a couple weeks later. (ER-113.) Yet, instead of amending his complaint using the instructions and blank complaint provided to him by the court, he chose to prematurely appeal, which consumed the resources of this Court and the district court. (ER-113; SER-5.) Following dismissal of the appeal, the district court re-sent the January 15 order and extended the amendment deadline to April 26. (ER-113; SER-6.) Plaintiff again did nothing for months, allowing the April 26 deadline to elapse with no communications to the court about his position on amendment. (ER-113.) That Plaintiff belatedly informed the court for the first time of his intent to stand by his complaint in June was inexcusable (SER-8; SER-11

(showing date delivered for mailing)), because it is well-established, if not axiomatic, that court-set deadlines are not optional and must be respected.

It would be unreasonable to fault the district court for not liberally construing Plaintiff's February premature notice of appeal as an intent to stand by his complaint. That notice was entered on the docket days after the court's screening order was returned as undeliverable, and pro se litigants, like Plaintiff, often file premature appeals due to inexperience with appellate practice. Regardless, Plaintiff could have timely informed the court of his intent to stand by his complaint rather than inexcusably waiting nearly five months to do so. Plaintiff's willful inaction and disregard of court deadlines prevented the expeditious resolution of the litigation.

Plaintiff's inaction also interfered with the court's ability to manage its docket. As this Court has held, "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." *Ferdik*, 963 F.2d at 1261. The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Pagtalunan*, 291 F.3d at 642. Because Plaintiff's months of inaction prevented the court from moving this case forward, the court acted within its discretion to terminate the case so it could expend time and resources on

17

other cases. *See id.* (finding plaintiff's failure to pursue his case for almost four months supported dismissal).

### B. Both Prejudice to Defendants and Public Policy Favor Dismissal.

Absent a contrary showing, a plaintiff's unreasonable delay prejudices the defendant. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. Here, instead of promptly notifying the court of his intent to stand by his complaint, Plaintiff first allowed the February 12 and April 26 amendment deadlines to expire, then belatedly notified the court of his intent in early June. (SER-8.) By then, however, the court had dismissed the action under Rule 41(b). (SER-6.) Plaintiff could have notified the court any time before or shortly after the amendment deadlines of his intent, but he did not. Thus, Plaintiff's failure to prosecute was intentional and unreasonable, and the delay factor favors dismissal. *Pagtalunan*, 291 F.3d at 643 (finding "unreasonable" delay weighed in favor of dismissal).

Granted, public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. But Plaintiff's inaction impeded the case toward disposition on the merits. *In re PPA*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Plaintiff's fault in "halting movement toward a merits resolution" should "substantially neutralize[] the negative effect of this factor." *Id*. at 1237. Further, the court dismissed the action *without prejudice*. (SER-6.) So the district court did not prevent Plaintiff from resolving his complaints on the merits.

### C. The District Court Employed Less Drastic Sanctions by Dismissing the Action Without Prejudice.

Finally, the court considered and employed less drastic measures before dismissing the case without prejudice. First, the court gave Plaintiff two opportunities to comply with the order to amend. (SER-5-6.) Under *Ferdik*, those opportunities "constituted an attempt at a less drastic sanction to that of outright dismissal." 963 F.2d at 1262. The court also attempted less drastic sanctions by warning Plaintiff in January and March 2021 that his failure to obey the order would result in dismissal. (ER-10; SER-5-6); *Ferdik*, 963 F.2d at 1262 (recognizing that a warning can satisfy the "consideration of alternatives" requirement). And even in dismissing this action under Rule 41(b), the court could have—but did not—dismiss this action with prejudice. Rather, the court employed the less-drastic sanction of dismissal *without* prejudice. (SER-6.) Indeed, the court even explicitly informed Plaintiff that he could file a new civil-rights action, and provided

19

information regarding the statute of limitations and tolling provisions to him. (SER-6.)

For these reasons, the court's decision to terminate the action *without* prejudice under Rule 41(b) after months of inaction by Plaintiff was not "clearly outside the acceptable range of sanctions." *In re PPA*, 460 F.3d at 1226. The court reasonably thought Plaintiff was not ready to litigate the matter, and dismissed his lawsuit without prejudice so he could refile whenever he was ready to pursue his claims again. (SER-6.) Through the deferential lens of abuse-of-discretion review, this Court should affirm.

