21-16092

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**JAMES WILLIAMS,**

                  Plaintiff-Appellant,

    v.

**C. KOENIG, et al.,**

                  Defendant-Appellee.

On Appeal from the United States District Court
for the Northern District of California

No. 4:20-cv-04348-YGR
The Honorable Yvonne Gonzalez Rogers, District Judge

**DEFENDANT-APPELLEE'S SUPPLEMENTAL
EXCERPTS OF RECORD VOLUME 1 OF 1**

                                                        Rob Bonta
                                                        Attorney General of California
                                                        Marisa Kirschenbauer
                                                         Acting Senior Assistant Attorney General
                                                        Neah Huynh
                                                        Supervising Deputy Attorney General
                                                        Sarah M. Brattin
                                                         Acting Supervising Deputy Attorney
                                                         General
                                                         State Bar No. 302043
                                                          1300 I Street, Suite 125
                                                          P.O. Box 944255
                                                          Sacramento, CA 94244-2550
                                                          Telephone: (916) 210-7321
                                                          Fax: (916) 324-5205
                                                          Email: Sarah.Brattin@doj.ca.gov
                                            *Attorneys for Defendant-Appellee C. Koenig*

# SUPPLEMENTAL EXCERPTS OF RECORD
# VOLUME 1 OF 1 INDEX

| Date | Dkt. No. | Description | SER Pages |
|---|---|---|---|
| 06/07/2021 | 14 | Order of Dismissal Without Prejudice | 003–006 |
| 06/04/2021 | 16 | Plaintiff's Premature Notice of Appeal and Motion for Court to Enter Final Judgment | 007–011 |
| 02/12/2021 | 10 | Plaintiff's Premature Notice of Appeal | 012–015 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DAVID WILLIAMS,

    Plaintiff,

v.

CRAIG KOENIG, et al.,

    Defendants.

Case No. 20-cv-04348-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility ("CTF"), filed the present *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations. He has been granted leave to proceed *in forma pauperis*. Dkt. 6.

    In his complaint, Plaintiff named the following Defendants at CTF: Warden Craig Koenig; Chief Medical Executive Steve Posson; Primary Care Provider Dr. Racheal Anderson and Dr. Nguyen; Associate Deputy Warden K. Hoffman; Associate Warden T. Lemon; Dr. M. Sweet; "HCCA" R. Catrina; "HCAU" C. Freeman, Lt. J. Borroso; Chief of Health Care Appeals S. Gates; and Appeal Examiner K. J. Allen.[1] Dkt. 1 at 2. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

    In an Order dated January 15, 2021, the Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). Dkt. 7. The Court gave the following summary of Plaintiff's claims:

> Plaintiff claims that he "suffers significant and recurrent pain from his back condition," which "is causing the spasms/pinching [he] has been reporting for over two years . . . ." Dkt. 1 at 9-10. He alleges the following claims: (1) an "ADA5" violation stemming for Defendants' denial of his "CDCR [Form] 1824 Reasonable Accommodation Request under the Americans with Disability Act," which led to the denial of a "'back-brace' for supportive measure" and the denial of his request for a "ladder-handrail-grab-bar" in order to "come up or down from a[n] upper bunk"; (2) a claim of deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, stemming from Defendants' "repeated[]" denial of Plaintiff's request for an MRI,6 and their "remov[al] [of]

---

[1] Plaintiff did not indicate what either "HCCA" or "HCAU" stand for. *See* Dkt. 1 at 2.

> treatments" such as "Low Bunk Only (LBO) accommodation"; and (3) Defendant Koenig's "fail[ure] to provide a safe way to access . . . upper bunk [due to] no ladder [or] handrail" leading to a "violat[ion] [of] the Eighth Amendment when they act[ed] with deliberate indifference to a prison condition (bed access) that exposes [P]laintiff to an unreasonable risk of harm . . . ." Dkt. 1 at 3-11.

*Id.* at 3.