## III. PLAINTIFF'S COMPLAINT FAILED TO COMPLY WITH RULE 8.

Should this Court review the interlocutory ruling dismissing Plaintiff's ADA claim with leave to amend, it would find that Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a pleading to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." While this Rule does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, rather than alleging specific acts linked to specific defendants, Plaintiff's ADA claim alleges defendants "are [ ] named [ ] for their

20

respective roles played within the denial of plaintiff's (ADA) request." (ER-16.) Besides that lone allegation, Plaintiff's complaint is devoid of any factual allegations linking the defendants to allegedly wrongful conduct. Instead, the complaint almost entirely relies on over 80 pages of attached exhibits. (ER-26-107.) Indeed, Plaintiff's opening brief all but admits that the complaint's allegations are insufficient by citing to the exhibits rather than the complaint itself.[5]

Though a court may consider exhibits attached to a complaint, a litigant cannot satisfy Rule 8 by merely attaching exhibits to the complaint and hoping the court finds sufficient allegations therein to state a claim. That is because failure to comply with Rule 8 is "a great drain on the court system and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (holding that repeated failure to comply with Rule 8 counts as a strike under the PLRA) (quoting *United States ex rel. Garst v. Lockheed–Martin*, 328 F.3d 374, 378 (7th Cir. 2003)); *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) ("The district court and defendants should not have to fish a gold

---

[5] The opening brief only cites pages within Plaintiff's complaint *twice*, and one of those is merely to support the claim that Plaintiff asserted an Eighth Amendment claim. (*See* AOB at 10, 23.)

coin from a bucket of mud to identify the allegations really at issue.")
(internal quotation marks omitted); *see also Gordon v. Virtumundo, Inc.*, 575
F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges are not like pigs, hunting for
truffles buried in briefs").[6]  This is another basis for affirmance.

## IV.  THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFF'S ADA CLAIM WITH LEAVE TO AMEND.

Even assuming the district court had to parse through 80-pages of
exhibits, the court correctly concluded Plaintiff's allegations did not state an
ADA claim.

---

[6] *See also, e.g., Young v. Cal. Corr. Health Care Servs.*, No. EDCV
14-2598-RGK, 2015 WL 13916123, at *3 (C.D. Cal. Apr. 9, 2015) ("It is
not the Court's responsibility to sift through [exhibits]…in an attempt to
glean whether plaintiff has an adequate basis upon which to state any claim
for relief."); *Miesegaes v. Allenby*, No. CV 15-1574 CJC (JC), 2015 WL
13763858, at *5 (C.D. Cal. May 6, 2015) (same); *Muhammad v. Ponce*, No.
CV 17-3037 DOC(JC), 2017 WL 11707426, at *6 (C.D. Cal. July 26, 2017)
(same); *North v. Mirra*, No. C13-6090 BHS, 2014 WL 345303, at *2 (W.D.
Wash. Jan. 30, 2014) ("[I]t is not the responsibility of the Court to scour
through a set of voluminous documents attached to their complaint and
articulate a case for them."); *Mowrey v. Rumsfeld*, No. 1:07CV0155
AWIDLB, 2007 WL 567276, at *2 (E.D. Cal. Feb. 21, 2007) ("While
attachments and exhibits can aid the Court in analyzing a complaint, they
cannot substitute for a properly pled complaint or provide the only
explanation of the alleged claims."); *Humphreys v. Haynes*, No.
321CV05637RJBTLF, 2022 WL 598145, at *3 (W.D. Wash. Jan. 24, 2022)
(same), report and recommendation adopted, No. 3:21-CV-5637-RJB-TLF,
2022 WL 594531 (W.D. Wash. Feb. 28, 2022).

Title II of the ADA prohibits discrimination by public entities on the basis of disability. 42 U.S.C. § 12132; *Pennsylvania Dept. of Corrections v. Yesky*, 524 U.S. 206 (1998) (holding that state correctional systems are subject to Title II of the ADA). To adequately plead an ADA violation, the plaintiff must allege that he: (1) is a qualified individual with a disability; (2) was discriminated against or excluded from participation in the prison's services, programs, or activities; (3) "by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. *United States v. Georgia*, 546 U.S. 151, 153 (2006).

The district court screened Plaintiff's ADA claim with leave to amend because (1) he did not identify a proper defendant for a claim under the ADA; and (2) he did not allege facts suggesting he was a qualified individual with a disability. (ER-8-9.) Even assuming Plaintiff had properly alleged those elements, dismissal was still proper because he did not allege that discrimination occurred "by reason of" his disability.[7] (ER-12-24.) Thus, the court appropriately dismissed with leave to amend.