First, the Court found that Plaintiff's claims could not proceed as pleaded because he has not directly linked all of the named CTF Defendants to his allegations. *Id.* at 4. Specifically, the Court noted that Plaintiff's claims were "brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims." *Id.* The Court added that "some of the named CTF defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper." *Id.* (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Under no circumstances is there respondeat superior liability under section 1983.).

The Court also found that Plaintiff failed to support his claim of deliberate indifference based on his "conclusory" claims that Defendants were "'intentionally interfering with the diagnosis and treatments once prescribed,'" and "have failed to respond appropriately to [his] serious medical needs." *Id.* at 4-5. The Court further elaborated and gave the following instructions Plaintiff:

> While Plaintiff claims that his repeated requests for an MRI or for an LBO accommodation were denied, he fails to link each named Defendant to any specific acts of deliberate indifference, including the aforementioned denial of his requests. He must allege facts in his amended complaint showing both a serious medical need and deliberate indifference thereto by each named Defendant.

*Id.* at 5. The Court noted that Plaintiff attached copies of his administrative "appeals/grievances" to his complaint form, but found this was "not sufficient" and added as follows:

> Plaintiff may not simply attach documents and rely upon the court to parse through them to discover sufficient allegations to support his claims for relief. Rather, it is Plaintiff who must pull from his supporting documentation the allegations necessary to state a cognizable claim for relief under Section 1983, and he must include those allegations in his complaint. Plaintiff will be given leave to do so in an amended complaint.

*Id.*

2

**SER 004**

Finally, as to Plaintiff's Eighth Amendment claim based on Defendant Koenig's alleged "fail[ure] to provide a safe way to access . . . upper bunk," the Court dismissed this claim with leave to amend to provide more information. *Id.* (quoting Dkt. 1 at 5). The Court noted that the only defendant Plaintiff holds liable for this claim was the warden, but Plaintiff has not demonstrated the warden's personal involvement in the constitutional deprivation. The Court directed as follows:

> Plaintiff must show that the warden was deliberately indifferent to his safety. In an amended complaint, Plaintiff may wish to add defendants who denied any requests for a "ladder-handrail-grab bar." *See* Dkt. 1 at 11. In addition, Plaintiff must demonstrate that the additional defendants' failure to provide a "ladder-handrail-grab bar" violated the Eighth Amendment. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Specifically, Plaintiff should indicate if he requested a "ladder-handrail-grab bar" or provide more allegations how the denial such a request was sufficiently serious, and that these additional named defendants had a culpable state of mind. *See id.*

*Id.* Therefore, the Court dismissed the complaint with leave to amend to cure these pleading deficiencies. The Court granted Plaintiff twenty-eight days to file an amended complaint to cure the pleading deficiencies, or to suffer dismissal of the action.

On February 8, 2021, copies of the Court's January 15, 2021 Order and its Order granting *in forma pauperis* status (Dkts. 6, 7) sent by mail to the Plaintiff by the Court was returned as undeliverable to the Clerk of the Court with the following notation: "RETURN TO SENDER. UNDELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." Dkt. 9.

On February 12, 2021, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. Dkt. 10.

On March 10, 2021, the Ninth Circuit dismissed the appeal for lack of jurisdiction. Dkt. 12. Thereafter, the Ninth Circuit issued its mandate. Dkt. 13.

On March 29, 2021, the Clerk re-sent copies of the Court's January 15, 2021 Order and its Order granting *in forma pauperis* status (Dkt. 6, 7) to Plaintiff using his updated address on file. This mailing has not been returned undeliverable. In essence, re-sending the January 15, 2021

3

**SER 005**

Order granted Plaintiff another twenty-eight days to file an amended complaint to correct the deficiencies outlined in that Order. Again, Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute. Dkt. 7 at 8. The deadline to file his amended complaint was April 26, 2021.

The time for Plaintiff to file his amended complaint has passed, and no amended complaint has been filed. In addition, Plaintiff has not filed any further communications with the Court since his February 12, 2021 Notice of Appeal. Taking into account the salient factors set forth *in Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[2] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).

Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED WITHOUT PREJUDICE.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 7, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

---

[2] If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

4

James Williams #P49807
P.O. Box 689
Soledad, C.A. 93960
Plaintiff, Pro Se

United States District Court
Northern District of California

James David Williams,
 Plaintiff,
vs.                                    Case No. 20-CV-04348-YGR
Craig Koenig, et al.,
 Defendants                            Notice of Appeal

**FILED**
JUN 04 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Notice is hereby given that James David Williams, plaintiff in the above-named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the final order/judgment of this court entered in this action.

Respectfully Submitted,

Dated: 5/28/2021

James Williams
James David Williams
Plaintiff, Pro Se

**SER 007**

James Williams #P49807
P.O. Box 689
Soledad, C.A. 93960
Plaintiff, Pro Se

United States District Court
Northern District of California

Case No. 20-CV-04348-YGR

James David Williams,
           Plaintiff,
    vs.
Craig Koenig, et al.,
           Defendants

Motion to Court to Finalize Judgment for Appeal

**FILED**
JUN 04 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Plaintiff motions this court to finalize the Judgment for Case No. 20-CV-04348-YGR so that plaintiff may appeal.

Plaintiff does not intend to amend.

Respectfully Submitted,

Dated: 5/28/2021

James Williams
James David Williams
Plaintiff, Pro Se

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, James David Williams, declare:

I am over 18 years of age and a party to this action. I am a resident of (CTF) - Correctional Training Facility Prison, in the county of Monterey, State of California. My prison address is: P.O. Box 689 Soledad, C.A. 93960

On 5/28/2021 (DATE),

I served the attached: Notice/Motion For Appeal ; Motion for Court to Enter Final Judgment (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

United State District Court
Northern District of California
Office of the Clerk
450 Golden Gate Ave.
San Francisco, C.A. 94102

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 5/28/2021
(DATE)

James Williams
(DECLARANT'S SIGNATURE)

Civ-69 (Rev 9 97)

: ODMA PCDOCS WORDPERFECT 22832 1

-9-

**SER 009**





**SER 011**

James Williams #P49807
P.O. Box 689
Soledad, C.A. 93960

In the United States District Court
Northern District of California

**FILED**
FEB 12 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

Case No. 20-CV-04348-YGR

James David Williams,
  Plaintiff,
v.
Craig Koenig, et al.,
  defendants

Notice of Appeal

Notice is hereby given that James David Williams, plaintiff in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the final judgment/dismissal entered in this action by this court.

February 8, 2021

James David Williams
James David Williams
P.O. Box 689
Soledad, C.A. 93960

**SER 012**

PROOF OF SERVICE BY MAIL
BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1023(A), 2015,5)

I, James David Williams, declare:
I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterey, State of California. My prison address is:

James Williams, CDCR#: P49807

CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: FW-245L
Soledad, CA 93960-0689

On 2-9-2021, I served the attached:

Notice of Appeal #20-CV-04348-YGR

on the parties herein by placing a true and correct copy thereof, enclosed in a sealed envelope with first class postage fully prepaid in the United States Mail at the hands of prison staff utilizing the system designated for legal mail at the Correctional Training Facility, Soledad, California, as per the Mailbox Rule (Rules 3(d) of the Federal Rules Governing § 2254), addressed as follows:

United States District Court
Northern District of California
office of the Clerk
1301 Clay St., Suite #400S
Oakland, C.A. 94612

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on 2-9-2021

James Williams

James Williams
Declarant/Petitioner





# CERTIFICATE OF SERVICE

Case Name:  **J. Williams v. C. Koenig, et al.**   No.  **21-16092**

I hereby certify that on October 5, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT-APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD VOLUME 1 OF 1**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 5, 2023, at Sacramento, California.

|  |  |
|---|---|
| Y. Pacheco | */s/ Y. Pacheco* |
| Declarant | Signature |

SF2023400671
37568351.docx