---

[7] Even though the district court did not dismiss the complaint based on the latter ground, this Court may affirm the judgment on any basis supported by the record. *Newton v. Diamond*, 388 F.3d 1189, 1192 (9th Cir. 2004).

23

### A.    Plaintiff Did Not Name a Proper Defendant.

Plaintiff named all individual defendants "for the respective roles played with[i]n the denial of plaintiff's (ADA) request."  (ER-16.)  While Plaintiff did not specify whether he was suing the individuals in their individual or official capacities, his allegations indicate that he was suing them in their individual capacity based on their "respective roles."  (ER-16.)  In its screening order, the court informed Plaintiff that the "proper defendant" was the "public entity responsible for the alleged discrimination," and allowed Plaintiff to amend.  (ER-8.)

On appeal, Plaintiff argues the court should have allowed the case to proceed against the individuals in their official capacity.  (AOB 25-26.)  Citing *Eaglesmith v. Ward*, 73 F.3d 857 (9th Cir. 1996), Plaintiff argues that the court should have considered the "essential nature" of the proceeding in determining whether the suit was against defendants in their individual or official capacities.  (AOB 24.)  But in *Eaglesmith*, the court did not rely on the "essential nature" of the proceeding because a stipulation between the parties and correspondence between counsel "clearly indicate[d] that" plaintiff brought the suit against the defendant in his official capacity.  *Eaglesmith*, 73 F.3d at 859.  Similarly, here, Plaintiff's own allegations

24

clearly indicate he intended to sue the named defendants in their individual

capacity for their respective actions. (ER-16.)

Nevertheless, cognizant of Plaintiff's pro se status, the court identified

the proper defendant, and allowed him leave to amend his complaint. (ER-

8.) All Plaintiff had to do was follow the court's instructions, but he chose

not to do so. As it has in the past, this Court should affirm dismissal of this

ADA suit because Plaintiff only named individual employees and not the

entity itself. *See Griffin v. Burvant*, 35 F. App'x 655 (9th Cir. 2002)

(affirming summary judgment against pro se prisoner because the proper

defendant in an ADA action is a "public entity").

### B. Plaintiff Did Not Plead Facts Suggesting the Alleged Discrimination Was "by Reason of" His Alleged Disability.

Even if this Court finds Plaintiff sued the proper defendants, and

adequately pled the other ADA elements, Plaintiff failed to plead facts that

the alleged discrimination was by reason of his alleged disability. The ADA

prohibits discrimination based on or because of a disability; it does not

prohibit "inadequate treatment" of a disability. *Simmons v. Navajo Cty.*, 609

F.3d 1011, 1022 (9th Cir. 2010) ("'The ADA does not create a remedy for

medical malpractice.'" (internal quotation marks omitted)) *overruled on*

*other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Here, Plaintiff merely challenges the adequacy of his care, a claim not cognizable under the ADA. *O'Guinn v. Nevada Dep't of Corr.*, 468 F. App'x 651, 653 (9th Cir. 2012). The prison's Reasonable Accommodation Panel denied Plaintiff's request for a lower bunk or handrail or ladder access to the top bunk because he did not meet the criteria for a lower bunk. (ER-34.) The Panel also denied Plaintiff's request for a back brace because he "would not benefit from a back brace," which was corroborated by his "normal" back x-rays, and his primary care physician not renewing his lower bunk chrono. (ER-34.) Plaintiff's complaint challenging those denials includes no factual allegations even suggesting that they were by reason of his alleged disability, as opposed to mere disagreements about the existence of Plaintiff's disability. (*See generally* ER-12-24.) As this Court has previously explained, a plaintiff "cannot have been the victim of disability discrimination with respect to a condition medical professionals in the Department decided and believed he did not have." *Brown v. Washington*, 752 F. App'x 402, 405 (9th Cir. 2018). This is because "the key elements of an ADA or RA claim cannot be reconciled with medical treatment decisions for the underlying disability." *O'Guinn*, 468 F. App'x at 653.

26

This Court has repeatedly rejected ADA challenges to medical determinations like the Panel's denial here.  For example, in *Watson v. Sisto*, the plaintiff alleged that the denial of a chrono that would excuse him from sitting, standing, or walking for more than thirty minutes violated the ADA.  No. 2:07-cv-01871-LKK, 2011 WL 533716, at *16-17 (E.D. Cal. Feb. 14, 2011).  The district court, however, found the plaintiff's challenges to the "medical assessments underlying [the] chronos" did not allege discrimination "based on disability."  *Id.* at 17.  This Court affirmed "because the claims were based on inadequate medical treatment."  *Watson v. Swarthout*, 536 F. App'x 747, 748 (9th Cir. 2013).

Likewise, in *Rodriguez v. Wu*, the district court dismissed an ADA claim premised on a physician's denial of the plaintiff's request for accommodations for his flat feet, because it amounted "to nothing more than a challenge to the allegedly inadequate medical care he received."  No. WD CV 11-1339-CJC, 2012 WL 3423648, at *5 (C.D. Cal. June 28, 2012).  Again, this Court affirmed, finding no ADA claim existed "because the

claims were based on inadequate treatment." *Rodriguez v. Wu*, 564 F.

App'x 315, 316 (9th Cir. 2014).[8]

Thus, even if this Court reaches the merits of Plaintiff's ADA claim,

Plaintiff has not adequately pleaded an ADA claim, and the district court

correctly dismissed it with leave to amend.

## CONCLUSION

This Court should affirm the judgment on waiver grounds because

Plaintiff failed to mention, let alone challenge, the Rule 41(b) dismissal

order in his opening brief.  Nevertheless, the district court properly exercised

its discretion in dismissing the action without prejudice after Plaintiff missed

two amendment deadlines and failed to comply with a court order and

prosecute his case.

---

[8] *See also Fausia v. Cates*, No. CV 09-2320-R, 2012 WL 781817, at
*7 (C.D. Cal. Jan. 13, 2012) (alleged failure to classify finger injury as a
disability and provide a typewriter), *aff'd at* 520 F. App'x 541 (9th Cir.
2013); *Brown v. Washington*, No. 14-5524 RJB-JRC, 2015 WL 7738393, at
*1 (W.D. Wash. Nov. 30, 2015) (alleged denial of alternative work program
for chronic fatigue syndrome), *aff'd at* 752 F. App'x 402 (9th Cir. 2018);
*Daniels v. Sherman*, No. 13-cv-00202-AWI-SAB, 2017 WL 3315203, at *12
(E.D. Cal. Aug. 3, 2017) (alleged failure to prescribe magnifying glass),
*aff'd at* 749 F. App'x 600 (9th Cir. 2019); and *Howze v. CDCR*, No. CV-
1404067-SVW-RAO, 2018 WL 3702486, at *4 (C.D. Cal., May 14, 2018)
(alleged medical denials of single-cell housing, catheter during transports,
and priority restroom access), *aff'd at* 765 F. App'x 399 (9th Cir. 2019).

28

Even if this Court reaches the merits of Plaintiff's ADA claim, it should find that Plaintiff failed to satisfy Rule 8, name a proper defendant, and allege facts supporting an ADA claim.

Dated:  October 5, 2023          Respectfully submitted,


ROB BONTA
Attorney General of California
MARISA KIRSCHENBAUER
Acting Senior Assistant Attorney General
NEAH HUYNH
Supervising Deputy Attorney General

***s/ Sarah M. Brattin***

SARAH M. BRATTIN
Acting Supervising Deputy Attorney General
*Attorneys for Defendant-Appellee C. Koenig*

21-16092

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**JAMES WILLIAMS,**

                    Plaintiff-Appellant,

   **v.**

**C. KOENIG, et al.,**

                Defendant-Appellee.

---

### STATEMENT OF RELATED CASES

To the best of our knowledge, there are no related cases.

Dated: October 5, 2023              Respectfully submitted,

                                ROB BONTA
                                Attorney General of California
                                MARISA KIRSCHENBAUER
                                Acting Senior Assistant Attorney General
                                NEAH HUYNH
                                Supervising Deputy Attorney General

                                ***s/ Sarah M. Brattin***

                                SARAH M. BRATTIN
                                Acting Supervising Deputy Attorney General
                                *Attorneys for Defendant-Appellee C. Koenig*

30

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 21-16092

I am the attorney or self-represented party.

**This brief contains** 6,047 **words,** including words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Sarah M. Brattin **Date** 10/05/2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*

# CERTIFICATE OF SERVICE

Case Name:   **J. Williams v. C. Koenig, et al.**       No.   **21-16092**

I hereby certify that on October 5, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT-APPELLEE'S ANSWERING BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 5, 2023, at Sacramento, California.

| Y. Pacheco | */s/ Y. Pacheco* |
|:---:|:---:|
| Declarant | Signature |

SF2023400671
37568343.docx